# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| UNITED STATES | ) | |
|---|---|---|
| | ) | Case No. 3:22-cr-00327-2 |
| v. | ) | Judge Trauger |
| | ) | Magistrate Judge Holmes |
| HEATHER IDONI | ) | |

# O R D E R

Pending before the Court is the United States' motion to adopt conditions of release for defendant Heather Idoni (Docket No. 113) that were previously imposed by the United States District Court for the Eastern District of Michigan (Docket No. 32-5), where the defendant made an initial appearance. The United States' motion (Docket No. 113) is GRANTED as provided below. Further, the Court finds and concludes that, pursuant to 18 U.S.C. § 3142(c)(3), the conditions of release previously imposed by the Eastern District of Michigan are appropriately modified to conform to the conditions of release this Court would impose.[1] The conditions of release previously imposed by the Eastern District of Michigan are modified as follows:

---

[1] To be clear, the Court considers the conditions of release imposed by the Eastern District of Michigan to be fully binding upon the defendant and enforceable without further action by this Court. Nevertheless, because the Court finds it appropriate to modify the conditions to conform to conditions of release that the Court would ordinarily impose, the Court will, to whatever extent necessary, adopt or reiterate the Eastern District of Michigan release conditions. *See e.g. United States v. Emakoji*, 990 F.3d 885, 892 (5th Cir. 2021) (recognizing that court in district of prosecution can modify conditions of pretrial release set by court in district of arrest); *United States v. Dominguez*, 783 F.2d 702, 705 (7th Cir. 1986) ("the most informed decisions [about conditions of release] will almost always be made in the charging district"); *United States v. Durham*, No. 1:11-cr-042-JMS-KPF, 2011 WL 1330850, at *2 (S.D. Ind. Apr. 7, 2011) (magistrate judge in charging district has authority under § 3142(c)(3) to modify conditions of release set by court in arresting district); *United States v. Altamirano-Nunez*, Cr. No. 07-100S, 2007 WL 2783161, at *2 (D. R.I. Sept. 21, 2007) (magistrate judge in prosecuting district has "discretion to alter and even revoke the conditions imposed by the magistrate [judge] in the arresting jurisdiction").

1. The following conditions of release are added:

    a) The defendant must maintain or actively seek employment.

    b) The defendant must not use or unlawfully possess a narcotic drug other controlled substance as defined in 21 U.S.C. § 802 unless prescribed by a licensed medical practitioner. The defendant must provide documentation of any prescribed medication to the supervising officer and any new medications prescribed by a licensed medical practitioner through supervision. The defendant must refrain from the use of marijuana, which is prohibited by federal law.

    c) The defendant must report within 48 hours to the Pretrial Services office or supervising officer every contact with law enforcement personnel, including arrests, questions, or traffic stops.

    d) The defendant must permit Pretrial Services to visit at home or elsewhere without advance notification within the discretion of Pretrial Services and must permit confiscation of any contraband observed in plain view of the Pretrial Services officer(s).

2. All other conditions of release previously imposed by the Eastern District of Michigan on October 6, 2022 (Docket No. 32-5) and not modified herein remain unchanged and in full force and effect.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge