IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 3:22-cr-00327 |
| v. | ) | |
| | ) | |
| | ) | |
| [1] CHESTER GALLAGHER | ) | |
| [2] HEATHER IDONI | ) | |
| [3] CALVIN ZASTROW | ) | |
| [4] COLEMAN BOYD | ) | |
| [6] PAUL VAUGHN | ) | |
| [7] DENNIS GREEN | ) | |
| [8] EVA EDL | ) | |
| [9] EVA ZASTROW | ) | |
| [10] JAMES ZASTROW and | ) | |
| [11] PAUL PLACE | ) | |

## MOTION TO SEVER

The United States of America, by and through its counsel of record, respectfully moves this Court to sever defendants [8] Eva Edl, [9] Eva Zastrow, [10] James Zastrow, and [11] Paul Place from the remaining defendants for purposes of trial.

Defendants [1] Gallagher, [2] Idoni, [3] Calvin Zastrow, [4] Boyd, [6] Vaughn, and [7] Green are charged with a felony violation of 18 U.S.C. § 241, and a misdemeanor violation of § 248(a)(1). Defendants [8] Eva Edl, [9] Eva Zastrow, [10] James Zastrow, and [11] Paul Place are solely charged with a misdemeanor violation of § 248(a)(1). The United States understands that all ten of the remaining defendants charged in the Indictment intend to proceed to trial. The Court recently identified logistical issues associated with trying these ten defendants at one time, and the United States acknowledges that those issues may be addressed in this instance by severing defendants in order to conduct two trials.

The defendants may be readily divided into two groups, one that faces both a felony and a misdemeanor count and another that faces only a misdemeanor count. Because the alleged misdemeanor conduct in this case constituted nonviolent physical obstruction, the misdemeanor counts charged in Count Two of the indictment carry a maximum penalty of six months of incarceration and a maximum fine of $10,000. 18 U.S.C. § 248(b)(2).[1] Offenses punishable by up to six months of incarceration as classified as Class B misdemeanors. 18 U.S.C. § 3559. Class B misdemeanors are petty offenses. 18 U.S.C. § 19. The rules governing trials on petty offenses are found at 18 U.S.C. § 3401, Fed. R. Crim. P. 58, and L. Cr. R. 58.01. Under those provisions, petty offenses are normally handled via bench trial before a U.S. Magistrate Judge. *See id.* Although the fine provided for by § 248 is greater than the fine associated with petty offenses, courts have repeatedly held that defendants charged with nonviolent physical obstruction under § 248 are not entitled to a trial by jury. *See*, *e.g.*, *United States v. Dugan*, 667 F. 3d 84, 87 (2d Cir. 2011) (citing *Lewis v. United States*, 518 U.S. 322, 326 (1996) for the proposition that "the deprivation of liberty imposed by imprisonment makes that penalty the best indicator of whether the legislature considered an offense to be 'petty' or 'serious,'" and joining the Eleventh and Seventh Circuits in finding that nonviolent physical obstruction in violation of § 248 is a petty offense despite the enhanced fine).

The United States recognizes that severance is generally disfavored because "joint trials have long played a vital role in the criminal justice system, preserving government resources and allowing victims to avoid repeatedly reliving trauma." *Samia v. United States*, 599 U.S. 635, 654 (2023) (quotations omitted). But here, where four of the defendants are not entitled to a jury trial,

---

[1] Section 248(b)(2) contains both the felony provision applying to second and subsequent violations of § 248(a)(1) and the petty misdemeanor provision applying to nonviolent physical obstruction.

severing out those defendants will streamline the disposition of these case, conserve judicial resources, and avoid any prejudice to the United States. Therefore, pursuant to Federal Rule of Criminal Procedure 14(a), the United States moves to sever defendants [8] Eva Edl, [9] Eva Zastrow, [10] James Zastrow, and [11] Paul Place from the remaining defendants for purposes of trial.

Respectfully submitted,

HENRY C. LEVENTIS
United States Attorney for the
Middle District of Tennessee

*s/ Amanda J. Klopf*
AMANDA J. KLOPF
Assistant United States Attorney
791 Church St, Suite 3300
Nashville, Tennessee 37203
Phone: 615-736-5151

KRISTEN M. CLARKE
Assistant Attorney General
Civil Rights Division

*s/ Kyle Boynton*
KYLE BOYNTON
Trial Attorney
950 Pennsylvania Ave. NW
Washington, DC 20530
Phone: 202-598-0449
Kyle.Boynton@usdoj.gov

# CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Motion To Sever was electronically filed with the Clerk on October 23, 2023, and service was made upon all persons registered in that case via CM/ECF and/or by email.

*s/Amanda Klopf*
AMANDA KLOPF
Assistant United States Attorney