UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LAUREN HANDY, *et al.*,<br><br>Defendants. | Criminal Action No. 22-096 (CKK) |

**ORDER**
(August 2, 2023)

Before the Court is the Government's [248] Omnibus Motion in Limine ("Motion" or "Mot."). The Government requests that the Court make a number of evidentiary rulings in advance of trial: (1) that Defendants may not argue jury nullification; (2) that Defendants may not argue selective or vindictive prosecution to the jury; (3) that Defendants may not argue that their conduct is protected by the First Amendment; (4) that the Defendants' statements are admissible non-hearsay as statements of party opponents and co-conspirator statements; (5) that Defendants' statements when offered in their own case(s)-in-chief are hearsay; (6) that Defendants may not introduce "good acts" evidence pursuant to Federal Rule of Evidence 404(a); and (7) that Defendants may not cross-examine alleged victim Patient A as to which reproductive service she could not immediately access as a result of the alleged criminal conduct. Proceeding *seriatim*, the Court agrees with each of the Government's requests and **GRANTS** the Government's [248] Omnibus Motion in Limine.

First, appellate precedent is eminently clear that jury nullification is "lawless, a denial of due process[,] and constitute[s] an exercise of erroneously seized power." *United States v. Washington*, 705 F.2d 489, 495 (D.C. Cir. 1985). Any argument of selective or vindictive prosecution is exclusively for the Court, not for the jury, in part due to the risk of jury

1

nullification. *See United States v. Washington*, 705 F.2d 489, 495 (D.C. Cir. 1985) (selective prosecution); *United States v. Safavian*, Crim. A. No. 05-370 (PLF), 2008 WL 525534, at *1 (D.D.C. Dec. 12, 2008) (vindictive prosecution). Similarly, argument regarding the consequences of conviction is categorically impermissible. *See United States v. Patrick*, 494 F.2d 1150, 1153-55 (D.C. Cir. 1974). As the Supreme Court has explained, "[a] jury has no sentencing function, [and] it should be admonished to reach its verdict without regard to what sentence might be imposed." *Shannon v. United States*, 512 U.S. 573, 579 (1994) (internal quotation marks omitted). Nor is any legal argument that this prosecution violates the First Amendment permissible, not just because such an argument is foreclosed by appellate precedent, *Terry v. Reno*, 101 F.3d 1412, 1419-20 (D.C. Cir. 1996), but also because the jury must be instructed follow the Court's legal instructions, *Sparf v. United States*, 156 U.S. 51, 102 (1895). Therefore, this first set of evidentiary requests is **GRANTED**.

Second, although the Government's hearsay arguments are somewhat premature where the Court has yet to review the statements in question, a limited preliminary ruling is appropriate. The Government is correct that Defendants' statements are not hearsay when offered against them. Fed. R. Evid. 801(d)(2)(A); *see United States v. Bailey*, Crim. A. No. 19-156 (CKK), 2022 WL 4379059, at *5 (D.D.C. Sept. 22, 2022). Moreover, one Defendant's statement is not hearsay when offered against the other and the statement was made in furtherance of the charged conspiracy. Fed. R. Evid. 801(d)(2)(E); *see Bailey*, 2022 WL 4379059, at *2. On the other hand, a Defendant's statement when offered in support of their case-in-chief *is* hearsay when offered for the truth of the matter asserted. *See United States v. Sutton*, --- F. Supp. 3d ---, 2022 WL 13940371, at *9 (D.D.C. Oct. 23, 2022) (PLF). Such a statement is inadmissible hearsay unless an exception applies or it is offered for a purpose other than its truth. *See United States v.*

*Griffith*, Crim. A. No. 21-244-2 (CKK), 2023 WL 2043223, at *5 (D.D.C. Feb. 16, 2023). Without reviewing any particular statement, however, the Court cannot hold any one statement admissible or inadmissible. Nevertheless, to the extent that the Government seeks the Court's recognition of these legal principles, this second set of evidentiary requests is **GRANTED**.

