UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>v.<br>LAUREN HANDY, *et al.*<br>Defendants. | Criminal Action No. 22-096 (CKK) |

**ORDER**
(August 8, 2023)

Before the Court is the Government's request to have its civilian witnesses, including Clinic patients and employees, testify under a pseudonym. Trial Brief, ECF No. 325, at 18. In the interest of protecting the safety of the witnesses and the sensitive medical information of those witnesses who were patients of the Clinic, the Court shall allow the Government's civilian witnesses to testify under a pseudonym.

Courts may protect the identity of a testifying witness in the interest of the witness's safety or in cases dealing with highly sensitive or personal information. *See United States v. Machado-Erazo*, 951 F. Supp. 2d 148, 153 (D.D.C. 2013) (RMC) ("In balancing the defendants' ability to cross-examine effectively with a witness's safety, a number of cases have held that a trial court may protect the true identity of a testifying witness for that witness's safety."); *Doe v. Cabrera*, 307 F.R.D. 1, 4 (D.D.C. 2014) (RBW) (noting a pseudonym may be appropriate "in certain cases involving matters of a sensitive and highly personal nature"). As the Supreme Court has explained, "[w]hether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Roviaro v. United States*, 353 U.S. 53, 62 (1957).

After balancing Defendants' ability to cross-examine effectively with the safety of the witnesses, the Court will permit the Government's civilian witnesses to testify under a pseudonym. *See Machado-Erazo*, 951 F. Supp. 2d at 153. There is at least some evidence on an increased risk of threats, intimidation, and violence against providers and recipients of abortion services in the District of Columbia over the past year,[1] making clear that the threat to the witnesses' safety is "actual and not a result of conjecture." *See Machado-Erazo*, 951 F. Supp. 2d at 155 (quoting *United States v. Zelaya*, 336 F. App'x 355, 358 (4th Cir. 2009)). In addition to the safety of the Government's witnesses, the Court is also mindful of the sensitive nature of a patient's visit to the Clinic and the protection that the use of a pseudonym would provide those witnesses who were patients.

Furthermore, the Court finds that allowing the Government's witnesses to testify under a pseudonym does not erode Defendants' right to cross-examination. Given that defense counsel has the true names of all government witnesses, defense counsel is "well-armed with information upon which to confront and cross-examine" those witnesses testifying under a pseudonym. *See id.* at 157 (internal quotation marks omitted) (quoting *United States v. El-Mezain*, 664 F.3d 467, 492 (5th Cir. 2011)).

//

//

---

[1] D.C. Council Committee Report, Enhancing Reproductive Health Protections Amendment Act, B24-0726 (Sept. 22, 2022), at 16-17 *available at* https://lims.dccouncil.gov/downloads/LIMS/49181/Committee_Report/B24-0726-Committee_Report1.pdf?Id=146150 (last accessed Aug. 7, 2023 7:01 PM). Nationally, violence and threats of violence against both proponents and opponents of abortion services have increased in the recent past. *See, e.g.*, Elizabeth Dwoskin, "'Bring rifles': Extremist groups call for violence over abortion ruling," Wash. Post (June 24, 2022 7:59 PM ET) *available at* https://www.washingtonpost.com/technology/2022/06/24/extremists-violence-abortion-ruling/ (last accessed Aug. 7, 2023 6:59 PM).

Accordingly, and for the foregoing reasons, it is hereby

**ORDERED**, that the Government's civilian witnesses may testify under a pseudonym.

**SO ORDERED**.

Dated: August 8, 2023

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge