| | |
|---|---|
| UNITED STATES OF AMERICA | ] |
| | ] |
| v. | ]    No.  3:22-CR-00327 |
| | ]    JUDGE TRAUGER |
| [1] CHESTER GALLAGHER | ] |
| [2] HEATHER IDONI | ] |
| [3] CALVIN ZASTROW | ] |
| [4] COLEMAN BOYD | ] |
| [6] PAUL VAUGHN | ] |
| [7] DENNIS GREEN | ] |

## DEFENSE MOTION IN LIMINE NO. 1:

## MOTION TO PROHIBIT CAROLYN DAVIS FROM USING TERMS SUCH AS "CULTY", "CULT LEADER", "GROOMING" AND "COMMUNE" AND SUPPORTING MEMORANDUM OF LAW

Comes now the Defendants, Chester Gallagher, Heather Idoni, Calvin Zastrow, Coleman Boyd, Paul Vaughan and Dennis Green, by and through undersigned counsel, pursuant to Federal Rules of Evidence, Rules 401, 402, and 403, and move the Court to exclude the introduction of testimony by any Government witnesses, particularly Ms. Carloyn Davis, that amounts to disparaging comments about the Defendants that are not relevant to the case and would prejudice the jury against them, including but not limited to classifying the defendants' beliefs as "culty", calling any defendant a "cult leader", accusing a defendant of "grooming" and claiming another defendant lived on a "commune" and wanted the witness to be more "submissive".

In support of this motion, the Defendants submit the following:

## STATEMENT OF FACTS

The above referenced indictment charges the Defendants with various offenses related to their presence on March 5, 2021 at the Carafem Health Center in Mt. Juliet, Tennessee (DE 3). Defendants Gallagher [1], Idoni [2], Calvin Zastrow [3], Boyd [4], Vaughn [6] and Green [7] are charged with conspiring to injure, oppress, threaten or intimidate any rights secured by the laws or constitution of the United States in violation of 18 U.S.C. § 241 (DE 3); this is a felony offense that carries up to ten years imprisonment. *See* 18 U.S.C. § 241. These defendants are also charged with a violation of Title 18 U.S.C. § 248 (a)(1) and 2 (DE 3); a first-time offender of this statute faces up to a year in jail[1], whereas a second time or subsequent offender faces up to three years imprisonment. See 18 U.S.C. § 248 (b).

The Defendants, who share strong pro-life beliefs, are charged with being present at the Carafem Clinic in Mt. Juliet on March 5, 2021 and expressing their strong, spiritual opposition to medically terminating a pregnancy (DE 3). All eleven defendants[2] are alleged to have entered the office building (where the clinic is located on the second floor) where they gathered in the common area hallway; several of the defendants sat directly in front of the clinic entry doorway located at the end of the hall. After nearly two hours in the building hallway outside the Carafem Clinic, the defendants (with the exception of Mr. Boyd and Mr. Vaughn) and some juveniles were peacefully arrested, followed the instruction of local law enforcement and exited the building to go outside for processing prior to being taken to jail.

---

[1] 18 U.S.C. § 248 (b) has an exception for "an offense(s) involving exclusively a nonviolent physical obstruction" and provides that in such an instance the fine shall not be more than $10,000 and the length of imprisonment shall not be more than six months, or both, for the first offense. A review of the discovery in this case indicates that, at best, any violation of 18 U.S.C. § 248 (b) resulted in a non-violent obstruction.

[2] By prior Order of the Court, four other co-defendants that have been indicted with violations of 18 U.S.C. § 248 have been severed from the above referenced defendants and Ms. Carolyn Davis has also been severed as a cooperating with for the Government.

The Government has indicated that one of the codefendants, Ms. Carolyn Davis, will be called as a Government witness at trial. The Government has provided reports outlining two interviews between the Government and Ms. Davis and has indicated that additional reports and/or Jencks material will be forthcoming; the Government has also provided prior sworn testimony of Ms. Davis. In the government interviews, Ms. Davis refers to Mr. Zastrow as a "cult leader" and claims that he had "groomed" her to participate in religious rescues. Ms. Davis also talks about how she does not get along with Coleman Boyd and that he lives in Mississippi on a "commune". Ms. Davis further made statements that Mr. Boyd viewed Ms. Davis as "not submissive enough", that "women can only speak when allowed to" when at Boyd's home and that any guest at Boyd's home were "forced" to attend Boyd's church. Ms. Davis has further described the movement she was previously involved in, involving these Defendants, as "culty." Ms. Davis' language is inaccurate, inflammatory and unnecessary to describe the events leading up to and occurring on March 5, 2021 and the defendants request that Ms. Davis be instructed not to use such disparaging remarks. The Government has agreed to request Ms. Davis not use the term "cult leader" but is unwilling to request she refrain from other disparaging terms or otherwise place limitations on her trial testimony.

## ANALYSIS

## I.

## CAROLYN DAVIS' INFLAMMATORY OPINIONS ABOUT CAL ZASTROW, COLEMAN BOYD AND THE DEFENDANTS' PRO-LIFE MOVEMENT ARE NOT RELEVANT TO THE ISSUES BEFORE THE JURY AND SHE SHOULD BE CAUTIONED NOT TO USE INFLAMMATORY LANGUAGE.

Government witness Carolyn Davis has elected to classify Mr. Zastrow as a "cult leader" who "groomed" her to participate in rescues and has claimed that Coleman Boyd lives on a "commune" where women had to be "submissive" and could speak only when spoken to. Moreover, she has described the pro-life beliefs of the Defendants as "culty". Ms. Davis' descriptive opinions of the Defendants' beliefs, and her opinions about Mr. Zastrow and Mr. Boyd are disparaging, suggest that they are bad people, and these nefarious opinions of hers are not relevant to what occurred prior to or on March 5, 2021. During Ms. Davis' prior testimony as a Government witness in a trial with similar charges and some overlapping defendants earlier this year, she also mentioned that Mr. Zastrow discipled her in the "culty" rescue movement and used the term "culty" repeatedly as a descriptor (see September 12, 2023, Transcript of Davis Testimony, Case 22-096-CKK, attached as **Exhibit A**, pp. 38, 42)[3]. The government has agreed to caution Ms. Davis against using the term "cult leader" but will not further caution her use of language. This is insufficient to ensure that the defendants are not prejudiced by similar statements and the instant motion follows.

---

[3] Davis further testified in Washington DC that when she travelled to DC to participate in a rescue, Eva Zastrow's father (Cal Zastrow) did not want Eva to participate in the rescue because Catholics would be there; Davis explained "it's a really culty thing. Like for some reason a lot of Protestants, and in the group I was part of, what I used to believe is that Catholics aren't real Christians, but I don't believe that anymore." (Transcript, **Exhibit A**, p. 42). The defense has not cited all of Ms. Davis' "cult" type references and simply is offering a few examples.

"[E]vidence having *any* tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence is relevant." *Robinson v. Runyon*, 149 F.3d 507, 512 (6th Cir. 1998) (quoting Fed. R. Evid. 401). Under Rule 403, a trial "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needless presenting cumulative evidence." FED. R. EVID. 403. "Much of the Federal Rules of Evidence is devoted to protecting parties from the introduction of unfairly prejudicial evidence." Jesse Schupack, Note, *The Liar's Mark: Character and Forfeiture in Federal Rule of Evidence 609(a)(2)*, 119 MICH. L. REV. 1031, 1035 (2021). But evidence is not excluded as unfairly prejudicial merely because it is damaging to the party against whom it is offered. Rather, "unfair prejudice" under Rule 403, "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief v. United States*, 519 U.S. 172, 180, 117 S. Ct. 644, 136 L. Ed. 2d 574 (1997) (citation omitted).

The term "grooming" is particularly troublesome in that it is a term frequently used to describe how adults who are preying on young people manipulate the young person (often for some sexual matter); this term suggests nefarious conduct and is overly prejudicial, particularly when applied towards Mr. Zastrow, who is a devout Christian and makes a sincere effort to live by his spiritual beliefs. Such language appears to be used by Ms. Davis to diminish the sincerity of all the defendants' spiritual beliefs and casts a dark cloud over their intentions. This language is not only irrelevant, but inflammatory and prejudicial warranting its exclusion under Federal Rules of Evidence, Rules 401 and 403.

Similarly, stating that Mr. Boyd, who lives on a large piece of property with his family members, lives on a commune likewise implies something nefarious about his lifestyle choices that is not relevant to whether he engaged in a conspiracy and FACE act violation on March 5, 2021 when he was at the Carafem clinic. Moreover, Ms. Davis' claims about how Boyd requires women to be "submissive" and can only speak when spoken to are likewise irrelevant.

Notably, the Southern District Court of New York confronted a similar issue in the case of *United States v. Helbrans*, 2021 U.S. Dist. LEXIS 196729 at *48-49 (S.D.N.Y. Oct. 12, 2021) (copy attached), where the defendants moved to prohibit the government from referring to Lev Tahor, an orthodox Hasidic Jewish community in Guatemala, as a "cult"; the defendants asserted that the use of such a term falsely portrayed a religious community as if it were involved in some sort of brainwashing and that the leaders or elders engaged in controlling the minds of the community members. *Id.* at *47-48. There, as here, the government also agreed to caution as to the word "cult" and the Court emphasized it expected the government to live up to its representation adding:

> Additionally, the Court agrees with Defendants that suggestions that the leaders of Lev Tahor "brainwash" or "coerce" their members and characterizations of former members of Lev Tahor as "survivors" are **neither evidence of the charged crimes nor do [they] provide context more necessary than it is prejudicial**. Accordingly, the Government may not refer to the Lev Tahor community or its leaders as members of a "cult" nor **may it insinuate that leaders brainwash or force members of the community to behave in or observe their religion in a certain way**.

> The parties are reminded that a faith community is not on trial and this Court will not entertain the public spectacle of litigating the sincerity or coercion animating the conduct of adherents of a faith community insofar as it is irrelevant to the charged conduct. Accordingly, the Government is prohibited from using incendiary and irrelevant references to Lev Tahor, including but not limited to referring to it as a cult and its former adherents as survivors. Likewise, the Court will not permit Defendants to present thousands of (unspecified and irrelevant) psychological opinions regarding the nonexistence of religious mind control.

6

*Id*. at 48-49 (emphasis added).

Ms. Davis' statements and prior testimony including her assertions that Mr. Zastrow is a "cult-leader", the pro-life movement involving the defendants is "culty", that Boyd lives on a "commune" where women must be submissive and everyone must attend Boyd's church, and her claims of being "groomed" are strikingly similar to the "brainwashing" and "coercion" concerns addressed and excluded by the *Helbrans* Court. It is anticipated that Ms. Davis will testify about the events of March 5, 2021, matters leading up to those events, and her acquaintance with the Defendants, however her choice of language is inflammatory and overly prejudicial towards some of the Defendants and their beliefs. Further, though Ms. Davis' specific comments seem more directed towards Mr. Zastrow and Mr. Boyd, given the nature of the accusations and insinuations in those statements, there is a substantial risk of spillover to Mr. Gallagher, Ms. Idoni, Mr. Vaughn and Mr. Green all of whom are also members of the same faith and organizations as Zastrow and Boyd that Ms. Davis has described as "culty". Thus, Ms. Davis should be prohibited from using such language and the Government instructed to caution her about such use.

## **CONCLUSION**

Based upon the foregoing, the Defendants request that the instant motion be granted and that Ms. Davis be cautioned not to use disparaging remarks such as "cult leader", "grooming", "culty", "commune" and any other similarly disparaging remarks during her testimony.

Respectfully submitted,


____/s/ **Jodie A. Bell**_____
JODIE A. BELL, No. 18336
Washington Square Building
214 Second Avenue North, Suite 208
Nashville, Tennessee 37201
(615) 953-4977
(615) 928-1901  facsimile
jodie@attorneyjodiebell.com
Attorney for Chester Gallagher


___/s/ **William J. Conway  (by permission)**
William J. Conway, Esq. P.C.
214 Second Avenue North, Suite 208
Nashville, TN 37201
(615) 260-5364
wjconway@gmail.com
Attorney for Defendant Heather Idoni


___/s/ **Robert L. Parris (by permission)**
Robert L. Parris, Attorney at Law
200 Jefferson Avenue, Suite 1500
Memphis, TN 38103
(615) 490-8026
rlp@robertparrisattorney.com
Attorney for Defendant Calvin Zastrow


___/s/ **Kerry Haymaker (by permission)**
Haymaker & Heroux, P.C.
545 Mainstream Drive, Suite 420
Nashville, TN 37228
(615) 250-0050
haymaker@tennesseedefense.com
Attorney for Defendant Coleman Boyd


___/s/ **Stephen M. Crampton (by permission)**
 STEPHEN M. CRAMPTON
Thomas More Society
P.O. Box 4506
Tupelo, MS  38803
662-255-9439
scrampton@thomasmoresociety.org
Attorney for Defendant Paul Vaughn

*8*

   **/s/ Manuel B. Russ (by permission)**
MANUEL B. RUSS
340 21st Avenue North
Nashville, TN 37203
(615) 329-1919
russben@gmail.com
Attorney for Defendant Dennis Green

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing Motion was filed electronically and served on the following by the EF/CME electronic filing system:

**WILLIAM J. CONWAY**
William J. Conway, Esq. P.C.
214 Second Avenue North, Suite 208
Nashville, TN 37201
(615) 260-5364
wjconway@gmail.com
Attorney for Defendant Heather Idoni

**ROBERT LYNN PARRIS**
Robert L. Parris, Attorney at Law
200 Jefferson Avenue
Suite 1500
Memphis, TN 38103
(615) 490-8026
rlp@robertparrisattorney.com
Attorney for Defendant Calvin Zastrow

**G. KERRY HAYMAKER**
Haymaker & Heroux, P.C.
545 Mainstream Drive
Suite 420
Nashville, TN 37228
(615) 250-0050
haymaker@tennesseedefense.com
Attorney for Defendant Coleman Boyd

**HEATHER G. PARKER**
Evans Bulloch Parker PLLC
302 North Spring Street
PO Box 398
Murfreesboro, TN 37133-0398
(615) 896-4154
heatherparker@bfhelaw.com
Attorney for Defendant Caroline Davis

**LARRY LAMONT CRAIN**
5214 Maryland Way
Suite 402
Brentwood, TN 37207
(615) 376-2600
larry@crainlaw.legal

**STEPHEN M. CRAMPTON**
Thomas More Society
P.O. Box 4506
Tupelo, MS 38803
662-255-9439
scrampton@thomasmoresociety.org
Attorney for Defendant Paul Vaughn

**MANUEL B. RUSS**
340 21st Avenue North
Nashville, TN 37203
(615) 329-1919
russben@gmail.com
Attorney for Defendant Dennis Green

**DAVID R. HEROUX, P.C.**
Haymaker & Heroux, P.C.
545 Mainstream Drive
Suite 420
Nashville, TN 37228
(615) 250-0050
heroux@tennesseedefense.com
Attorney for Defendant Eva Edl

**DAVID L. COOPER**
Law Office of David L. Cooper, P.C.
208 Third Avenue, N Suite 300
Nashville, TN 37201
(615) 256-1008
dcooper@cooperlawfirm.com
Attorney for Defendant Eva Zastrow

**RAYBURN McGOWAN, Jr.**
8005 Church Street East
Suite 219
Brentwood, TN 37207
(615) 244-7070
mcgowanrayburnjr@bellsouth.net
Attorney for Defendant James Zastrow

**LEONARD E. LUCAS, III**
The Law Firm of Leonard Earl Lucas
315 Deadrick St, Suite 1550
Nashville, TN 37238

(301) 204-6498
leonard.lucas@lellawfirm.com
Attorney for Defendant Paul Place

**AMANDA J. KLOPF**
U.S. Attorney's Office (Nashville)
719 Church Street
Suite 3300
Nashville, TN 37203
(615) 736-5151
amanda.klopf@usdoj.gov
Representing **USA** (*Plaintiff*)

**KYLE BOYNTON**
Department of Justice
150 M Street NE
Washington, DC 20002
(202) 598-0449
Representing **USA** (*Plaintiff*)

This the 4th day of December 2023.

/s/ Jodie A. Bell
JODIE A. BELL

*12*