UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 3:22-CR-327 |
| | ) | JUDGE TRAUGER |
| DENNIS GREEN | ) | |

<u>DEFENSE MOTION IN LIMINE 2</u>

<u>MOTION TO PROHIBT THE GOVERNMENT FROM REFERRING TO STATEMENTS MADE BY CO-DFENDANTS AS "CO-CONSPIRATOR" STATEMENTS AND SUPPORTING MEMORANDUM</u>

Comes now the defendants, CHESTER GALLAGHER, HEATHER IDONI, CAL ZASTROW, COLEMAN BOYD, PAUL VAUGHN, and DENNIS GREEN, by and through undersigned counsel of record, and moves this Honorable Court, if *after having determined* pursuant to F.R.E. 801(d)(2)(E) that certain statements by co-conspirators are admissible as non-hearsay, to prohibit the Government from referring to these various statements as "co-conspirator" statements as it is prejudicial, presupposes that there was a conspiracy and invades the province of the jury as the ultimate finder of fact as to the charged offenses.

F.R.E. 801(d)(2)(E) provides that a statement is non-hearsay if "[t]he statement is offered against an opposing party and was made by the party's co-conspirator during and in furtherance of the conspiracy". The Sixth Circuit instructs that the District Court is solely responsible for determining if statements by co-conspirators are admissible and the question of admissibility should not be submitted to the jury. See, e.g., *United States v. Mitchell*, 556 F.2d 371, 377 (6th Cir. 1977). It has been deemed "altogether unnecessary" for the jury to first determine that there was a conspiracy to then consider the statements of co-conspirators. See, e.g., *United States v. Enright*, 579 F.2d 980, 986-87 (6th Cir. 1978); see also *United States v. Swidan*, 888 F.2d 1076, 1081 (6th Cir. 1989). If the District Court determines the statements are admissible, later

1

instructions to the jury should only note the Government's ultimate burden to prove the elements of the offense beyond a reasonable doubt, and that they are to determine the weight and credibility to be given statements by co-conspirators. *Id.*

"Before a district court may admit statements of a co-conspirator, three factors must be established: (1) that the conspiracy existed; (2) that the defendant was a member of the conspiracy; and (3) that the co-conspirator's statements were made in furtherance of the conspiracy. This three-part test is often referred to as an Enright finding." *United States v. Wilson*, 168 F.3d 916, 920 (6th Cir. 1999); citing *United States v. Monus*, 128 F.3d 376, 392 (6th Cir. 1997); *United States v. Enright*, 579 F.2d 980, 986-87 (6th Cir. 1978). Once this analysis has been conducted by the District Court and, if the District Court is persuaded that such statements qualify under F.R.E. 801(d)(2)(E), the jury need not consider whether they are the statements of a "co-conspirator", but should weigh them as any other piece of evidence. The Government carries the burden of proof on these factors by a preponderance when it seeks to introduce a co-conspirator statement. *Wilson*, 168 F.3d at 921; citing *Bourjaily v. United States*, 483 U.S. 171, 176 (1987). The District Court should not advise the jury either of the Government's burden of proving the factors under *Wilson* regarding the initial question of admissibility, or the Court's subsequent determination that the Government has met its burden. *United States v. Vinson*, 606 F.2d 149, 153 (6th Cir. 1979).

Assuming that the Government meets its initial burden of persuading the Court that there was a conspiracy and that the co-conspirator exception to the hearsay rule is applicable in this case, the Government should then be restricted from referring to such statements as "co-conspirator" statements in the presence of the jury; the Government should frame any such exception as a "co-defendant statement". There is no necessity that the jury first find a conspiracy to consider the statements and, consequently, there is no need for the jury to hear repeatedly that, in the
2

Government's estimation, they have proven a conspiracy before the proof at trial has even begun. If the Court permits the Government to refer to these statements as "co-conspirator statements" that fall within an exception to the hearsay rule and then the Court sustains the objection, *the Court is sending a message to the jury that a conspiracy has been established*. The language used in the government's objection could taint the jury's perception of the proof by allowing the Government to substitute its determination that a conspiracy has occurred for that of the jury, thereby supplanting the jury's role. Mr. Green respectfully requests that the Court issue an **ORDER** prohibiting the Government from referring to the statements as "co-conspirator" statements and suggests that the objection be framed, for purposes of the record, as a "co-defendant statement".

## CONCLUSION

Based upon the foregoing, the defendants respectfully request prior to the admissibility of any co-conspirator statements that the Government make an offer of proof establishing the conspiracy for purposes of admissibility of co-conspirator statements, that the Court rule on whether the Government has met its burden, and that the Court issue an **ORDER** prohibiting the Government from referring to the statements as "co-conspirator" statements and suggests that the objection be framed, for purposes of the record, as a "co-defendant statement".

Respectfully submitted,

s/ Manuel B. Russ
Manuel B. Russ, #23866
Attorney for Dennis Green
340 21st Avenue North
Nashville, TN 37203
615-329-1919

/s/ **Jodie A. Bell (be permission)**

JODIE A. BELL, No. 18336

Washington Square Building

214 Second Avenue North, Suite 208

Nashville, Tennessee 37201

(615) 953-4977

(615) 928-1901  facsimile

jodie@attorneyjodiebell.com

Attorney for Chester Gallagher

**/s/ William J. Conway  (by permission)**

William J. Conway, Esq. P.C.

214 Second Avenue North, Suite 208

Nashville, TN 37201

(615) 260-5364

wjconway@gmail.com

Attorney for Defendant Heather Idoni


**/s/ Robert L. Parris (by permission)**

Robert L. Parris, Attorney at Law

200 Jefferson Avenue, Suite 1500

Memphis, TN 38103

(615) 490-8026

rlp@robertparrisattorney.com

Attorney for Defendant Calvin Zastrow


**/s/ Kerry Haymaker (by permission)**

Haymaker & Heroux, P.C.

545 Mainstream Drive, Suite 420

Nashville, TN 37228

(615) 250-0050

4

haymaker@tennesseedefense.com

Attorney for Defendant Coleman Boyd

**/s/ Stephen M. Crampton (by permission)**

STEPHEN M. CRAMPTON

Thomas More Society

P.O. Box 4506

Tupelo, MS 38803

662-255-9439

scrampton@thomasmoresociety.org

Attorney for Defendant Paul Vaughn

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing Motion was filed electronically and served on the following by the EF/CME electronic filing system:

**WILLIAM J. CONWAY**
William J. Conway, Esq. P.C.
214 Second Avenue North, Suite 208
Nashville, TN 37201
(615) 260-5364
wjconway@gmail.com
Attorney for Defendant Heather Idoni

**ROBERT LYNN PARRIS**
Robert L. Parris, Attorney at Law
200 Jefferson Avenue
Suite 1500
Memphis, TN 38103
(615) 490-8026
rlp@robertparrisattorney.com
Attorney for Defendant Calvin Zastrow

**G. KERRY HAYMAKER**
Haymaker & Heroux, P.C.
545 Mainstream Drive
Suite 420

5

Nashville, TN 37228
(615) 250-0050
haymaker@tennesseedefense.com
Attorney for Defendant Coleman Boyd

**HEATHER G. PARKER**
Evans Bulloch Parker PLLC
302 North Spring Street
PO Box 398
Murfreesboro, TN 37133-0398
(615) 896-4154
heatherparker@bfhelaw.com
Attorney for Defendant Caroline Davis

**LARRY LAMONT CRAIN**
5214 Maryland Way
Suite 402
Brentwood, TN 37207
(615) 376-2600
larry@crainlaw.legal
**STEPHEN M. CRAMPTON**
Thomas More Society
P.O. Box 4506
Tupelo, MS 38803
662-255-9439
scrampton@thomasmoresociety.org
Attorney for Defendant Paul Vaughn

**MANUEL B. RUSS**
340 21st Avenue North
Nashville, TN 37203
(615) 329-1919
russben@gmail.com
Attorney for Defendant Dennis Green

**DAVID R. HEROUX, P.C.**
Haymaker & Heroux, P.C.
545 Mainstream Drive
Suite 420
Nashville, TN 37228
(615) 250-0050
heroux@tennesseedefense.com
Attorney for Defendant Eva Edl

**DAVID L. COOPER**
Law Office of David L. Cooper, P.C.

6

208 Third Avenue, N Suite 300
Nashville, TN 37201
(615) 256-1008
dcooper@cooperlawfirm.com
Attorney for Defendant Eva Zastrow

**RAYBURN McGOWAN, Jr.**
8005 Church Street East
Suite 219
Brentwood, TN 37207
(615) 244-7070
mcgowanrayburnjr@bellsouth.net
Attorney for Defendant James Zastrow


**LEONARD E. LUCAS, III**
The Law Firm of Leonard Earl Lucas
315 Deadrick St, Suite 1550
Nashville, TN 37238
(301) 204-6498
leonard.lucas@lellawfirm.com
Attorney for Defendant Paul Place

**AMANDA J. KLOPF**
U.S. Attorney's Office (Nashville)
719 Church Street
Suite 3300
Nashville, TN 37203
(615) 736-5151
amanda.klopf@usdoj.gov
Representing **USA** (*Plaintiff*)

**KYLE BOYNTON**
Department of Justice
150 M Street NE
Washington, DC 20002
(202) 598-0449
Representing **USA** (*Plaintiff*)


        This the 4th day of December, 2023.

        /s Manuel B. Russ
        MANUEL B. RUSS