UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | 3:22-CR-327 |
| | ) | JUDGE TRAUGER |
| CHET GALLAGHER | ) | |
| DENNIS GREEN | ) | |

### DEFENSE MOTION IN LIMINE NO. 3

### MOTION TO PROHIBIT THE GOVERNMENT FROM ELICITING STATEMENTS PURSUANT TO F.R.E. 801(d)(2)(E) MADE BY PARTIES THAT WERE NOT CO-CONSPIRATORS

Comes now the defendants CHESTER GALLAGER, HEATHER IDONI, CAL ZASTROW, COLEMAN BOYD, PAUL VAUGHN, DENNIS GREEN, by and through undersigned counsel of record and hereby move this Honorable Court, to determine if statements made by uncharged parties during the March 5, 2021, incident alleged in the indictment are non-hearsay admissible pursuant to F.R.E. 801(d)(2)(E). The defendants maintain that there may be statements of uncharged persons present at the time of the incident at Carafem which are not admissible as co-conspirator statements and may need to be redacted from any government video exhibits[1].

A.  F.R.E. 801(d)(2)(E)

F.R.E. 801(d)(2)(E) provides that a statement is non-hearsay if "[t]he statement is offered against an opposing party and was made by the party's co-conspirator during and in furtherance of the conspiracy". "Before a district court may admit statements of a co-conspirator, three factors

---

[1] The parties have conferred with the government about the videos and were provided, a week prior to the motion *in limine* filing deadline, time stamps pertaining to the parts of the videos that the government wants to present, rather than the actual proposed trial exhibits. The government's proposal splices the videos and leaves out many other relevant statements of the charged defendants. As such, the parties are still in the process of attempting to determine the least cumbersome manner of presenting the videos which may be simply muting the sound on objectionable non-co-conspirator statements included in the videos.

1

must be established: (1) that the conspiracy existed; (2) that the defendant was a member of the conspiracy; and (3) that the co-conspirator's statements were made in furtherance of the conspiracy. This three-part test is often referred to as an Enright finding." *United States v. Wilson*, 168 F.3d 916, 920 (6th Cir. 1999); citing *United States v. Monus*, 128 F.3d 376, 392 (6th Cir. 1997); *United States v. Enright*, 579 F.2d 980, 986-87 (6th Cir. 1978).

In its case in chief, the Government intends to offer statements of parties that were present on March 5th at Carafem but who were never charged with any criminal conduct, either by indictment or for state violations of criminal trespass. As a threshold issue, the Government has not demonstrated that these parties were co-conspirators that would, potentially, permit the introduction of their statements pursuant to F.R.E. 801(d)(2)(E). Specifically, the Government intends to play video recordings[2] of the alleged offensive conduct that were created during the incident at the Carafem facility in Mount Juliet, Tennessee, that is the subject of the indictment– the parties are still reviewing the videos to determine if the government's proposed video clips contain objectionable non-co-conspirator hearsay. During the incident, in addition to the charged defendants, there were numerous other persons present with the defendants at the facility that sang and prayed with them prior to their arrest. The videos the Government intends to introduce, unredacted, contain numerous statements by these parties under the theory that these would be statements of co-conspirators. The defendants disagree.

The defendants maintain that simply because someone was present in the hallway of Carafem and shared similar spiritual and religious beliefs as the charged defendants, does not make

---

[2] Again, the defendants have a list of time stamps from various videos that the government intends to introduce and are now reviewing the videos with the time stamped segments in mind. In total there are seventy-one segments spanning over five videos. Counsel for Gallagher is working with her paralegal to using a cost-effective AI service to generate quick transcripts (not official transcripts) to get a more tangible working document as to the videos to evaluate what portions of videos the government intends to introduce; undersigned counsel will share these documents with all defense counsel.

2

those persons co-conspirators within the meaning of F.R.E. 801(d)(2)(E). As the videos make clear, certain persons sat in front of the door to the clinic and refused to leave even when warned of arrest whereas other persons who had also been in the hallway praying and singing vacated the premises upon request. There is nothing contained in the Government videos to support the conclusion that every person in the hallway who was present with the charged Defendants was engaged in the alleged criminal conspiracy – the Government is clearly aware of this as four of the charged defendants (who have been severed from the six scheduled for a jury trial) were not even charged in the conspiracy count. Thus, prior to the Government's introduction of statements made *by persons not charged in this case*, the Government must preliminarily establish that those persons were part of the conspiracy with the purpose, as alleged by the Government, of creating "a blockade to stop the Clinic from providing, and patients from obtaining, reproductive health services" (DE 3, p. 3, para. 7). The videos the Government intends to introduce, unredacted, contain numerous statements by these parties that would not fall under the purview of F.R.E. 801(d)(2)(E) as there has been no appropriate showing by the Government that these parties were co-conspirators.

### B.     F.R.E. 106

F.R.E. 106 provides "[i]f a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of *any other part* - or any other statement - that in fairness ought to be considered at the same time." As noted above, the Government has provided the defense with a list of portions of various videos created during the incident at Carafem that it intends to introduce in its case in chief. The Defendants believe the portions the Government intends to play, without more, do not fairly represent the conduct the defendants were engaged in

3

during the incident at Carafem and "in fairness" additional parts of these videos "ought to be considered at the same time" by the jury.

"The 'rule of completeness' allows a party to correct a misleading impression created by the introduction of part of a writing or conversation by introducing additional parts of it necessary to put the admitted portions in proper context." *United States v. Holden*, 557 F.3d 698, 705 (6th Cir. 2009). For the purposes of the Rule, Courts treat written and recorded statements "as equivalent". *United States v. Shaver*, 89 Fed.Appx. 529, 532 (6th Cir. 2004). Though, in the above section, the defendants are asking that certain, inadmissible and prejudicial statements be excluded from anything introduced by the jury, this request should not limit the Defendants' request to introduce other portions of the videos suggested by the Government that contain statements by the co-defendants which "in fairness" should be introduced to the jury in conjunction with the portions the Government desires to play. Consultation with the Government by defense counsel has made clear that the parties will not be able to resolve this issue without direction from the Court.

## **CONCLUSION**

Based upon the foregoing, the Defendants respectfully request that the Court issue an **ORDER** prohibiting the Government from offering these statements as they do not fall under the F.R.E 801(d)(2)(E) exception. Further, the Defendants respectfully request that the Court issue an **ORDER** that permits the introduction of additional portions of the video recordings to the jury to comply with the requirements of F.R.E. 106.

Respectfully submitted,

s/ Manuel B. Russ
Manuel B. Russ, #23866
Attorney for Dennis Green
340 21st Avenue North
Nashville, TN 37203
615-329-1919



/s/ **Jodie A. Bell (by permission)**

JODIE A. BELL, No. 18336

Washington Square Building

214 Second Avenue North, Suite 208

Nashville, Tennessee 37201

(615) 953-4977

(615) 928-1901  facsimile

jodie@attorneyjodiebell.com

Attorney for Chester Gallagher

**/s/ William J. Conway  (by permission)**

William J. Conway, Esq. P.C.

214 Second Avenue North, Suite 208

Nashville, TN 37201

(615) 260-5364

wjconway@gmail.com

Attorney for Defendant Heather Idoni


**/s/ Robert L. Parris (by permission)**

Robert L. Parris, Attorney at Law

200 Jefferson Avenue, Suite 1500

Memphis, TN 38103

5

(615) 490-8026

rlp@robertparrisattorney.com

Attorney for Defendant Calvin Zastrow

**/s/ Kerry Haymaker (by permission)**

Haymaker & Heroux, P.C.

545 Mainstream Drive, Suite 420

Nashville, TN 37228

(615) 250-0050

haymaker@tennesseedefense.com

Attorney for Defendant Coleman Boyd

**/s/ Stephen M. Crampton (by permission)**

 STEPHEN M. CRAMPTON

Thomas More Society

P.O. Box 4506

Tupelo, MS  38803

662-255-9439

scrampton@thomasmoresociety.org

Attorney for Defendant Paul Vaughn

**CERTIFICATE OF SERVICE**

     I hereby certify that a true and exact copy of the foregoing Motion was filed electronically and served on the following by the EF/CME electronic filing system:

**WILLIAM J. CONWAY**
William J. Conway, Esq. P.C.
214 Second Avenue North, Suite 208
Nashville, TN 37201
(615) 260-5364
wjconway@gmail.com
Attorney for Defendant Heather Idoni

6

**ROBERT LYNN PARRIS**
Robert L. Parris, Attorney at Law
200 Jefferson Avenue
Suite 1500
Memphis, TN 38103
(615) 490-8026
rlp@robertparrisattorney.com
Attorney for Defendant Calvin Zastrow

**G. KERRY HAYMAKER**
Haymaker & Heroux, P.C.
545 Mainstream Drive
Suite 420
Nashville, TN 37228
(615) 250-0050
haymaker@tennesseedefense.com
Attorney for Defendant Coleman Boyd

**HEATHER G. PARKER**
Evans Bulloch Parker PLLC
302 North Spring Street
PO Box 398
Murfreesboro, TN 37133-0398
(615) 896-4154
heatherparker@bfhelaw.com
Attorney for Defendant Caroline Davis

**LARRY LAMONT CRAIN**
5214 Maryland Way
Suite 402
Brentwood, TN 37207
(615) 376-2600
larry@crainlaw.legal
**STEPHEN M. CRAMPTON**
Thomas More Society
P.O. Box 4506
Tupelo, MS  38803
662-255-9439
scrampton@thomasmoresociety.org
Attorney for Defendant Paul Vaughn

**MANUEL B. RUSS**
340 21st Avenue North
Nashville, TN 37203
(615) 329-1919
russben@gmail.com

Attorney for Defendant Dennis Green

**DAVID R. HEROUX, P.C.**
Haymaker & Heroux, P.C.
545 Mainstream Drive
Suite 420
Nashville, TN 37228
(615) 250-0050
heroux@tennesseedefense.com
Attorney for Defendant Eva Edl

**DAVID L. COOPER**
Law Office of David L. Cooper, P.C.
208 Third Avenue, N Suite 300
Nashville, TN 37201
(615) 256-1008
dcooper@cooperlawfirm.com
Attorney for Defendant Eva Zastrow

**RAYBURN McGOWAN, Jr.**
8005 Church Street East
Suite 219
Brentwood, TN 37207
(615) 244-7070
mcgowanrayburnjr@bellsouth.net
Attorney for Defendant James Zastrow


**LEONARD E. LUCAS, III**
The Law Firm of Leonard Earl Lucas
315 Deadrick St, Suite 1550
Nashville, TN 37238
(301) 204-6498
leonard.lucas@lellawfirm.com
Attorney for Defendant Paul Place

**AMANDA J. KLOPF**
U.S. Attorney's Office (Nashville)
719 Church Street
Suite 3300
Nashville, TN 37203
(615) 736-5151
amanda.klopf@usdoj.gov
Representing **USA** (*Plaintiff*)

**KYLE BOYNTON**
Department of Justice
150 M Street NE
Washington, DC 20002
(202) 598-0449
Representing **USA** (*Plaintiff*)

                                                This the 4th day of December, 2023.

                                                /s Manuel B. Russ
                                                MANUEL B. RUSS