UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ] | |
| ] | |
| v. ] | No. 3:22-CR-00327 |
| ] | JUDGE TRAUGER |
| [1] CHESTER GALLAGHER ] | |
| [2] HEATHER IDONI ] | |
| [3] CALVIN ZASTROW ] | |
| [4] COLEMAN BOYD ] | |
| [6] PAUL VAUGHN ] | |
| [7] DENNIS GREEN ] | |

**DEFENSE MOTION IN LIMINE NO. 4:**

**MOTION TO PROHIBIT CAROLYN DAVIS FROM DISCLOSING THAT HER MICHIGAN CASE INVOLVED CODEFENDANTS' GALLAGHER, IDONI AND ZASTROW AND SUPPORTING MEMORANDUM OF LAW**

Comes now the Defendants, Chester Gallagher, Heather Idoni, Calvin Zastrow, Coleman Boyd, Paul Vaughan and Dennis Green, by and through undersigned counsel, pursuant to the Confrontation Clause of the Sixth Amendment to the United States Constitution, Federal Rules of Evidence, Rules 404(b) and Rule 611(b), and hereby object to the any testimony from Ms. Carolyn Davis that Mr. Gallagher, Ms. Idoni and Mr. Zastrow are codefendants of hers in Michigan where she is awaiting sentencing.

In support of this motion, the Defendants submit the following:

**STATEMENT OF FACTS**

The above referenced indictment charges the defendants with various offenses related to their presence on March 5, 2021 at the Carafem Health Center in Mt. Juliet, Tennessee (DE 3). Defendants Gallagher [1], Idoni [2], Calvin Zastrow [3], Boyd [4], Vaughn [6] and Green [7] are

charged with conspiring to injure, oppress, threaten or intimidate any rights secured by the laws or constitution of the United States in violation of 18 U.S.C. § 241 (DE 3); this is a felony offense that carries up to ten years imprisonment. *See* 18 U.S.C. § 241. These defendants are also charged with a violation of Title 18 U.S.C. § 248 (a)(1) and 2 (DE 3); a first-time offender of this statute faces up to a year in jail[1], whereas a second time or subsequent offender faces up to three years imprisonment. See 18 U.S.C. § 248 (b).

The government has indicated that one of the codefendants, Ms. Carolyn Davis, will be called as a government witness at trial. Ms. Davis has entered guilty pleas and is awaiting sentencing in this case and in the Eastern District of Michigan; in both cases she was faced similar felony conspiracy allegations that were reduced to misdemeanors as part of her plea agreements.

## ANALYSIS

### THE DFENSE SHOULD BE PERMITTED TO CROSS-EXAMINE MS. DAVIS ABOUT HER MICHIGAN PLEA TO REDUCED CHARGES AND HER OVERALL POTENTIAL SENTENCE WITHOUT DAVIS INFORMING THE JURY THAT MR. GALLAGHER, MR. ZASTROW AND MS. IDONI HAVE CHARGES PENDING IN MICHIGAN FOR SIMILAR CONDUCT.

The Government has indicated that it intends to call Ms. Carolyn Davis as a witness against the Defendants at their trial on the above indictment. Ms. Davis was a codefendant in this case, as well as the case in Sterling Heights, Michigan. The Court has ruled that the

---

[1] 18 U.S.C. § 248 (b) has an exception for "an offenses involving exclusively a nonviolent physical obstruction" and provides that in such an instance the fine shall not be more than $10,000 and the length of imprisonment shall not be more than six months, or both, for the first offense. A review of the discovery in this case indicates that, at best, any violation of 18 U.S.C. § 248 (b) resulted in a non-violent obstruction.

Government cannot introduce testimony in their case in chief about the Sterling Heights, Michigan case at the defendants' trial regarding the March 5, 2021 incident at the Carafem Clinic in Mt. Juliet, Tennessee (DE 352). Ms. Davis, prior to entering any guilty pleas in her cases, started cooperating with the Government. Following Ms. Davis' initial proffer, it appears her Michigan felony conspiracy charge was reduced and she entered a guilty plea in the Eastern District of Michigan. Several months later, after a second proffer with the Government, her felony conspiracy charge in the Middle District of Tennessee was reduced and she entered a guilty plea in this District. Ms. Davis is awaiting sentencing in both jurisdictions and is arguably biased and motivated to testify for the Government in order to secure favorable sentencing recommendations. Her motive and bias are proper grounds for cross-examination and the Defendants should be allowed to cross examine her about both matters so that the jury can fully assess Ms. Davis' testimony. This, however, does not open the door to testimony by Ms. Davis about her co-defendant's pending Michigan charges.

      The most serious charge the Defendants face in this case is the felony conspiracy allegation in Count One. Ms. Davis provides crucial testimony and insight relating to the felony conspiracy alleged by the Government. She is arguably their star witness as to this Count and crucial to the Government's attempt to establish the conspiracy elements. The salient fact that Ms. Davis was facing felony charges in multiple jurisdiction that were reduced after she met with the government is clearly and highly relevant to the jury's assessment of her veracity; that she is currently facing sentencing in several jurisdictions and could receive consecutive misdemeanor sentences and/or time in custody (Michigan consecutive to Tennessee) is also relevant and material to her bias, motive and overall credibility. The fact that Mr. Gallagher, Ms. Idoni and

Mr. Zastrow are also facing charges in Michigan (and were charged in the same indictment as Ms. Davis) is not relevant to Ms. Davis' credibility as a Government witness.

*United States v. Bixler*, 2022 U.S. App. LEXIS 2646 (6th Cir. 2022), outlines the standards for the right of confrontation:

> The Sixth Amendment guarantees criminal defendants the right "to be confronted with the witnesses against him." U.S. Const. amend. VI; *Boggs v. Collins*, 226 F.3d 728, 736 (6th Cir. 2000). "The main and essential purpose of confrontation is to secure for the opponent the opportunity of cross-examination." *Davis v. Alaska*, 415 U.S. 308, 315-16, 94 S. Ct. 1105, 39 L. Ed. 2d 347 (1974). However, the Confrontation Clause requires only "an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Boggs*, 226 F.3d at 736. Thus, trial judges retain broad discretion to impose reasonable limits on cross-examination. *Delaware v. Van Arsdall*, 475 U.S. 673, 679, 106 S. Ct. 1431, 89 L. Ed. 2d 674 (1986). When a trial court limits cross-examination pertaining to a witness's **motive, bias, or prejudice**, we must decide "whether the jury was otherwise in possession of sufficient information concerning formative events to make a discriminating appraisal of a **witness' motives and bias**." *United States v. Fields*, 763 F.3d 443, 464 (6th Cir. 2014) (citation omitted).

*Id. at \*8-9*. For the jury to *accurately* assess Ms. Davis' **motive and bias**, the scope of Ms. Davis' cross-examination must include her complete sentencing exposure before and after her guilty pleas (and reduction of charges), as well as the scope of her deals with the government on all her charges. A complete picture of Ms. Davis' cooperation with the Government, and the potential and realized benefits for doing so, is necessary to illustrate for the jury the witness' potential bias and motive to testify.

Here, the Court has excluded references during the government's case-in-chief to the Sterling Heights, Michigan matter but has noted that Ms. Davis may testify about her own actions in Michigan and her plea of guilty in that case (DE 352, p. 2)[2]. Thus, Defendants wish to clarify that they may question her about that plea, the timing of that plea, the reduction of the

---

[2] The Defendants recognize the caveat in the Court's order that depending how the proof proceeds at trial, the government may revisit the issue of whether the defendants' prior acts should be admitted (DE 352).

felony charge as part of that plea and her overall sentencing exposure *without opening the door* to testimony regarding Mr. Gallagher's, Mr. Zastrow's or Ms. Idoni's pending Michigan charges. The Defendants do not intend to ask about the facts underlying Ms. Davis' Michigan case, but only the plea, reduction of charges, and her overall sentencing exposure. The Defendants request Ms. Davis be instructed not to unilaterally reference that Gallagher, Zastrow and Idoni are facing charges in that case as well.

## **CONCLUSION**

Based upon the foregoing, the Defendants request that the motion be granted and that the Court Order that the defendants may cross-examine Ms. Davis about her Michigan plea, her reduced charges in Michigan, her overall pre-plea and post-plea sentencing exposure and her pending sentencing without opening the door to their pending Michigan charges. The Defendants further request that the Government be ordered to caution Ms. Davis not to mention that Mr. Gallagher, Mr. Zastrow and Ms. Idoni are facing similar charges in the Eastern District of Michigan.

Respectfully submitted,

    /s/ **Jodie A. Bell**
JODIE A. BELL, No. 18336
Washington Square Building
214 Second Avenue North, Suite 208
Nashville, Tennessee 37201
(615) 953-4977
(615) 928-1901 facsimile
jodie@attorneyjodiebell.com
Attorney for Chester Gallagher

   **/s/ William J. Conway  (by permission)**
William J. Conway, Esq. P.C.
214 Second Avenue North, Suite 208
Nashville, TN 37201
(615) 260-5364
wjconway@gmail.com
Attorney for Defendant Heather Idoni

   **/s/ Robert L. Parris (by permission)**
Robert L. Parris, Attorney at Law
200 Jefferson Avenue, Suite 1500
Memphis, TN 38103
(615) 490-8026
rlp@robertparrisattorney.com
Attorney for Defendant Calvin Zastrow

   **/s/ Kerry Haymaker (by permission)**
Haymaker & Heroux, P.C.
545 Mainstream Drive, Suite 420
Nashville, TN 37228
(615) 250-0050
haymaker@tennesseedefense.com
Attorney for Defendant Coleman Boyd


   **/s/ Stephen M. Crampton (by permission)**
 STEPHEN M. CRAMPTON
Thomas More Society
P.O. Box 4506
Tupelo, MS  38803
662-255-9439
scrampton@thomasmoresociety.org
Attorney for Defendant Paul Vaughn


   **/s/ Manuel B. Russ (by permission)**
MANUEL B. RUSS
340 21st Avenue North
Nashville, TN 37203
(615) 329-1919
russben@gmail.com
Attorney for Defendant Dennis Green

# CERTIFICATE OF SERVICE

   I hereby certify that a true and exact copy of the foregoing Motion was filed electronically and served on the following by the EF/CME electronic filing system:

**WILLIAM J. CONWAY**
William J. Conway, Esq. P.C.
214 Second Avenue North, Suite 208
Nashville, TN 37201
(615) 260-5364
wjconway@gmail.com
Attorney for Defendant Heather Idoni

**ROBERT LYNN PARRIS**
Robert L. Parris, Attorney at Law
200 Jefferson Avenue
Suite 1500
Memphis, TN 38103
(615) 490-8026
rlp@robertparrisattorney.com
Attorney for Defendant Calvin Zastrow

**G. KERRY HAYMAKER**
Haymaker & Heroux, P.C.
545 Mainstream Drive
Suite 420
Nashville, TN 37228
(615) 250-0050
haymaker@tennesseedefense.com
Attorney for Defendant Coleman Boyd

**HEATHER G. PARKER**
Evans Bulloch Parker PLLC
302 North Spring Street
PO Box 398
Murfreesboro, TN 37133-0398
(615) 896-4154
heatherparker@bfhelaw.com
Attorney for Defendant Caroline Davis

**LARRY LAMONT CRAIN**
5214 Maryland Way
Suite 402
Brentwood, TN 37207
(615) 376-2600
larry@crainlaw.legal

**STEPHEN M. CRAMPTON**
Thomas More Society
P.O. Box 4506
Tupelo, MS 38803
662-255-9439
scrampton@thomasmoresociety.org
Attorney for Defendant Paul Vaughn

**MANUEL B. RUSS**
340 21st Avenue North
Nashville, TN 37203
(615) 329-1919
russben@gmail.com
Attorney for Defendant Dennis Green

**DAVID R. HEROUX, P.C.**
Haymaker & Heroux, P.C.
545 Mainstream Drive
Suite 420
Nashville, TN 37228
(615) 250-0050
heroux@tennesseedefense.com
Attorney for Defendant Eva Edl

**DAVID L. COOPER**
Law Office of David L. Cooper, P.C.
208 Third Avenue, N Suite 300
Nashville, TN 37201
(615) 256-1008
dcooper@cooperlawfirm.com
Attorney for Defendant Eva Zastrow

**RAYBURN McGOWAN, Jr.**
8005 Church Street East
Suite 219
Brentwood, TN 37207
(615) 244-7070
mcgowanrayburnjr@bellsouth.net
Attorney for Defendant James Zastrow


**LEONARD E. LUCAS, III**
The Law Firm of Leonard Earl Lucas
315 Deadrick St, Suite 1550
Nashville, TN 37238

(301) 204-6498
leonard.lucas@lellawfirm.com
Attorney for Defendant Paul Place

**AMANDA J. KLOPF**
U.S. Attorney's Office (Nashville)
719 Church Street
Suite 3300
Nashville, TN 37203
(615) 736-5151
amanda.klopf@usdoj.gov
Representing **USA** (*Plaintiff*)

**KYLE BOYNTON**
Department of Justice
150 M Street NE
Washington, DC 20002
(202) 598-0449
Representing **USA** (*Plaintiff*)

This the 4th day of December 2023.

/s/ Jodie A. Bell
JODIE A. BELL