IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 3:22-cr-00327 |
| v. | ) | |
| | ) | |
| | ) | Hon. Aleta Trauger |
| [1] CHESTER GALLAGHER | ) | |
| [2] HEATHER IDONI | ) | |
| [3] CALVIN ZASTROW | ) | |
| [4] COLEMAN BOYD | ) | |
| [6] PAUL VAUGHN | ) | |
| [7] DENNIS GREEN | ) | |

**GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**

The United States of America, through United States Attorney Henry C. Leventis and Assistant United States Attorney Amanda J. Klopf and Assistant Attorney General Kristen M. Clarke and Trial Attorney Kyle Boynton, hereby submits the following proposed jury instructions,[1] with notations to the Sixth Circuit's Pattern Jury Instructions or other basis for the proposed instruction, and verdict form.

These proposed instructions are based upon the evidence the United States presently expect to be admitted at trial. The United States respectfully request this Court allow the United States to request changes to the instructions based upon the evidence at the close of the proof at trial.

Respectfully submitted this the 4th day of December, 2023.

KRISTEN M. CLARKE
ASSISTANT ATTORNEY GENERAL
*s/ Kyle Boynton*
Trial Attorney

---

[1] With the exception of Sixth Circuit Pattern Instruction Sections 1.0 and 8.0, which are the Court's standard introductory and concluding instructions.

1

Civil Rights Division, Criminal Section
U.S. Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530
202-598-0449 phone
202-514-6588 fax
Kyle.Boynton@usdoj.gov


HENRY C. LEVENTIS
United States Attorney for the
Middle District of Tennessee

*s/ Amanda J. Klopf*_____
Amanda J. Klopf
Assistant United States Attorney
719 Church Street, Suite 3300
Nashville, Tennessee  37203
Phone: 615-736-5151

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 1

(Separate Consideration:  Multiple Defendants Charged with Same Crimes)

(1) That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case.  In a moment, I will explain the elements of the crime each defendant is accused of committing.

(2) Before I do that, I want to emphasize that the defendants have all been charged with more than one crime.  The number of charges is no evidence of guilt, and this should not influence your decision in any way.  And in our system of justice, guilt or innocence is personal and individual.  It is your duty to separately consider the evidence against each defendant on each charge, and to return a separate verdict for each one of them.  For each one, you must decide whether the government has presented proof beyond a reasonable doubt that a particular defendant is guilty of a particular charge.

(3) Your decision on any one defendant or charge, whether it is guilty or not guilty, should not influence your decision on any of the other defendants or charges.

Authorities:

Sixth Circuit Pattern Jury Instructions, Criminal 2.01 and 2.01C (2023) (modified).

3

<u>**GOVERNMENT'S REQUESTED INSTRUCTION NO. 2**</u>

(The Nature of the Offense Charged in Count One: Conspiracy Against Rights)
(18 U.S.C. § 241)

Count One of the Indictment charges the Defendants with violating Title 18, United States Code, Section 241 - Conspiracy Against Rights. Count One reads as follows:

From February 10, 2021 through March 5, 2021, in the Middle District of Tennessee, and elsewhere, the defendants CHESTER GALLAGHER, HEATHER IDONI, CALVIN ZASTROW, COLEMAN BOYD, PAUL VAUGHN, AND DENNIS GREEN did willfully combine, conspire, and agree with one another, and with other persons, to oppress or intimidate patients and employees of the Clinic in the free exercise and enjoyment of the rights and privileges secured to them by the laws of the United States, namely, the right to obtain and seek to obtain, and to provide and seek to provide, reproductive health services, as provided by Title 18, United States Code, Section 248(c), in violation of Title 18, United States Code, Section 241.

<u>**Purpose of the Conspiracy**</u>

1.      It was the plan and purpose of the conspiracy that defendants GALLAGHER, IDONI, ZASTROW, BOYD, VAUGHN, and GREEN, aided and abetted by each other and by other co-conspirators, would create a blockade to stop the clinic from providing, and patients from obtaining, reproductive health services.

<u>**Overt Acts**</u>

2.      In furtherance of the conspiracy, and to accomplish the objects of the conspiracy, the conspirators committed various overt acts, including, but not limited to, the following:

3.      In or about February 2021, GALLAGHER utilized social media and promoted a series of anti-abortion events scheduled for March 4 through 7, 2021, in the Nashville area. GALLAGHER used the term "rescue" to describe the physical blockade of a reproductive health care facility.

4.      In or about mid-February 2021, GALLAGHER and IDONI used Facebook, a social media platform, to coordinate travel and logistics for IDONI, ZASTROW, GREEN, and other blockade participants to travel to Nashville. GALLAGHER and IDONI also used Facebook to identify blockade participants who would be willing to risk arrest to further the objects of the conspiracy.

5.      In or about mid-February 2021, another conspirator used Facebook to communicate to BOYD that she would meet him for a "rescue" in Tennessee in March 2021. The two then did meet along with others in Mt. Juliet, Tennessee, on or about March 4, 2021, to participate in a blockade at the Clinic.

6.      In or about March 2021, IDONI, ZASTROW, BOYD, GREEN, and others traveled to the Middle District of Tennessee from other states.

7.      In or about March 4, 2021, BOYD advertised the clinic blockade on his Facebook social media account. BOYD posted, "Lord willing, our family will be doing a Facebook live of some ministry activities tomorrow morning around 7:45 AM central time. Please be in prayer towards this. Please plan to join us and share it if possible."

4

8. On or about 7:45 a.m. on March 5, 2021, BOYD stood in the hallway outside of the Clinic suite and used his Facebook account to create a livestream titled, in part, "Mt. Juliet, TN Rescue March 5, 2021."

9. GALLAGHER, IDONI, ZASTROW, VAUGHN, and others gathered in the hallway outside of the Clinic suite, directly outside the Clinic's two entry doors, at 7:45 a.m.

10. GALLAGHER and ZASTROW stood directly in front of the Clinic's main entry door, blocking access to the Clinic when BOYD commenced his Facebook livestream at approximately 7:45 a.m. BOYD announced on his Facebook livestream that the individuals depicted on his livestream, which included himself, GALLAGHER, IDONI, ZASTROW, VAUGHN, and others, were present at 7:45 a.m. because the Clinic was scheduled to open at 8:00 a.m.

11. At approximately 7:51 a.m., GREEN used his Facebook account to create a livestream of the blockade of the Clinic. GREEN recorded himself entering the Clinic building, and then riding up the elevator to the Clinic floor with others.

12. GREEN and others arrived approximately six minutes into BOYD's livestream video, at approximately 7:51 a.m. GREEN and others walked through the clinic hallway and assumed positions blocking the main door to the Clinic.

13. When Patient A and her companion arrived outside the Clinic for a scheduled reproductive health service, they encountered BOYD, who was standing next to the only hallway leading to the Clinic's entry doors. BOYD attempted to engage Patient A by asking her numerous questions. For example, BOYD asked Patient A if she was, "Trying to come to the abortion mill?" Patient A responded and walked away, but BOYD persisted and asked Patient A, "Can we talk to you for a minute?" BOYD then encouraged one of his children to approach Patient A and her companion. BOYD's child then walked up to Patient A and asked her and her companion if they're "looking for the abortion clinic?" Patient A and her companion walked into the crowded hallway but stopped short of the Clinic entrance. BOYD then directed his livestream camera into the hallway and captured Patient A speaking with Employee A. BOYD told his livestream audience that Patient A was a "mom coming to kill her baby."

14. When Employee A returned to the Clinic staff door, ZASTROW physically blocked the door for Clinic staff. ZASTROW refused to move from the door, and acknowledged to Employee A that he was trespassing. Employee A was unable to enter the Clinic, and exited the building.

15. Shortly after 8:00 a.m., GALLAGHER used his Facebook account to post a livestream video titled, "RESCUE." GALLAGHER announced that he, ZASTROW, and another individual known to the Grand Jury are "leading a rescue." GALLAGHER further stated that the "rescuers" present were "willing to be incarcerated" to "rescue families from this place of destruction." During the course of the recording, GALLAGHER explained that a successful "rescue" involved delay tactics that kept patients from obtaining, and the Clinic from performing, abortions.

16. GALLAGHER announced to IDONI, ZASTROW, VAUGHN, GREEN, and others that, "It's very important that if you're not planning on being arrested, do not sit in front of the door, do not get pictured blocking the door. I just don't want anybody having their picture taken sitting in front of the door unless you're being arrested. Otherwise, just stand up and be in the hallway." Following GALLAGHER's announcement, IDONI, ZASTROW, DAVIS, and GREEN and others used their bodies to block the Clinic's doors. BOYD remained at the opposite end of the Clinic hallway livestreaming the events with a cell phone.

17. IDONI, ZASTROW, GREEN and others continued to physically block the Clinic's doors.

18. After officers with the Mt. Juliet Police Department arrived and directed the individuals in the hallway outside the Clinic to leave, GALLAGHER told IDONI, ZASTROW, VAUGHN, GREEN and others that, "We're at the point now where we need to know who is going to jail and who is not." Following GALLAGHER's announcement, IDONI, ZASTROW, GREEN, and others blocked the Clinic's doors.

19. As VAUGHN stood in the hallway, GALLAGHER announced to IDONI, ZASTROW, VAUGHN, GREEN and others that, "We have two doors to block."

20. During GALLAGHER'S Facebook livestream, VAUGHN alerted GALLAGHER and others that the police were soon going to arrest individuals after giving a final warning. After VAUGHN spoke with the police officers, he stood next to GALLAGHER, who explained to his Facebook livestream audience that VAUGHN was engaging the police and "trying to buy us as much time as we can."

21. GALLAGHER stood next to IDONI, GREEN and others in front of the Clinic's main entry door and explained to his Facebook livestream audience that he and the blockade participants "already turned away one couple" and hoped to "stop as many murderous appointments as we can."

(In Violation of Title 18, United States Code, Section 241)

The Defendants have pleaded not guilty to this offense.

Authorities:

Indictment

18 U.S.C. § 241

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 3

(Count One - Elements of 18 U.S.C. § 241: Conspiracy Against Rights)

The Defendants have been charged in Count One with Conspiracy Against Rights, which is a separate charge from the Freedom of Access to Clinic Entrances ("FACE") Act violation charged in Count Two.

In order to prove the offense of Conspiracy Against Rights, the Government must prove each of the following three elements beyond a reasonable doubt:

First:      That two or more persons reached an agreement or came to an understanding to oppress or intimidate the patients and employees of the Clinic;

Second:   The Defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect; and

Third:     At the time the Defendant joined in the agreement or understanding, the Defendant intended to hinder, interfere with, or prevent the patients and employees of the Clinic in their right to obtain or seek to obtain, or to provide or seek to provide, reproductive health services.

The Government is not required to prove that the objective was achieved; that is, the Government is not required to prove that the defendant succeeded in oppressing or intimidating patients and employees of a reproductive health clinic in Tennessee.

If you are convinced that the Government has proved all of these elements, say so by returning a guilty verdict on this charge.

If you have a reasonable doubt about any one of these elements, then you must find the Defendant not guilty of this charge.

I will now explain each of these elements in more detail.

Authorities:

18 U.S.C. § 241

Sixth Circuit Pattern Jury Instructions, Criminal 3.01A (2023) (modified).

*Anderson v. United States*, 417 U.S. 211, 223 (1974) (discussing nature of purpose of a Section 241 conspiracy).

*United States v. Price*, 383 U.S. 787, 796-806 (1966) (discussing nature of protected right).

*United States v. Guest*, 383 U.S. 745, 753 (1966) (same).

7

*United States v. Robinson*, 813 F.3d 251, 256 (6th Cir. 2016) (listing the elements of a Section 241 conspiracy and discussing the intent element specifically).

*United States v. Hewitt*, 999 F.3d 1141, 1146-47 (8th Cir. 2021) ("For a [§ 241] conspiracy against rights, the Government must prove 'an actual agreement between two or more persons to accomplish a prohibited object.").

*United States v. Scott*, 979 F.3d 986, 990 (2d Cir. 2020) ("Section 241 makes it unlawful for 'two or more persons [to] conspire to . . . oppress . . . or intimidate any person . . . in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States.").

*United States v. Gonzalez*, 906 F.3d 784, 790 (9th Cir. 2018) ("As relevant here, § 241 prohibits two or more persons from 'conspir[ing] to . . . oppress . . . or intimidate any person . . . in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States.").

*United States v. McQueen*, 727 F.3d 1144, 1153 (11th Cir. 2013) (elements).

*United States v. Whitney*, 229 F.3d 1296, 1301 (10th Cir. 2000) (same).

Eighth Circuit Model Jury Instructions, No. 6.18.241 (Conspiracy to Deprive a Person of Civil Rights (18 U.S.C. § 241) elements) (2022 ed.).

Fifth Circuit Pattern Jury Instructions (Criminal Cases), No. 2.11 (18 U.S.C. § 241 elements) (2019 ed.).

Pattern Federal Criminal Jury Instructions of the Seventh Circuit, 18 U.S.C. § 241 (elements) (2020 ed.).

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 4

(Count One – 18 U.S.C. § 241: First Element – Existence of a Conspiracy)

The first element of Count One requires the Government to prove beyond a reasonable doubt that two or more persons came to an agreement or mutual understanding to attempt to oppress or intimidate the patients and employees of the Clinic.

An agreement is a kind of "partnership." Every Defendant who joined the agreement is a member of a conspiracy and became a partner of every other member.

The Government does not have to prove that all the Defendants named in the Indictment devised the plan. The Government need only show that the Defendant you are considering agreed on the essential nature of the plan, and not that they came up with the plan or that they agreed on the details of the criminal scheme.

The Government also does not have to prove that there was a "formal agreement" or plan in which everyone involved sat down and worked together the details. It is enough that the government prove beyond a reasonable doubt that there was a common understanding among those who were involved to oppress or intimidate the patients and employees of the Clinic.

The agreement or mutual understanding may be demonstrated by circumstantial evidence of a meeting of the minds to commit an unlawful act. Proof that the Defendant committed an act that furthered the purpose of the conspiracy is an example of the type of circumstantial evidence the Government may introduce to prove the existence of an agreement. In other words, an agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed.

The heart of a conspiracy is the agreement to oppress or intimidate the patients and employees of the Clinic. The Government does not have to prove that the conspirators succeeded in carrying out the plan.

The words "oppress" and "intimidate" are not used in any technical sense, but instead cover any conduct intended to frighten, punish, or prevent the free action of other persons.

Authorities:

18 U.S.C. § 241.

Sixth Circuit Pattern Jury Instructions, Criminal 3.02 (2023) (modified).

*Anderson v. United States*, 417 U.S. 211, 2235 (1974) (discussing nature and purpose of conspiracy and noting that a jury could find a violation of § 241 even where defendants did not specifically discuss their attempt to violate a federal right.).

*United States v. Price*, 383 U.S. 787, 796-806 (1966) (discussing nature of protected right "The language of § 241 is plain and unlimited. As we have discussed, its language embraces all of the

rights and privileges secured to citizens by all of the Constitution and all of the laws of the United States.").

*Glasser v. United States*, 315 U.S. 60, 80 (1942) ("Participation in a criminal conspiracy need not be proved by direct evidence; a common purpose and plan may be inferred from a development and collocation of circumstances.").

*United States v. Williams*, 998 F.3d 716, 728 (6th Cir. 2021) (explaining in non-civil rights conspiracy case that "[a]n agreement can be tacit, not formal, and the "government may meet its burden of proof through circumstantial evidence")

*United States v. Scott*, 979 F.3d 986, 996 (2d Cir. 2020) (holding in § 241 conspiracy case, "[t]he gist of conspiracy is, of course, agreement. Nevertheless, to establish the existence of a conspiracy, the government need not present evidence of a formal or express agreement, and may instead relay on proof the parties had a "tacit understanding to engage in the offense. The evidence must be sufficient to permit the jury to infer that the defendant and other alleged coconspirators entered into a joint enterprise with consciousness of its general nature and extent.") (internal quotations and citations omitted).

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 5

### (Count One – 18 U.S.C. § 241: Second Element – Membership in a Conspiracy)

The second element of Count One requires the Government to prove beyond a reasonable doubt that the Defendant voluntarily and intentionally joined in the agreement or understanding – that is the conspiracy - either at the time it was first reached or at some later time while it was still in effect to further the conspiracy. You must consider each Defendant separately in this regard.

A Defendant may be a conspirator without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators. A Defendant's tacit understanding is enough to show a conspiratorial agreement.

A Defendant need not know that the object of the conspiracy violated any particular law or any law at all. The Defendant need only enter into an agreement to perform acts which are in fact illegal.

Even if a Defendant played only a minor part in the plan but had a general understanding of its unlawful purpose and willfully joined in the plan, that is sufficient for you to find that the Defendant joined in the agreement.

But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the government has proved that a defendant joined a conspiracy. But without more they are not enough.

A Defendant's participation in a conspiracy can be proved by direct or circumstantial evidence. A common purpose and plan may be inferred from the totality of the circumstances, including the Defendant's statements, actions, and reactions to those circumstances. You may, but need not, draw the inference that a Defendant intended all of the consequences that a person standing in like circumstances and possessing like knowledge should reasonably have expected to result from any intentional act or conscious omission.

Authorities:

Sixth Circuit Pattern Jury Instructions, Criminal 3.03 (2023) (modified).

*Glasser v. United States*, 315 U.S. 60, 80 (1942) ("Participation in a criminal conspiracy ... may be inferred from a 'development and collocation of circumstances.'") (internal citation omitted).

*United States v. Kelly*, 785 F.2d 311 (6th Cir. 1986) (reiterating that "a person may be convicted of conspiracy 'upon showing sufficiently the essential nature of the plan and [his] connections with it, without requiring evidence of knowledge of all the details or of the participation of others'") (quoting *Blumenthal* v. *United States*, 332 U.S. 539, 557 (1947)).

*United States v. Valdez*, 611 F. App'x 330, 337 (6th Cir. 2015) ("[C]ircumstantial evidence of a defendant's knowledge of the specific object of the conspiracy is sufficient to sustain a conviction.") (citing *Glasser*, 315 U.S. at 80, and *Blumenthal*, 332 U.S. at 557).

*United States v. Vega*, 826 F.3d 514, 524 (D.C. Cir. 2016) (citing with approval, instruction, in drug conspiracy case, that the "Government was required to demonstrate that [the defendants] 'intentionally joined in that agreement,'" and the instruction that the Government must prove "a defendant participated in the conspiracy with knowledge of its unlawful purposes, and with an intent to aid in the accomplishment of its unlawful objectives.").

*United States v. Burgos*, 94 F.3d 849, 858 (4th Cir. 1996) (en banc) ("[T]he Government must also prove a defendant's connection to the conspiracy beyond a reasonable doubt. To satisfy that burden, the Government need not prove that the defendant knew the particulars of the conspiracy or all of his coconspirators. Indeed, a defendant properly may be convicted of conspiracy without full knowledge of all of the conspiracy's details, but if he joins the conspiracy with an understanding of the unlawful nature thereof and willfully joins in the plan on one occasion, it is sufficient to convict him of conspiracy, even though he had not participated before and even though he played only a minor part.") (internal quotations, citations, and alterations omitted).

*United States v. Ifediba*, 46 F.4th 1225, 1243-44 (11th Cir. 2022), cert. denied, No. 22-6503, 2023 WL 3804395 (U.S. June 5, 2023) ("Because the crime of conspiracy is predominantly mental in composition, the government may prove these elements by circumstantial evidence and inferences therefrom. The government need not prove that the defendant knew all the details of the conspiracy; it need only prove that the defendant knew of the essential nature of the conspiracy.") (internal quotations, citation, and alteration omitted).

*United States v. Jaimez*, 45 F.4th 1118, 1123 (9th Cir. 2022), cert. denied, 215 L.Ed. 2d 198, 143 S.Ct. 1038 (2023) ("Once the existence of the conspiracy is shown, knowledge of its purpose can be established by proving beyond a reasonable doubt that there was a knowing, if slight, connection between the defendant and the conspiracy. A slight connection can be inferred from circumstantial evidence, and the government need not prove the defendant knew all the conspirators and details or participated in all the conspiracy's dealings.") (internal quotations and citations omitted).

(Count One – 18 U.S.C. § 241: Third Element – Intent)

The third element of Count One requires the Government to prove that the Defendant's intent in joining the conspiracy was to hinder, interfere with, or prevent the patients and employees of the Clinic in their right to obtain or seek to obtain, or to provide or seek to provide, reproductive health services.

I will later define for you the term "reproductive health services."

You are instructed that the right to obtain and seek to obtain, and to provide and seek to provide reproductive health services is one secured by the laws of the United States. Keep in mind that Count One of the Indictment charges a conspiracy to commit the offense of depriving a person in the enjoyment of their civil rights, and not that that offense was committed.

It is not necessary for you to determine that the Defendant in question or any other conspirator was thinking in legal terms or that they knew that their action would violate anyone's protected rights. To meet this element, you need only find that the purpose of the conspiracy was to violate a protected right. This element can be met even if the conspirators were also motivated by some other emotion, so long as a purpose of the conspiracy was to deprive the Clinic's patients and employees from exercising their reproductive health rights free from being subjected to the use of physical obstructions.

If you find that the purpose of the conspiracy was to hinder, interfere with, or prevent the Clinic's patients and employees from exercising or enjoying these rights, then you may find that this element of the offense is satisfied with respect to Count One.

Authorities:

*In General*

    18 U.S.C. § 248(c)(1) (providing any person aggrieved by prohibited conduct under subsection (a)(1) may commence a civil action for relief).

    18 U.S.C. § 248(a)(1) (prohibiting the use of force, threat or force, and physical obstructions with the intent to injure, intimidate, or interfere with any person because that person is obtaining or providing reproductive health services).

    Eighth Circuit Model Jury Instructions, No. 6.18.241 (Conspiracy to Deprive a Person of Civil Rights (18 U.S.C. § 241) (2022 ed.).

    Fifth Circuit Pattern Jury Instructions (Criminal Cases), No. 2.11 (18 U.S.C. § 241 elements) (2019 ed.).

*Specific Intent Instruction Required by § 241*

*Anderson v. United States*, 417 U.S. 211, 223 (1974) ("It is established that since the gravamen of the offense under § 241 is conspiracy, the prosecution must show that the offender acted with a specific intent to interfere with the federal rights in question.").

*United States v. Price*, 383 U.S. 787, 806 n.20 (1966) (requiring specific intent be proven in a § 241 case and noting that there is "no basis for distinction" between § 241 and § 242 with respect to the specific intent requirement).

*18 U.S.C. § 248 creates an enforceable right under § 241*
*United States v. Kozminski*, 487 U.S. 931, 947 (1988) (A right has been "secured" by the laws of the United States when the right has been "made specific either by the express terms of the federal constitution or laws or by decisions interpreting them.").

*United States v. Johnson*, 390 U.S. 563, 566 (1968) (finding that Section 201 of the Civil Rights Act of 1964 created a right enforceable under Section 241).

*Defendants Need Not Think in Legal Terms*
Eighth Circuit Model Jury Instructions, No. 6.18.242 (Deprivation of Civil Rights (18 U.S.C. § 242) ("You may find the defendant acted willfully even if you find that [he/she] had no real familiarity with the Constitution or with the particular constitutional right involved.) (2022 ed.).

Fifth Circuit Pattern Jury Instructions (Criminal Cases), No. 2.12 (18 U.S.C. § 242) ("To find that the defendant was acting willfully, it is not necessary for you to find that the defendant knew of a specific Constitutional provision or federal law that his [her] conduct violated.") (2019 ed.).

*United States v. Johnstone*, 107 F.3d 200, 209-10 (3d Cir. 1997) ("You may find that a defendant acted with the required specific intent even if you find that he had no real familiarity with the Constitution or with the particular constitutional right involved . . .").

*United States v. Reese*, 2 F.3d 870, 885 (9th Cir. 1993) (holding that the "defendant need not have been thinking about the law to have acted in reckless disregard of federal rights.").

*Other Motivations*
*United States v. Johnstone*, 107 F.3d 200, 209 (3d Cir. 1997) (approving instruction: "Nor does it matter that a defendant may have also been motivated by hatred, anger or revenge, or some other emotion, provided that the specific intent which I have described to you is present.").

*United States v. Hoffman*, 498 F.2d 879, 882 (7th Cir. 1974) (holding that when defendants willfully deprived victims of rights under color of law, it was immaterial that they may have also received personal gratification from the brutality).

14

*Crews v. United States*, 160 F.2d 746, 749 (5th Cir. 1947) (holding that offense is complete "even though defendant was also actuated by personal anger, hate, malice, and a desire for revenge.").

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 7

### (Count One – 18 U.S.C. § 241: Overt Acts)

The Indictment sets forth a number of acts, some of which the Defendant committed in furtherance of the conspiracy charged in Count One. You are instructed that proof of these "overt acts" is not an element of Count One. The United States is not required to prove that the Defendant or any co-conspirator committed any such overt act set forth in the Indictment, but you may consider any overt act which you believe occurred to help determine whether the conspiracy was formed and who joined it.

Authorities:

*In General*
18 U.S.C. § 241.

*No Overt Act Requirement in Section 241*
*United States v. Shabani*, 513 U.S. 10, 13-14 (1994) (holding that the drug conspiracy statute, 21 U.S.C. § 846, does not require proof of overt act, since the statute, like § 241, is silent about such a requirement).

*United States v. Whitney*, 229 F.3d 1296, 1301 (10th Cir. 2000) (§ 241 has no overt act requirement).

*United States v. Skillman*, 922 F.2d 1370, 1375 (9th Cir. 1990) (§ 241 has no overt act requirement).

*United States v. Morado*, 454 F.2d 167 (5th Cir. 1972) (§ 241 has no overt act requirement).

*But see United States v. Rosser*, No. 22-3887, 2023 WL 4080095, at *3-4 (6th Cir. June 20, 2023) (acknowledging that, although the language of 18 U.S.C. § 241 "does not specify an overt-act requirement," neither the Supreme Court nor the Sixth Circuit had been presented with or decided the issue) (citing *United States* v. *Conatser*, 514 F.3d 508, 519 n.4 (6th Cir. 2008)).

*Overt Acts May Be Considered in Deciding Whether Conspiracy Existed*
*United States v. Redwine*, 715 F.2d 315, 320 (7th Cir. 1983) ("circumstantial evidence and reasonable inferences drawn therefrom concerning the relationship of the parties, their overt acts, and the totality of their conduct may serve as proof of § 241 conspiracy").

*United States v. Irvin*, 787 F.2d 1506, 1516 (11th Cir. 1986) (the United States could introduce evidence of overt acts to show furtherance of § 241 conspiracy).

16

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 8

Some of the people who may have been involved in the events described in Count One of the Indictment are not on trial.  This does not matter.  There is no requirement that all members of a conspiracy be charged and prosecuted in one proceeding.


Authorities:

Sixth Circuit Pattern Jury Instructions, Criminal 3.06 (2023) (modified).

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 9

(The Nature of the Offense Charged in Count Two: Freedom of Access to Clinic Entrances Act)
(18 U.S.C. §§ 248(a)(1) and 2)

Count Two of the Indictment charges the Defendants with violating Title 18, United States Code, Section 248(a)(1) - the Freedom of Access to Clinic Entrances (FACE) Act; and for violating the FACE Act either personally or as an aider and abettor under Title 18, United States Code, Section 2. Count Two reads as follows:

On or about March 5, 2021, in Tennessee and elsewhere, the defendants CHESTER GALLAGHER, HEATHER IDONI, CALVIN ZASTROW, COLEMAN BOYD, PAUL VAUGHN, and DENNIS GREEN, aiding and abetting one another, did by engaging in physical obstruction, intentionally intimidate and interfere with, and attempt to intimidate and interfere with, Patient A and the employees of the Clinic, because Patient A was obtaining, and the Clinic was providing, reproductive health services.

(In Violation of Title 18, United States Code, Sections 248(a)(1) and 2)

The Defendants have pleaded not guilty to this offense.

Authorities:

Indictment

18 U.S.C. § 248

18 U.S.C. § 2

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 10

### (Count Two - Elements of 18 U.S.C. § 248(a)(1): FACE Act)

In order for you to find a Defendant guilty of this charge, the Government must prove each of the following three elements beyond a reasonable doubt:

First:        The Defendant engaged in physical obstruction;

Second:     The Defendant intentionally intimidated, or interfered with Patient A or the employees of the Clinic, or the Defendant attempted to do so; and

Third:        The Defendant acted as he or she did because Patient A was obtaining, or the Clinic was providing, reproductive health services.

If you are convinced that the Government has proved each of these elements beyond a reasonable doubt, say so by returning a guilty verdict on this charge.

If you have a reasonable doubt about any one of these elements, then you must find the Defendant not guilty of this charge.

I will now explain each of these elements in more detail.


Authorities:

18 U.S.C. § 248(a)(1).

Sixth Circuit Pattern Jury Instructions, Criminal 2.02 (2023) (modified).

*United States v. Balint*, 201 F.3d 928, 932 (7th Cir. 2000) ("[P]arsing this language, a violation of the Act has three elements. The first element is the use or threat of force or physical obstruction of a clinic . . . The Act's second element is that the obstruction intentionally . . . intimidate or interfere with or attempt to . . . intimidate or interfere with persons . . . . [T]he Act's third element . . . requires that the defendant's actions be taken because . . . the interfered-with person is or has been, or in order to intimidate such person or any other person or class of persons from, obtaining or providing reproductive health services.") (internal quotations, citations, and alteration omitted).

*United States v. Retta*, 840 F.Supp.2d 262, 264 (D.D.C. Jan. 10, 2012) ("The [FACE Act] provides penalties for and remedies against an individual who ". . . by physical obstruction, intentionally . . . intimidates or interferes with or attempts to . . . intimidate or interfere with any person because that person is or has been . . . obtaining or providing reproductive health services.").

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 11

(Count Two – FACE Act Offense: First Element – Physical Obstruction)

The first element of the FACE Act violation charged in Count Two requires the Government to prove beyond a reasonable doubt that the Defendant engaged in physical obstruction.

The term physical obstruction is defined as rendering impassable an entrance to or exit from a facility that provides reproductive health services, or rendering passage to or from such a facility unreasonably difficult or hazardous.

Authorities:

18 U.S.C. § 248(e)(4)

Sixth Circuit Pattern Jury Instructions, Criminal 2.02 (2023) (modified).

*Merriam-Webster's on-line Dictionary*, 2022.

*United States v. Mahoney*, 247 F.3d 279, 282-83 (D.C. Cir. 2001) ("[P]hysical obstruction" is defined as "rendering impassable ingress to or egress from a facility that provides reproductive health services . . . or rendering passage to or from such a facility . . . unreasonably difficult or hazardous.").

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 12

(Count Two – FACE Act Offense: Second Element – Defendant Intentionally Intimidated, or Interfered with Patient A or the Clinic Employees, or Attempted to Do So)

The second element of the FACE Act violation charged in Count Two requires the Government to prove either that the Defendant intentionally *intimidated* or *interfered with* Patient A or the employees of the Clinic; or that the Defendant attempted to do so.

The Defendant's intent or the knowledge the Defendant possessed at any given time may not ordinarily be proved directly because there is no way of knowing what a person is actually thinking. But you may infer the Defendant's intent or knowledge from the surrounding circumstances. This includes any statement made or acts done or omitted by the Defendant and all other facts and circumstances received in evidence, which indicate the Defendant's intent or knowledge. You may also infer that the Defendant intended the natural and probable consequences of acts knowingly done, and whether it is reasonable to conclude that the defendant intended those results. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

The term *intimidate* means to place a person in reasonable apprehension of bodily harm to themself or another. The term *interfere with* means to restrict a person's freedom of movement.

To find that the Defendant *attempted* to intimidate or interfere with Patient A or a Clinic employee, the Government must prove that the Defendant actually intended to cause an injury, to intimidate, or to interfere with Patient A or a Clinic employee, and that the Defendant intentionally performed an act that constituted a substantial step towards injuring, intimidating, or interfering with Patient A or a Clinic employee. Mere preparation is insufficient.

If you find that the Defendant acted voluntarily and purposely to intimidate or interfere with Patient A or a Clinic employee, or that the Defendant attempted to do so, rather than that they acted inadvertently or by mistake, then you may find this element of the offense proved.

Authorities:

Sixth Circuit Pattern Jury Instructions, Criminal 2.08 & 5.01 (2023) (modified).

*United States v. Mahoney*, 247 F.3d 279, 284 (D.C. Cir. 2001) (Defendant acted with intent where his "actions compelled patients to enter the clinic through the crowded and chaotic rear entrance . . . . [which] was a foreseeable and intended consequence of his action, and [] constitutes physical obstruction.") (citations and internal quotations omitted).

*United States v. Weslin*, 156 F.3d 292, 298 (2d Cir. 1998) ("It follows that the defendants, *whatever their motive may have been*, did intend to obstruct and interfere with the obtaining and

provision of reproductive health services as defined by Congress. That is all the intent that the statute requires.") (emphasis added).

*United States v. Gregg*, 32 F. Supp. 2d 151, 156 (D.N.J. 1998) ("For purposes of FACE, 'intent' means 'intending to perform the act and aware of the natural and probable consequences of it.'") (citations omitted), *aff'd*, 226 F.3d 253 (3d Cir. 2000).

18 U.S.C. § 248 (e)(2) (defining "interfere with") and (e)(3) (defining "intimidate").

*United States v. Dillard*, 795 F.3d 1191, 1198 (10th Cir. 2015) ("The statute defines 'intimidate' to mean 'to place a person in reasonable apprehension of bodily harm to him—or herself or to another.").

*United States v. Balint*, 201 F.3d 928, 932 (7th Cir. 2000) ("The Act defines interfere with as to restrict a person's freedom of movement.") (internal quotations and citations omitted).

<u>**GOVERNMENT'S REQUESTED INSTRUCTION NO. 13**</u>

(Count Two – FACE Act Offense: Third Element – The Defendant Acted Because the Victim
was Obtaining or Providing Reproductive Health Services)

The third element of the Section 248(a)(1) offense charged in Count Two requires the Government to prove that the Defendant acted as they did because Patient A was obtaining, or the Clinic employees were providing, reproductive health services.

*Reproductive health services* means reproductive health services provided in a hospital, clinic, physician's office, or other facility, and includes medical, surgical, counselling or referral services relating to the human reproductive system, including services relating to pregnancy or the termination of a pregnancy. A provider of reproductive health services includes any staff member who is an integral part of a business where reproductive health services are provided. If you find that the Clinic employees were working as staff members of a facility providing reproductive health services, then you may find that they provide reproductive health care.

In determining whether the Government has proved that the Defendant acted as he did because Patient A was obtaining, or the Clinic employees were providing, reproductive health services, you may consider statements made or language used by the Defendant, the circumstances surrounding the alleged offense, and all other evidence that may shed light on the Defendant's motives.

So long as Patient A's status as a reproductive health services patient, or the Clinic employees' role as reproductive health services providers was a *but-for* cause of the Defendant's conduct, that is enough to satisfy the third element. A *but-for* cause does not mean the sole cause or even the primary cause. You must find that the defendant would not have acted as he or she did had Patient A *not* been obtaining reproductive health care or had the Clinic not been providing it.

Therefore, you may find that the third element has been met, even if you find that the Defendant also had other reasons for doing what they did. The Government is not required to prove that the fact that Patient A's status as a reproductive health care patient, or the Clinic employees' role as reproductive health care providers was the sole motivation for a Defendant's actions.

<u>Authorities</u>:

18 U.S.C. § 248(e)(5) (defining "reproductive health services").

*Bostock v. Clayton Cty., Georgia*, 140 S. Ct. 1731, 1739 (2020) (In the context of a claim under Title VII, "the ordinary meaning of 'because of' is 'by reason of' or 'on account of.' In the language of law, this means [the] 'because of' test incorporates the simple and traditional standard of but-for causation. That form of causation is established whenever a particular outcome would not have happened 'but for' the purported cause. In other words, a but-for test

23

directs us to change one thing at a time and see if the outcome changes. If it does, we have found a but-for cause. . . . Often, events have multiple but-for causes.").

*Burrage v. United States*, 134 S. Ct. 881, 888-89 (2014) (explaining that the term "because of" requires proof of "but-for" causation.).

*Gross v. FBL Financial Services, Inc.*, 557 U.S. 167, 176 (2009) ("[T]he ordinary meaning of the ADEA's requirement that an employer took adverse action 'because of' age is that age was the 'reason' that the employer decided to act.").

*United States v. Miller*, 767 F.3d 585, 591 (6th Cir. 2014) ("[T]he Supreme Court has 'insiste[d]' that 'statutes using the term 'because of' require a showing of 'but-for causality,' . . . [and] has applied this requirement in criminal and civil cases alike." (quoting *Burrage*, 134 S. Ct. at 889)).

*United States v. George*, 949 F.3d 1181, 1187 (9th Cir.), *cert. denied*, 141 S. Ct. 605, (2020) ("But-for causation is a relatively undemanding standard: a but-for cause of a harm can be anything without which the harm would not have happened.").

*United States v. Allen*, 341 F.3d 870, 886-88 (9th Cir. 2003) (holding that in prosecution under 18 U.S.C. § 245(b)(2)(B), government may use a variety of evidence to prove the defendants' motives, i.e., that they acted "because of" race).

*United States v. Dinwiddie*, 76 F.3d 913, 927 (8th Cir. 1996) ("[W]orkers at an abortion clinic . . . [are providers of] reproductive-health services").

*United States v. Hill*, 893 F. Supp. 1034, 1038-39 (N.D. Fla. 1994) (explaining that, in passing the FACE Act, "Congress was concerned not only with the safety of doctors and nurses, but also with the safety of others who are essential to the provision of clinic services").

*Greenhut v. Hand*, 996 F. Supp. 372, 376 (D.N.J. 1998) ("FACE has been construed to prohibit threats or violence against abortion clinic escorts").

H. Rep. No. 103-306, at 12 (1993) ("Both threats of force would be covered wherever they occur, whether at the clinic site, at the victim's home, the service provider's home, or elsewhere in the community.").

S. Rep. No. 103-117, at 24 (1993) ("The conduct prohibited by section 2715(a)(1) [codified at 18 U.S.C. § 248(a)(1)] constitutes a violation whether or not it occurs at or in the vicinity of a facility that provides abortion-related services.").

## **GOVERNMENT'S REQUESTED INSTRUCTION NO. 14**

### (Count Two: 18 U.S.C. § 2(a) – Aiding and Abetting)

For you to find any Defendant guilty of violating the FACE Act, it is not necessary for you to find that he or she personally committed the crime. You may also find him guilty if he or she intentionally helped or encouraged someone else to commit the crime. A person who does this is called an aider and abettor.

For you to find a Defendant guilty of violating the FACE Act as an aider and abettor, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A) First, that the crime of violating the FACE Act was committed.

(B) Second, that the defendant helped to commit the crime or encouraged someone else to commit the crime.

(C) And third, that the defendant intended to help commit or encourage the crime.

Proof that the defendant may have known about the crime, even if he or she was there when it was committed, is not enough for you to find them guilty. You can consider this in deciding whether the government has proved that he or she was an aider and abettor, but without more it is not enough.

What the government must prove is that the defendant did something to help the crime with the intent that the crime be committed.


Authorities:

18 U.S.C. § 2(a).

Sixth Circuit Pattern Jury Instructions, Criminal 4.01 (2023) (modified).

*United States v. Katuramu*, 174 F. App'x 272, 278-79 (6th Cir. 2006) (finding no error where district court's instruction were a "verbatim recitation of the aiding and abetting statute and the relevant Sixth Circuit Pattern Jury Instruction regarding aiding and abetting").

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 15

("on or about")

(1) Next, I want to say a word about the date mentioned in the indictment.

(2) The indictment charges that the crimes happened "on or about" certain dates. The government does not have to prove that the crime happened on that exact date. But the government must prove that the crime happened reasonably close to that date.

Authorities:

Sixth Circuit Pattern Jury Instructions, Criminal 2.0 (2023) (modified).

**GOVERNMENT'S REQUESTED INSTRUCTION NO. 16**

(Use of the Word "And" in the Indictment)

Although the Indictment charges that the statute was violated by acts that are connected by the word "and," it is sufficient if the evidence establishes a violation of the statute by any one of the acts charged. Of course, this must be proved beyond a reasonable doubt.

Authorities:

Sixth Circuit Pattern Jury Instructions, Criminal 2.12 (2023) (modified).

## <u>GOVERNMENT'S REQUESTED INSTRUCTION NO. 17</u>

### (Defendant's Election Not to Testify or Present Evidence)

(1) A defendant has an absolute right not to testify or present evidence. The fact that a defendant did not testify or present any evidence cannot be considered by you in any way. Do not even discuss it in your deliberations.

(2) Remember that it is up to the government to prove each defendant guilty beyond a reasonable doubt. It is not up to the defendant to prove that he or she is innocent.

<u>Authorities</u>:

Sixth Circuit Pattern Jury Instructions, Criminal 7.02A (2023)

[AND/OR]

## <u>COURT'S INSTRUCTION NO. 18</u>

### (Defendant's Testimony)

(1) You have heard at least one defendant testify. Earlier, I talked to you about the "credibility" or the "believability" of the witnesses. And I suggested some things for you to consider in evaluating each witness's testimony.

(2) You should consider those same things in evaluating the defendant's testimony.

<u>Authorities</u>:

Sixth Circuit Pattern Jury Instructions, Criminal 7.02B (2023)

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 19

(Testimony of an Accomplice)

(1) You have heard the testimony of Caroline Davis. You have also heard that she was involved in the same crime that the defendants are charged with committing. You should consider Caroline Davis's testimony with more caution than the testimony of other witnesses.

(2) Do not convict a defendant based on the unsupported testimony of such a witness, standing alone, unless you believe her testimony beyond a reasonable doubt.

(3) The fact that Caroline Davis has pleaded guilty to a crime is not evidence that a defendant is guilty, and you cannot consider this against a defendant in any way.

Authorities:

Sixth Circuit Pattern Jury Instructions, Criminal 7.08 (2023) (modified).

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 20

(Transcripts)

(1) You have heard some recorded conversations that were received in evidence, and you were given some written transcripts of the recordings.

(2) Keep in mind that the transcripts are not evidence.   They were given to you only as a guide to help you follow what was being said.    The recordings themselves are the evidence.  If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read.   And if you could not hear or understand certain parts of the recordings, you must ignore the transcripts as far as those parts are concerned.

Authorities:

Sixth Circuit Pattern Jury Instructions, Criminal 7.17 (2023)

**GOVERNMENT'S REQUESTED INSTRUCTION NO. 21**

(Summaries Admitted in Evidence)

(1) During the trial you have seen or heard summary evidence in the form of charts. These summaries were admitted in evidence, in addition to the material they summarize, because they may assist you in understanding the evidence that has been presented.

(2) But the summaries themselves are not evidence of the material they summarize, and are only as valid and reliable as the underlying material they summarize.

Authorities:

Sixth Circuit Pattern Jury Instructions, Criminal 7.12A (2023)

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 22

### (If Federal Rule of Evidence 404(b) Evidence Ultimately is Admitted)

You have heard testimony that on some other occasion, whether before or after the incident charged in Count Two of the Indictment, Defendants CHESTER GALLAGHER, HEATHER IDONI, CALVIN ZASTROW, and DENNIS GREEN were involved in another incident at a reproductive health care facility. It is up to you to decide whether to accept that evidence.

If you find that the Defendant whom you are considering committed the acts alleged in these other incidents, you may use this other act evidence only for a limited purpose. You may consider this evidence only for the purpose of deciding whether that Defendant had a motive, opportunity, plan, knowledge, or the intent to commit the crime charged in Count Two.

Do not consider this evidence for any other purpose or against any other Defendant. Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered. You may give it such weight as you feel it deserves, but only for the limited purpose that I described for you.

The Defendant is not on trial for committing this other act. You may not consider the evidence of the other act as a substitute for proof that the Defendant committed the crimes charged. You may not consider this evidence as proof that the Defendant has a bad character or any propensity to commit crimes. Specifically, you may not use this evidence to conclude that because the Defendant may have committed the other act, he must have also committed the act charged in the Indictment.

Remember that the Defendant is on trial here for violating 18 U.S.C. § 248(a)(1) on March 5, 2021, and not for their conduct on the other occasion. Do not return a guilty verdict unless the Government proves the crimes charged in the Indictment beyond a reasonable doubt.


Authorities:

Federal Rule of Evidence 404(b).

Sixth Circuit Pattern Jury Instructions, Criminal 7.13 (2023) (modified).

*Huddleston v. United States*, 485 U.S. 681, 689-92 (1988) (Protection against unfair prejudice from introduction of Rule 404(b) evidence emanates from (1) the requirement that Rule 404(b) that the evidence be offered for a proper purpose; (2) from the relevancy requirement of Rule 402; (3) from the assessment the trial court must make under Rule 403; and (4) from Rule 105, which provides that the trial court shall, upon request, instruct the jury that the Rule 404(b) evidence is to be considered only for the proper purpose for which it was admitted).

*United States v. Stout*, 509 F.3d 796, 799 (6th Cir. 2007) ("Prior bad acts, including prior convictions, can be admitted under Rule 404(b), which requires (1) use of evidence for a proper purpose (that is, other than as character or propensity evidence), (2) relevance, (3) that the evidence not be substantially more unfairly prejudicial than probative pursuant to Rule 403, and (4) that the court give a limiting instruction, if requested, such that the jury will only consider the evidence for the proper purpose rather than as character or propensity evidence.") (citing *Huddleston*, 485 U.S. at 681, 691-92).

*United States v. Cassell*, 292 F.3d 788, 792 (D.C. Cir. 2002) ("[E]vidence of a defendant's prior bad acts is admissible for purposes unrelated to the defendant's character or propensity to commit crime, such as 'proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.'" (citations omitted).

## CERTIFICATE OF THE SERVICE

I certify that a true and correct copy of the foregoing was filed electronically and served electronically, via the CM/ECF electronically filing system on this 4th day of December, 2023, upon the following:

**JODIE A. BELL**
Law Office of Jodie A. Bell
Washington Square Building 214 Second Avenue
North Suite 208
Nashville, TN 37201
USA
jodie@attorneyjodiebell.com
(615) 953-4977
*Attorney for Defendant Chester Gallagher*

**WILLIAM J. CONWAY**
William J. Conway, Esq. P.C.
214 Second Avenue North, Suite 208
Nashville, TN 37201
(615) 260-5364
wjconway@gmail.com
*Attorney for Defendant Heather Idoni*

**LARRY LAMONT CRAIN**
5214 Maryland Way
Suite 402
Brentwood, TN 37207
(615) 376-2600
larry@crainlaw.legal

**STEPHEN M. CRAMPTON**
Thomas More Society
P.O. Box 4506
Tupelo, MS 38803
662-255-9439
scrampton@thomasmoresociety.org
*Attorneys for Defendant Paul Vaughn*

**ROBERT LYNN PARRIS**
208 3rd Avenue North Ste 300
Nashville, TN 37201
rlp@robertparrisattorney.com
(901) 490-8026
*Attorney for Defendant Calvin Zastrow*

**G. KERRY HAYMAKER**
Haymaker & Heroux, P.C.
545 Mainstream Drive
Suite 420
Nashville, TN 37228
(615) 250-0050
haymaker@tennesseedefense.com

**STEVE C. THORNTON, I**
Steve Thornton Attorney Law Office
P.O. Box 16465
Jackson, MS 39236
USA
mail@lawlives.com
(601) 982-0313
*Attorneys for Defendant Coleman Boyd*

**MANUEL B. RUSS**
340 21st Avenue North
Nashville, TN 37203
(615) 329-1919
russben@gmail.com

**JOHN R. MANSON**
3112 Carrington Court
Nashville, TN 37218
USA
jmanson@lewisthomason.com
615-259-1366
*Attorneys for Defendant Dennis Green*

*s/ Amanda J. Klopf*
AMANDA J. KLOPF
Assistant U.S. Attorney

34