IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 3:22-cr-00327 |
| v. ) | |
| ) | |
| ) | |
| [1] CHESTER GALLAGHER ) | |
| [2] HEATHER IDONI ) | |
| [3] CALVIN ZASTROW ) | |
| [4] COLEMAN BOYD ) | |
| [6] PAUL VAUGHN ) | |
| [7] DENNIS GREEN ) | |

**Government's Response to Defense Motion in Limine Nos. 2 and 3**

The United States of America, by and through undersigned counsel, submits this response to the defense's motions in limine seeking to preclude the Government and the Court from using the term "co-conspirator" to refer to statements admitted under Fed. R. Evid. 801(d)(2), ECF No. 355 (Defs.' MIL No. 2), and to require the Government to satisfy the requirements of the same before it can introduce statements made by parties who are not charged in these proceedings, ECF No. 356 (Defs.' MIL No. 3). The use of the term "co-conspirator" does not unfairly prejudice Defendants; therefore, the Government opposes Defs. MIL No. 2. Should the Court prefer, however, the Government may be amenable to using "Rule 801(d)(2)(E) statement" instead, with the understanding that it reserves its right as an advocate to use the term "co-conspirator" in argument.

1

As for Defs. MIL No. 3, statements by a declarant who is not charged can satisfy Rule 801(d)(2)(E). The Government thus requests that, to the extent Defs. MIL No. 3 seeks a ruling to the contrary, the Court defer until it is presented with particular statements by particular declarants.

## ARGUMENT

Federal Rule of Evidence 801(d)(2)(E) provides in relevant part that, "[a] statement is not hearsay if . . . the statement is offered against an opposing party and was made by the party's *co-conspirator* during and in furtherance of the *conspiracy*." Fed. R. Evid. 801(d)(2)(E) (emphasis added). The Court may admit an out-of-court statement under this rule if it finds, by a preponderance of the evidence, that a conspiracy including a defendant and the declarant existed, and that the statement was made during the course and in furtherance of the conspiracy. *Bourjaily v. United States*, 483 U.S. 171, 175 (1987).

### A. There is Nothing Improper About the Government Using the Term "Co-Conspirator" in Referring to Statements Admitted under Rule 801(d)(2)(E)

Defendants' principal concern in Defs.' MIL No. 2 appears to be tied to the first and third parts of the analysis triggered by Rule 801(d)(2)(E): (i) the Government seeks to admit a statement under Rule 801(d)(2)(E), (ii) the defense objects, and (iii) the Court rules on the objection. At each of those points, the jury will likely hear the Government, and possibly the Court, refer to the statement being offered as a "co-conspirator statement." Defendants argue that these references could "taint the jury's perception of the proof" because the term "co-conspirator" implies that "a conspiracy has occurred," when that is the very issue the jury will be charged with determining. Defs. MIL No. 2 at 1, 3. Defendants have not cited any authority barring the Government from using the term "co-conspirator," and none with respect to statements admitted under Rule 801(d)(2)(E).

2

There is nothing improper about the Government using the term "co-conspirator" statement to refer to statements admitted under the "co-conspirator" exception to the prohibition against hearsay. In particular, although defendants do not articulate an evidentiary basis for their objection, their references to "invad[ing] the province of the jury," and "taint[ing] the jury" rings of reliance on Federal Rule of Evidence 403. To the extent that is the case, the fact that the motion targets arguments—descriptive words—is fatal, as Rule 403 is a rule for excluding *evidence*, when, as the Court will likely instruct the jury, the words lawyers choose to use at trial are decidedly not. *See United States v. Patel*, No. 3:21-CR-220 (VAB), 2023 WL 2643815, at *11 (D. Conn. Mar. 27, 2023) (finding that the instruction that "the lawyers' statements are not evidence" as the appropriate remedy, as opposed to "prevent[ing] either party from using phrases" like "co-conspirator," which "are features of [an] underlying conspiracy").

Defendants have not explained how the jury's role is "supplanted" by the Government implying this is a conspiracy any more than it is when Defendants advocate for the opposite position, implicitly or otherwise. Nor have they offered a reason to believe that an appropriate instruction to the jury would not suffice to cure any such concern here. *E.g.*, Sixth Circuit Pattern Jury Instructions, Criminal 1.04 (2023) (instructing that lawyers' "statements," lawyers' "questions and objections," the Court's "legal rulings," and the Court's "comments and questions" are all "not evidence"). Defs. MIL No. 2 should therefore be denied.

In the event that the Court is nevertheless inclined to grant Defendants' motion, Defendants' alternate proposal of using the term "co-defendant" to refer to statements admitted under Rule 801(d)(2)(E) is not workable. As explained below, an individual does not need to be a defendant in order for his/her statement to be admissible under Rule 801(d)(2)(E). The

3

Government would instead endeavor to refer to the statements as "Rule 801(d)(2)(E) statements" for purposes of arguing admissibility and reserving the right to refer to such statements as "co-conspirator statements" in the argument portions of its trial presentation.

The Government's reservation of rights in this instance is premised on the Sixth Circuit's longstanding view that lawyers, including lawyers for the Government, are entitled to broad latitude in the inferences they may suggest to the jury during argument. *E.g.*, *United States v. Boyd*, 640 F.3d 657, 669 (6th Cir. 2011) (emphasizing the "wide latitude" afforded "to a prosecutor during closing argument" (citations omitted)). That latitude would mean little if the Government is not even permitted to use a term that is part of the Federal Rule of Evidence, and which accurately reflects the status of the statements. *See United States v. Gasperini*, No. 16-CR-441 (NGG), 2017 WL 3140366, at *7 (E.D.N.Y. July 21, 2017) (rejecting the defendant's motion to exclude the term victim because "[t]he Government is within its rights to take and advocate for a different view of the evidence"), *aff'd*, 729 F. App'x 112 (2d Cir. 2018); *United States v. Helbrans*, No. S219CR497NSR0102, 2021 WL 4778525, at *16 (S.D.N.Y. Oct. 12, 2021) (allowing the Government to use the term victim where the Government "ha[d] a good faith basis for arguing" there were victims and therefore, in light of the Court's jury instruction that the lawyer's statements are not evidence, "use of the word victims ... [was] fair argument"). Put simply, not being able to use the term "co-conspirator statement" when arguing that Defendants should be found guilty of conspiracy would be unduly restrictive.

### B. The Government Will Provide Sufficient Evidence for the Court to Admit Statements under Rule 801(d)(2)(E), including Any Statements by Uncharged Co-Conspirators

In anticipation of the Government introducing out-of-court statements by persons not charged in this case, Defs.' MIL No. 3 appears to request that the Court require the Government to "preliminarily establish that [uncharged] persons were part of the [alleged] conspiracy" before the Government can introduce "statements made by" those persons as admitted under Rule 801(d)(2)(E). Defs.' Mot. No. 3 at 1, 3. If that is the case, the Government does not oppose the motion as this is an express condition of the rule, and the Government will provide sufficient evidence for the Court to find any such statements admissible under Rule 801(d)(2)(E).

However, as a result of a handful of references by Defendants, Defs.' MIL No. 3 can also be read to suggest that "statements made by uncharged parties during March 5, 2021, incident are non-admissible hearsay pursuant to F.R.E. 801(d)(2)(E)." Defs.' Mot. No. 3 at 1, 3. To the extent that is the argument Defendants intended to advance, it relies on an incorrect reading of the law.

Critically, the Government need only establish that a defendant and the declarant are members of *some* conspiracy for the statement to be admissible. That is, the conspiracy does not need to be the one that is currently charged, and the declarant does not need to have also been charged with conspiracy. *See United States v. Lyles*, 593 F.2d 182, 194 (2d Cir. 1979) ("It is settled law that the conspiracy which serves as the vehicle for the introduction of a vicarious admission by a co-conspirator need not be charged in the indictment."); *United States v. Bowe*, 221 F.3d 1183, 1193 (11th Cir. 2000) ("[T]he conspiracy that forms the basis for admitting a coconspirator's out of court statements need not be the same conspiracy for which the defendant is charged."). In fact, the exception can be used even if no one has been charged with conspiracy.

5

*E.g.*, *Helbrans*, 2021 WL 4778525, at *22 (citing *United States v. Stratton*, 779 F.2d 820, 829 (2d Cir. 1985) ("[I]t is not necessary that the Government charge a conspiracy to take advantage of Fed. R. Evid. 801(d)(2)(E).")).

To this effect, the Sixth Circuit has found that even co-conspirator statements made by an *unknown* individual—and therefore not necessarily charged in an indictment—were admissible so long as circumstantial evidence permits a finding that there was a conspiracy involving the declarant and the defendant. *United States v. Martinez*, 430 F.3d 317, 327 (6th Cir. 2005) (citations omitted). The *Martinez* court explained that what was essential to the analysis was "that the government show that the unknown declarant was more likely than not a conspirator" and at no point discussed the status of the declarant as a co-defendant. *Id.* (allowing the statement of an uncharged co-conspirator whose identity was unknown, noting that even an anonymous statement may be admissible under Federal Rule of Evidence 801(d)(2)(E) if circumstantial evidence permits a finding by a preponderance of the evidence that a conspiracy existed between declarant and defendant, and the statement was made in the course and in furtherance of the conspiracy[1]); *see also United States v. Castillo-Gamez*, 466 F. App'x 859, 865 (11th Cir. 2012) ("[S]tatements of an uncharged co-conspirator may be admitted so long as the existence of the conspiracy has been properly established."); *United States v. Freeman*, 619 F.2d 1112, 1123 (5th Cir. 1980) (same).

---

[1] Defendants do not appear to be arguing that the statements by the unindicted co-conspirators were not made in the course and furtherance of the conspiracy. That argument finds no support in the caselaw where, as here, the statements were "intended to promote conspiratorial objectives." *Martinez*, 430 F.3d 317 at 327 (explaining that a statement is made in furtherance of a conspiracy when "the statements are made to apprise a coconspirator of the progress of the conspiracy, to induce his continued participation, or to allay his fears"). The United States is willing to provide additional caselaw and analysis if it is necessary for the Court's resolution of these Motions.

Similarly, the Government's decision not to indict a particular individual does not mean that individual no longer qualifies as a coconspirator for purposes of Rule 801(d)(2)(E). This is in part because the conspiracy for Rule 801(d)(2)(E) purposes does not need to be the same conspiracy that is charged. *See supra* at p. 5. It is also because the standard of proof for said conspiracy is preponderance of the evidence, not beyond a reasonable doubt as it is for proving a charged conspiracy. *See United States v. Bourjaily*, 781 F.2d 539, 542-46 (6th Cir. 1986) (applying the preponderance of the evidence standard to determine that declarant's statements were admissible under Rule 801(d)(2)(E), and later examining the verdict that defendant was guilty of conspiracy under the beyond-a-reasonable-doubt standard), *aff'd*, 483 U.S. 171 (1987).

In light of this caselaw, and the fact that Defendants have not identified any particular statement they seek to preclude, it would be premature for the Court to categorically rule on the admissibility of statements made by uncharged persons. As a result, with the Government mindful of its obligations under Rule 801(d)(2)(E), the Court should defer ruling on any objection until after a particularized foundation has been laid at trial.[2]

## CONCLUSION

For the foregoing reasons, the Government requests that this Court deny Defendants' Motion in Limine No. 2, or, in the alternative, deny in part, accompanied by an order that encourages the parties to use the term "Rule 801(d)(2)(E) statement(s)" when arguing the admissibility of out-of-court statements under Rule 801(d)(2)(E), but which allows the Government to use the term "co-conspirator statement(s)" to refer to the same in the argument

---

[2] Defendants' further request to use Rule 106 to admit unrelated hearsay is addressed in the Government's Motion to Preclude and should be denied for the reasons set forth therein. Mot. at 11-13, ECF No. 359.

portions of its trial presentation. The Government also asks that the Court defer ruling on Defendants' Motion in Limine No. 3, to the extent that it seeks a ruling that "statements made by uncharged parties during March 5, 2021, incident are non-admissible hearsay pursuant to F.R.E. 801(d)(2)(E)."

Respectfully submitted,

HENRY C. LEVENTIS
United States Attorney
Middle District of Tennessee

*s/Amanda J. Klopf*
AMANDA J. KLOPF
Assistant United States Attorney
791 Church St, Suite 3300
Nashville, Tennessee 37203
Phone: 615-736-5151

KRISTEN M. CLARKE
Assistant Attorney General
Civil Rights Division

*s/Kyle Boynton*
KYLE BOYNTON
Trial Attorney
950 Pennsylvania Ave. NW
Washington, DC 20530
Phone: 202-598-0449
Kyle.Boynton@usdoj.gov

*s/Wilfred T. Beaye, Jr.*
WILFRED T. BEAYE, JR.
Trial Attorney
950 Pennsylvania Ave. NW
Washington, DC 20530
Phone: 771-333-1681
Wilfred.Beaye@usdoj.gov

8

## CERTIFICATE OF THE SERVICE

I certify that a true and correct copy of the foregoing was filed electronically and served electronically, via the CM/ECF electronically filing system on this 18th day of December, 2023, upon the following:

**JODIE A. BELL**
Law Office of Jodie A. Bell
Washington Square Building 214 Second Avenue North Suite 208
Nashville, TN 37201
USA
jodie@attorneyjodiebell.com
(615) 953-4977

*Attorney for Defendant Chester Gallagher*

**WILLIAM J. CONWAY**
William J. Conway, Esq. P.C.
214 Second Avenue North, Suite 208
Nashville, TN 37201
wjconway@gmail.com
(615) 260-5364

*Attorney for Defendant Heather Idoni*

**LARRY LAMONT CRAIN**
5214 Maryland Way
Suite 402
Brentwood, TN 37207
(615) 376-2600
larry@crainlaw.legal

**STEPHEN M. CRAMPTON**
Thomas More Society
P.O. Box 4506
Tupelo, MS 38803
scrampton@thomasmoresociety.org
662-255-9439

*Attorneys for Defendant Paul Vaughn*

**G. KERRY HAYMAKER**
Haymaker & Heroux, P.C.
545 Mainstream Drive
Suite 420
Nashville, TN 37228
haymaker@tennesseedefense.com
(615) 250-0050

**STEVE C. THORNTON, I**
Steve Thornton Attorney Law Office
P.O. Box 16465
Jackson, MS 39236
USA
mail@lawlives.com
(601) 982-0313

*Attorneys for Defendant Coleman Boyd*

**MANUEL B. RUSS**
340 21st Avenue North
Nashville, TN 37203
(615) 329-1919
russben@gmail.com

**JOHN R. MANSON**
3112 Carrington Court
Nashville, TN 37218
USA
jmanson@lewisthomason.com
615-259-1366

*Attorneys for Defendant Dennis Green*

9

**ROBERT LYNN PARRIS**
208 3rd Avenue North Ste 300
Nashville, TN 37201
rlp@robertparrisattorney.com
(901) 490-8026

**DAVID I. KOMISAR**
Law Office of David I. Komisar
208 Third Avenue North, Suite 300
Nashville, TN 327201
david@komisarlaw.net
615-256-3330

*Attorneys for Defendant Calvin Zastrow*

                                                 s/ *Amanda Klopf*
                                                 AMANDA J. KLOPF
                                                 Assistant United States Attorney