UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA | ] | |
|---|---|---|
| | ] | |
| v. | ] | No. 3:22-CR-00327-1 |
| | ] | JUDGE TRAUGER |
| [1] CHESTER GALLAGHER | ] | |
| [2] HEATHER IDONI | ] | |
| [3] CALVIN ZASTROW | ] | |
| [4] COLEMAN BOYD | ] | |
| [6] PAUL VAUGHN | ] | |
| [7] DENNIS GREEN | ] | |

**RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTION TO PROTECT WITNESSES**

Comes now the Defendants, Chester Gallagher, Heather Idoni, Calvin Zastrow, Coleman Boyd, Paul Vaughn and Dennis Green, by and through undersigned counsel, pursuant to the Confrontation Clause of the Sixth Amendment to the United States Constitution and hereby submit the following response in opposition to the Government's Motion to Protect Witnesses.

In support of this motion, the Defendants submit the following:

**INTRODUCTION**

The Government's Motion to Protect Witnesses (DE 359) is simply a violation of the Defendants' constitutional rights under the Confrontation Clause of the Sixth Amendment. The Government seeks to have their witnesses testify under aliases in order to protect them from some unfounded harm. While it is conceivable that there are cases that might present issues which would cause the Court to consider such a radical departure from the Confrontation Clause, this is far from any such case. The Court should deny the Government's motion.

1

## ANALYSIS

The Sixth Amendment to the United States Constitution provides that "in all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him[.]" U.S. Const. amend. VI. "[I]t is well-settled that a defendant has the right under the Confrontation Clause to cross examine a witness regarding the witness' full name and place of residence." *United States v. Fox*, No. 1:20-CR-183, 2022 WL 1025953, at *2 (W.D. Mich. Mar. 3, 2022) (citing *Smith v. Illinois*, 390 U.S. 129, 131-32 (1968) ("To forbid this most rudimentary inquiry at the threshold is effectively to emasculate the right of cross-examination itself.")). Although trial judges enjoy "wide latitude ... to impose reasonable limits ... on cross examination based on concerns about, among other things, harassment, prejudice, ... or the witness' safety," *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986), the "balance of interests must be struck with special care." *United States v. Hendricks*, 950 F.3d 348, 355 (6th Cir. 2020) (quoting *Waller v. Georgia*, 467 U.S. 39, 45 (1984)).

Courts from other circuits attempting to balance defendants' constitutional rights under the Confrontation Clause against concerns for witnesses' safety have considered factors such as the relevance and significance of the witnesses' identity. *See*, *e.g.*, *United States v. Urena*, 8 F. Supp. 3d 568, 571 (S.D.N.Y. 2014) (noting that "nothing about UC–188's real name goes to his credibility or knowledge regarding the subject of his testimony"); *United States v. Salemme*, No.

16-CR-10258-ADB, 2018 WL 2465359, at *3 (D. Mass. June 1, 2018) ("No party has argued that the personal identifying information of the inspectors is necessary or relevant to their case."). And in a case cited by the Government, *United States v. Palermo*, the court observed that a threat to the witnesses' safety must be "actual and not a result of conjecture." *Id.*, 410 F.2d 468, 472 (7th Cir. 1969).

Here, the Government raises unfounded and conjectural concerns that their witnesses will be subject to threats and actual violence as a result of their testimony at trial. They cite New York Times, Washington Post, and Associated Press articles that reference violence and criminal acts by unrelated extremists in unrelated incidents. They also aver that three of the clinic employees and one patient have expressed concerns for their safety without adducing any evidence or stating any tangible reason for these concerns. The proof in this cause will show that these Defendants were peaceful and never violent during the incident at the Carafem Health Clinic on March 25th, 2021, which resulted in the Defendants being charged with Criminal Trespass, a Class B misdemeanor. There is no allegation that Defendants are or ever have been violent. These Defendants are the antithesis of violent extremists; rather they are just the opposite, they are deeply religious people who are devoted to their cause. What they are not is violent – in fact, they maintain in their Facebook video (the parts the Government does not want to play), that they intend to act "peacefully, non-violently, no damage to property, no injury to others…").

The Government string-cites cases where courts have allowed witnesses to testify under pseudonyms, such as *United States v. Hendricks*, 950 F 3rd 348 (6th Cir. 2020). The defendant in that case was charged with providing material support to a foreign terrorist organization. He was recruiting individuals in an attempt to create an ISIS sleeper cell in the United States. At trial the court allowed the Special Agent who had been working undercover conducting counterterrorism investigations to testify under a pseudonym and partially disguised. To compare these peaceful abortion protestors to an ISIS sleeper cell terrorist defendant is preposterous.

More germane to this case is the recent decision by the District Court for the Western District of Michigan in *United States v. Fox*, No. 1:20-CR-183, 2022 WL 1025953, at *2 (W.D. Mich. Mar. 3, 2022), cited above. In *Fox* the Government sought anonymity for two undercover FBI agents who feared disclosure of their identity and retribution for their role in exposing the criminal wrongdoing. In a thoughtful opinion, the District Court denied the Government's motion and held that the agents must testify using their true identity: "the Court believes the balance of interests tips decidedly in favor of openness." *Id*. at *1. Even where Facebook posts after the arrests offering a cash bounty for the identity of the "rat" the court found "the risk on the present record is too diffuse and speculative to warrant the government's request." *Id.* at *3. Here, the Government does not have anything remotely resembling even the Facebook post present in *Fox*; instead, it offers only the vague undifferentiated fears of its as-yet unnamed patient and clinic employees.

The Government also relies on *United States v. Mohamed*, 727 F 3rd 832 (8th Cir. 2013) where the defendant was charged with food stamp fraud at an International Food Market. The defendant and the confidential informant were of Somali descent. For a reason not specified, the FBI translator was allowed to testify under a pseudonym. The reason for this is unclear. The main gist of the argument in that cause was not that the translator testified under an alias, but that the original translator was not present to testify. The Court brushed this argument aside, citing the overwhelming evidence in the case. Interestingly enough, the informant, who would have had more of an interest in hiding his true identity, apparently testified under his own name. This case is distinguishable from the instant case in that the witness in Mohamed who was allowed to testify under an alias was tangential to the proof. A translator who merely reviewed another translator's work is a far cry from actual fact witnesses testifying under pseudonyms.

In *United States v. Palermo, et.al.,* 410 F.2d 468 (7th Cir. 1969), also cited by the Government, the defendants were charged with violating the Hobbs Act by interfering with commerce by extorting money from builders. One co-conspirator in that cause threatened physical violence to one builder and his family, struck the builder in the face, and threatened to make the builder understand with a baseball bat. The *Palermo* case involved a high-profile Chicago area gang that got lots of media attention. The builder and a cooperating co-conspirator were not compelled by the trial judge to disclose their addresses and current employment. The Seventh Circuit remanded the case with directions for the government to follow the proper standards and

5

for the trial judge to make a ruling based on those standards. There is zero evidence and no allegation here of any threats or use of violence by any of the Defendants. *Palermo* is wholly inapposite.

In *Palermo*, *supra*, as well as most of the cases cited by the Government, the various District Courts referred to *Alford v. United States*, 282 U.S. 687 (1931) and *Smith v. Illinois*, 390 U.S. 129 (1968). Both cases were reversed because lower trial courts deprived the defense of a reasonable cross-examination of a witness:

> In *Alford* this Court reversed a federal conviction because the trial judge had sustained objections to questions by the defense seeking to elicit the 'place of residence' of a prosecution witness over the insistence of defense counsel that 'the jury was entitled to know who the witness is, where he lives and what his business is.' It is the essence of a fair trial that reasonable latitude be given the cross-examiner, even if he is unable to state to the court what facts a reasonable cross-examination might develop. Prejudice ensues from a denial of the opportunity to place the witness in his proper setting and put the weight of his testimony and credibility to a test, without which the jury cannot fairly appraise them. *** To say that prejudice can be established only by showing that the cross-examination, if pursued, would necessarily have brought out facts tending to discredit the testimony in chief, is to deny the substantial right and withdraw one of the safeguards essential to a fair trial.

*Smith v. Illinois*, *supra,* 390 U.S. at 132.

> This Court is not unaware of the problem that the government has in obtaining witnesses in cases where the witness' life may be in jeopardy if he testifies. *** (W)here there is a threat to the life of a witness, the right of the defendant to hear the witness' true name, address, and place of employment is not

6

absolute. However, the threat to the witness must be *actual* and not a result of conjecture. The government bears the burden of proving to the district judge the existence of such a threat.

*United States v. Palermo, supra*, 410 F.2d at 472.

Despite the showings required by the *Smith* and *Palermo* Courts, the Government has failed to make any such showing here. Newspaper articles and unsubstantiated fears of the four witnesses does not establish any *actual* threat. Moreover, defense counsel has tried two RICO/VICAR cases and resolved another just short of trial in this district and the Western District of Tennessee in the last four years. In those cases, where there were witnesses in the Witness Protection Program and there was no doubt that an actual threat existed, no anonymous testimony was elicited nor was it even requested by the Government. Are the lives of these four witnesses more valuable than the Government witnesses in violent gang cases? There has been no showing of any realistic threat to these witnesses from these Defendants (or anyone associated with them). To the contrary, these Defendants are more likely to be praying for their souls than to exact any physical violence.

Finally, there is the issue of voir dire and witnesses testifying under assumed names. It is counsel's experience that a list of witnesses is provided or read to the prospective jurors to determine if any of the jurors know any of the witnesses or has any type of relationship with said witness. It would obviously be problematic if a juror recognized a witness as a neighbor or some acquaintance after the witness had taken the stand. First, the trial would likely lose a juror mid trial, assuming that the juror actually spoke up and acknowledged that he or she knew the witness

and possibly had some strong opinion of that witness. Even worse if the juror had an agenda after hearing proof for 2-3 days and did not acknowledge any animus if it existed. This is yet another reason that this Court should deny the Government's Motion to Protect Witnesses.

## CONCLUSION

Based upon the foregoing, the Defendants request that the Government's Motion to Protect Witnesses be denied.

Respectfully submitted,

**/s/ Robert L. Parris**
Robert L. Parris, Attorney at Law
208 Third Avenue North
Suite 300
Nashville, TN 37201
(901) 490-8026
rlp@robertparrisattorney.com
Attorney for Defendant Calvin Zastrow


/s/ **Jodie A. Bell (by permission)**
JODIE A. BELL, No. 18336
Washington Square Building
214 Second Avenue North, Suite 208
Nashville, Tennessee 37201
(615) 953-4977
(615) 928-1901 facsimile
jodie@attorneyjodiebell.com
Attorney for Chester Gallagher


**/s/ William J. Conway (by permission)**
William J. Conway, Esq. P.C.
214 Second Avenue North, Suite 208
Nashville, TN 37201
(615) 260-5364
wjconway@gmail.com
Attorney for Defendant Heather Idoni

8

**/s/ Kerry Haymaker (by permission)**
Haymaker & Heroux, P.C.
545 Mainstream Drive, Suite 420
Nashville, TN 37228
(615) 250-0050
haymaker@tennesseedefense.com
Attorney for Defendant Coleman Boyd


**/s/ Stephen M. Crampton (by permission)**
 STEPHEN M. CRAMPTON
Thomas More Society
P.O. Box 4506
Tupelo, MS  38803
662-255-9439
scrampton@thomasmoresociety.org
Attorney for Defendant Paul Vaughn


**/s/ Manuel B. Russ (by permission)**
MANUEL B. RUSS
340 21st Avenue North
Nashville, TN 37203
(615) 329-1919
russben@gmail.com
Attorney for Defendant Dennis Green

9

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and exact copy of the foregoing Motion was filed electronically and served on the following by the EF/CME electronic filing system:

**WILLIAM J. CONWAY**
William J. Conway, Esq. P.C.
214 Second Avenue North, Suite 208
Nashville, TN 37201
(615) 260-5364
wjconway@gmail.com
Attorney for Defendant Heather Idoni

**ROBERT LYNN PARRIS**
Robert L. Parris, Attorney at Law
200 Jefferson Avenue
Suite 1500
Memphis, TN 38103
(615) 490-8026
rlp@robertparrisattorney.com
Attorney for Defendant Calvin Zastrow

**G. KERRY HAYMAKER**
Haymaker & Heroux, P.C.
545 Mainstream Drive
Suite 420
Nashville, TN 37228
(615) 250-0050
haymaker@tennesseedefense.com
Attorney for Defendant Coleman Boyd

**HEATHER G. PARKER**
Evans Bulloch Parker PLLC
302 North Spring Street
PO Box 398
Murfreesboro, TN 37133-0398
(615) 896-4154
heatherparker@bfhelaw.com
Attorney for Defendant Caroline Davis

**LARRY LAMONT CRAIN**
5214 Maryland Way
Suite 402
Brentwood, TN 37207
(615) 376-2600
larry@crainlaw.legal

10

Case 3:22-cr-00327    Document 393    Filed 12/18/23    Page 10 of 12 PageID #: 1698

**STEPHEN M. CRAMPTON**
Thomas More Society
P.O. Box 4506
Tupelo, MS 38803
662-255-9439
scrampton@thomasmoresociety.org
Attorney for Defendant Paul Vaughn

**MANUEL B. RUSS**
340 21st Avenue North
Nashville, TN 37203
(615) 329-1919
russben@gmail.com
Attorney for Defendant Dennis Green

**DAVID R. HEROUX, P.C.**
Haymaker & Heroux, P.C.
545 Mainstream Drive
Suite 420
Nashville, TN 37228
(615) 250-0050
heroux@tennesseedefense.com
Attorney for Defendant Eva Edl

**DAVID L. COOPER**
Law Office of David L. Cooper, P.C.
208 Third Avenue, N Suite 300
Nashville, TN 37201
(615) 256-1008
dcooper@cooperlawfirm.com
Attorney for Defendant Eva Zastrow

**RAYBURN McGOWAN, Jr.**
8005 Church Street East
Suite 219
Brentwood, TN 37207
(615) 244-7070
mcgowanrayburnjr@bellsouth.net
Attorney for Defendant James Zastrow

**LEONARD E. LUCAS, III**
The Law Firm of Leonard Earl Lucas
315 Deadrick St, Suite 1550
Nashville, TN 37238

(301) 204-6498
leonard.lucas@lellawfirm.com
Attorney for Defendant Paul Place

**AMANDA J. KLOPF**
U.S. Attorney's Office (Nashville)
719 Church Street
Suite 3300
Nashville, TN 37203
(615) 736-5151
amanda.klopf@usdoj.gov
Representing **USA** (*Plaintiff*)

**KYLE BOYNTON**
Department of Justice
150 M Street NE
Washington, DC 20002
(202) 598-0449
Representing **USA** (*Plaintiff*)

This the 18th day of December 2023.

/s/ Robert Parris
ROBERT PARRIS
