IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 3:22-cr-00327 |
| v. ) | |
| ) | |
| ) | |
| [1] CHESTER GALLAGHER ) | |
| [2] HEATHER IDONI ) | |
| [3] CALVIN ZASTROW ) | |
| [4] COLEMAN BOYD ) | |
| [6] PAUL VAUGHN ) | |
| [7] DENNIS GREEN ) | |

### Government's Response to Defense Motion in Limine No. 4

Comes now the United States of America, by and through undersigned counsel, and files this response to Defense Motion in Limine No. 4, which moves to shield the defense from the risk that cross examination of Caroline Davis about precluded Fed. R. Evid. 404(b) evidence will open the door to that evidence being admitted against Mr. Gallagher, Ms. Idoni, and Mr. Zastrow. For the reasons that follow, the Government agrees to the principle of the defendants' request but respectfully asks the Court to defer ruling on this motion until trial, while considering the following factual clarifications and Government concerns.

I. **Clarification of Facts**

Based upon a plain reading of the defendants' motion, the government is concerned that the defendants may have an incomplete understanding of the procedural history and technical details of Ms. Davis's plea agreements and therefore a misapprehension of any potential bias and motive. Specifically, the defense's motion appears to leave the reader with the impression that Ms. Davis's cooperation not only led to the resolution of her Michigan charges, but also to the

resolution of her Tennessee charges. *See* D.E. 357 at 3 (asserting that "[s]everal months later, after a second proffer with the Government, her felony conspiracy charge in the Middle District of Tennessee was reduced…" and inaccurately suggesting that "[t]he salient fact that Ms. Davis was facing felony charges in multiple jurisdiction (sic) that were reduced after she met with the government is clearly and highly relevant to the jury's assessment of her veracity…").

The defendants' factual recitation and their apparent intended argument to the jury is misleading for two reasons. First, the resolution of Ms. Davis's charges *in this case* had nothing to do with her cooperation, and the defendants should not be permitted to misleadingly suggest to the jury that it did without the jury also being informed that all six defendants were offered the very same terms of the plea agreement that Ms. Davis entered into, and without the cooperation agreement. Second, the defense motion clearly states that Ms. Davis is facing a potential custodial sentence *in this case*, when her plea agreement makes clear that she is facing no such exposure, just as no other present defendant would be facing a potential term in custody had they accepted the government's plea offer.

In this case, the government extended plea offers to every defendant on July 1, 2023. The plea offers for the six above-captioned defendants and for Ms. Davis were <u>identical</u>: a Fed. R. Cr. P. 11(c)(1)(C) plea to an 18 U.S.C § 248(a)(1) petty misdemeanor offense and to a corresponding 18 U.S.C. § 371 petty misdemeanor conspiracy offense, <u>with an agreement to no jail time</u>. At the time these offers were extended, the government had no suggestion that Ms. Davis intended to cooperate. The first suggestion came three days after the plea offers were extended in this case, when Ms. Davis offered to proffer in her Michigan case. Her cooperation in Michigan led to a similar pretrial resolution to her pending charges there but had no bearing on the plea offer she received in this case, and no bearing on any sentence she will receive in this case, since the

2

government had already offered a sentence of no jail time prior to the commencement of her cooperation. Accordingly, the government respectfully asks the Court to caution the defendants not to misrepresent the terms of Ms. Davis's plea agreement in this case to the jury, including by suggesting she received the plea deal only after cooperating or by suggesting Ms. Davis faces a potential custodial sentence. Should the jury be led astray to an inaccurate understanding of Ms. Davis's plea terms and the procedural history of her agreement in this case, the jury should learn that all six present defendants received an identical offer[1] and that under that uniform offer, Ms. Davis faces no potential custodial sentence.

## II. The Government Principally Agrees with the Defendants' Motion

Turning to the heart of the defense motion, the government agrees that 1) Ms. Davis's plea agreement to resolve charges in Michigan identical to her charges in this case did stem from her cooperation, 2) that she has sentencing exposure in Michigan, up to six months on each count, with the potential for the two sentences to run consecutive to one another, and 3) that information about that benefit is material to the jury's assessment of Ms. Davis's motive and bias. Accordingly, the government agrees that limited cross-examination and argument on these three points should not open the door to the government's introduction of evidence pertaining to Mr. Gallagher's, Ms. Idoni's, and/or Mr. Zastrow's participation in the same Michigan incident. Further, the government agrees to counsel Ms. Davis, as it will already in compliance with the Court's 404(b) ruling, not to testify about any other defendant's role in the Michigan case absent a clear statement from the

---

[1] In truth, the present defendants received a more generous offer than Ms. Davis, since after Ms. Davis agreed to enter the plea as offered, the Government later agreed to Fed. R. Crim. P. 11(a)(2) conditional pleas to allow the present defendants to appeal the Court's ruling on the motions to dismiss the indictment. Also subsequent to Ms. Davis's agreement to plead guilty, the government invited the present defendants to submit requests for Rule 11(a)(3) pleas and to take such requests under advisement (though no defendant so requested).

3

Court that such testimony has become admissible. However, the government will seek leave to admit such testimony in the face of questions, including improperly argumentative ones, that would leave the jury with the false impression that Ms. Davis acted alone in Michigan, was some sort of leader in Michigan, or that she acted with an entirely different group of co-conspirators in Michigan. The government anticipates it will ask Ms. Davis questions in her direct examination about her plea agreements and potential sentencing exposure. Given that, the government does not anticipate these issues arising if the defendants hew to crafted leading questions on the three points above.

### III. Conclusion

Considering the government's factual clarifications, and given that any decision should turn on whether the defendants narrowly cross-examine or choose to open the 404(b) door, the government respectfully requests that the Court issue guidance on this motion consistent with the Government's position herein, but reserve final ruling until the defendants have completed their cross-examinations of Ms. Davis.

    Respectfully submitted,

    HENRY C. LEVENTIS
    United States Attorney for the
    Middle District of Tennessee

    */s/ Amanda J. Klopf*
    AMANDA J. KLOPF
    Assistant United States Attorney
    791 Church St, Suite 3300
    Nashville, Tennessee 37203
    Phone: 615-736-5151

    KRISTEN M. CLARKE
    Assistant Attorney General

/s/ Kyle Boynton
KYLE BOYNTON
Trial Attorney
Civil Rights Division, Criminal Section
U.S. Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530
Phone: 202-598-0449
Kyle.Boynton@usdoj.gov

/s/ Wilfred T. Beaye
Wilfred T. Beaye, Jr.
Trial Attorney
Civil Rights Division, Criminal Section
U.S. Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530
Phone: 771-3333-1681
Wilfred.Beaye@usdoj.gov

# CERTIFICATE OF THE SERVICE

I certify that a true and correct copy of the foregoing was filed electronically and served electronically, via the CM/ECF electronically filing system on this 18th day of December 2023, upon the following:

**JODIE A. BELL**
Law Office of Jodie A. Bell
Washington Square Building 214 Second Avenue North Suite 208
Nashville, TN 37201
USA
jodie@attorneyjodiebell.com
(615) 953-4977

*Attorney for Defendant Chester Gallagher*

**WILLIAM J. CONWAY**
William J. Conway, Esq. P.C.
214 Second Avenue North, Suite 208
Nashville, TN 37201
(615) 260-5364
wjconway@gmail.com

*Attorney for Defendant Heather Idoni*

**LARRY LAMONT CRAIN**
5214 Maryland Way
Suite 402
Brentwood, TN 37207
(615) 376-2600
larry@crainlaw.legal

**STEPHEN M. CRAMPTON**
Thomas More Society
P.O. Box 4506
Tupelo, MS 38803
662-255-9439
scrampton@thomasmoresociety.org

*Attorneys for Defendant Paul Vaughn*

**G. KERRY HAYMAKER**
Haymaker & Heroux, P.C.
545 Mainstream Drive
Suite 420
Nashville, TN 37228
(615) 250-0050
haymaker@tennesseedefense.com

**STEVE C. THORNTON, I**
Steve Thornton Attorney Law Office
P.O. Box 16465
Jackson, MS 39236
USA
mail@lawlives.com
(601) 982-0313

*Attorneys for Defendant Coleman Boyd*

**MANUEL B. RUSS**
340 21st Avenue North
Nashville, TN 37203
(615) 329-1919
russben@gmail.com

**JOHN R. MANSON**
3112 Carrington Court
Nashville, TN 37218
USA
jmanson@lewisthomason.com
615-259-1366

*Attorneys for Defendant Dennis Green*

**ROBERT LYNN PARRIS**
208 3rd Avenue North Ste 300
Nashville, TN 37201
rlp@robertparrisattorney.com
(901) 490-8026

*Attorney for Defendant Calvin Zastrow*


                                        s/ *Amanda Klopf*

                                        AMANDA J. KLOPF

                                        Assistant United States Attorney