Third, the Government makes a rather limited request to preclude Defendants from introducing evidence of "general good character." Mot. at 14. As the Government acknowledges, Federal Rule of Evidence 404(a) permits a criminal defendant to introduce evidence of "a *pertinent* trait of character." *Id.* (emphasis added); *see also United States v. Lewis*, 482 F.2d 632, 637 (D.C. Cir. 1973). The Government concedes that certain traits may be relevant at trial, e.g., law-abidingness and perhaps peacefulness, Mot. at 15, and these traits may indeed be pertinent to the charged offenses, *see United States v. Brown*, 503 F. Supp. 2d 239, 242-43 (D.D.C. 2007) (discussing relevant traits in case charging obstruction). The Court need not decide now whether particular evidence goes to a particular pertinent trait, however, because Defendants have not yet identified any such evidence. *See* ECF No. 259 at 21. For now, it suffices to hold merely that Defendants may not introduce "general" character evidence, but must identify at trial particular evidence in advance of its use that goes to a particular pertinent trait before introducing such evidence. As such, this third evidentiary request is **GRANTED**. If the Government objects to specific evidence, it may renew this objection at trial.

Fourth, the Government requests that the Court preclude Defendants from cross-examining Patient A regarding "the specific reproductive health services Patient A sought or obtained" with which, the Government alleges, Defendants interfered. Mot. at 16. A close reading of the relevant statutory text shows that such inquiry would be of little, if any, probative value. As a threshold matter, evidence that Defendants succeeded in their alleged obstructive

3

conduct is mainly relevant only to Count Two, charging a FACE Act violation, rather than Count One, which charges only conspiracy.  *See United States v. Scott*, 979 F.3d 986, 991 (2d Cir. 2020) (explaining, in broad terms, that 18 U.S.C. § 241 is an inchoate offense).

To convict on Count One, the Government must show that Defendants "'by physical obstruction, intentionally injured, intimidated, or interfered with or attempted to injure, intimidate, or interfere with any person because that person [wa]s or ha[d] been obtaining or providing reproductive health services.'"  *See United States v. Retta*, 840 F. Supp. 2d 262, 265 (D.D.C. 2012) (JEB) (cleaned up) (quoting *United States v. Mahoney*, 247 F.3d 279, 292 (D.C. Cir. 2001)).  In *Mahoney*, the Court of Appeals held that the Government carried its burden in the civil context by demonstrating that the defendant "intentionally interfered with persons seeking reproductive care by physically obstructing access to the clinic."  247 F.3d at 284.  There did not appear to be any evidence, however, of precisely *what* reproductive services any prospective patient was seeking at the time of the charged conduct, nor did the Court of Appeals require any such showing.  *See id.*  It was sufficient merely that *some* person was impeded from accessing *some* reproductive health service, notwithstanding that the evidence as to motive revolved entirely around abortion.  *See id.* at 243.

This holding sensibly tracks the language of the statute.  The statute illegalizes, in relevant part, "interfere[nce] with any person because that person [sought] . . . reproductive health services."  18 U.S.C. § 248(a).  The term "reproductive health services" is defined by statute as inclusive of abortion services, but the definition is not limited to such services.  *See id.* § 248(e)(5).  By the plain language of the statute, the proscribed conduct is only interference with *some* reproductive health service, but not a *particular* reproductive health service.  Although the Government's case may be stronger if it identified the particular service sought, it

4

is for the Government to make decisions about the evidence the Government intends to offer, and it is for the jury to decide the weight of that evidence. As such, and pursuant to Federal Rules of Evidence 401 and 611(a), the Government's last evidentiary request is **GRANTED**.

Accordingly, and for the foregoing reasons, it is hereby

**ORDERED**, that the Government's [248] Omnibus Motion in Limine is **GRANTED**. Defendants are precluded from: (1) advancing at trial any argument regarding jury nullification or the constitutionality of the charged statutes as applied to the charged conduct; (2) introducing "general" character evidence without first tying such evidence to a particular trait at issue; and (3) cross-examining Patient A as to the particular reproductive health service that she allegedly sought on the day of the charged conduct. The Court further holds that Defendants' statements are presumptively non-hearsay when used in the Government's case and presumptively hearsay if used in Defendants' case, should one be presented.

**SO ORDERED**.

Dated: August 2, 2023

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge