IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | No. 3:22-cr-00327 |
| v. | ) | |
| | ) | |
| | ) | |
| [1] CHESTER GALLAGHER | ) | |
| [2] HEATHER IDONI | ) | |
| [3] CALVIN ZASTROW | ) | |
| [4] COLEMAN BOYD | ) | |
| [6] PAUL VAUGHN | ) | |
| [7] DENNIS GREEN | ) | |

**Government's Reply in Support of its Motion to Protect Witnesses**

Comes now the United States of America, by and through undersigned counsel, and files this reply in support of its Motion to Protect Witnesses to address both the misplaced reliance on the Confrontation Clause and their misguided invocations of voir dire concerns (*see* D.E. 393), and to aid the Court in anticipating witness intimidation issues that may arise, even with a witness anonymity order in place.[1]

The defendants' response leads with broad invocations of the Confrontation Clause, but never ties these Confrontation Clause arguments to the actual proposal in the Government's motion. The reason for this shortcoming is clear – there is no potential Confrontation Clause concern with the government's proposed course of action, which involves furnishing the defense with the <u>actual names</u> of all the government witnesses, equipping the defendants for the <u>very same</u>

---

[1] The defendants do not address the second part of the Government's motion, which contends that cross-examination of patients and providers should be limited for privacy and relevance reasons. Accordingly, the Government submits that this aspect of its motion should be granted as unopposed.

1

cross-examination they would be able to undertake without witness anonymity. While the defendants cite out-of-circuit caselaw for the proposition that courts consider "the relevance and significance of the witnesses' identity" (*see* D.E. 393 at 2), they offer no argument that the civilian witnesses' identities in this case are relevant or significant such that their real names must be provided to the defendants and the defendants' supporters.

Apparently recognizing the absence of a legitimate Confrontation Clause argument against the Government's proposal, the defendants spend the bulk of their response addressing only the credibility of the safety concerns (while avoiding altogether U.S. District Judge Kollar-Kotelly's witness anonymity order in a recent case with nearly identical facts and a common defendant, Heather Idoni[2]).

The defendants bookend their response with another argument that endeavors to legitimately implicate their interests: the specter of a mistrial by speculating that the government's proposed course of action on witness anonymity could lead to the empanelment of jurors familiar with the government's witnesses. This concern can easily be remedied by the use of driver's license photographs that could be easily and effectively substituted for witness names during voir dire.

Turning back to the crux of the defendants' response, the government's concerns here are legitimate and range from the risk of witness intimidation to attempts at violence by the defendants' supporters. As the Probation Office and defendants are aware, just recently Coleman Boyd sent a group text message to a group that included Caroline Davis, a disclosed cooperating defendant and government witness, containing a link to a podcast featuring Calvin Zastrow and

---

[2] Notably, Ms. Idoni was remanded to custody upon conviction in the D.D.C. matter after the court determined that she had been convicted of a violent felony, a fact inconsistent with the defendants' assertion that "[t]here is no allegation that Defendants are or ever have been violent." (D.E. 393 at 3).

Chet Gallagher talking about this case. This may have been an attempt to tamper with Davis's testimony in violation of Boyd's conditions of pretrial release. And as the Court is aware, a protest in support of the defendants is scheduled to take place at the Courthouse on the day trial begins in this case. Similar protests took place during the recent similar trials in the District of Columbia and continued for days.

The Court can anticipate other witness and juror tampering incidents that occurred during the D.C. case to occur here. Based on communications with government counsel in the D.C. case, these incidents included protests outside of the courthouse where protesters affiliated with one or more defendants would carry large signs and shout using a megaphone; protestors handing out leaflets with nullification information, with one leaflet handed to a prospective juror, which resulted in an argument between the juror and the protester; Mr. Zastrow's wife approaching government witness Caroline Davis (who testified against the defendants in the D.C. case) as Davis entered the courthouse, yelling, "we love you" at Davis, and attempting to make physical contact with Ms. Davis, requiring intervention by an FBI Special Agent; Ms. Davis being approached by a well-known anti-abortion activist who pretended to be a member of the press and who attempted to speak with Davis, again requiring intervention by an FBI Special Agent; that same activist approaching a <u>patient</u> witness (who was testifying under a pseudonym), also pretending to be a member of the press and again requiring intervention from an FBI Special Agent; that same activist approaching an FBI Special Agent after his testimony and telling him that God still loves him even though he was putting God's people in jail (leading the activist to be barred from the courtroom by Judge Kollar-Kotelly); spectators loudly reciting religious texts when witnesses were being escorted out of the courtroom and making religious signs in front of the jury during witness testimony, requiring judicial admonishment; and an organization supportive of the defendants live-

tweeting the trial, including posting disparaging comments about prosecutors and Judge Kollar-Kotelly and posting online excluded evidence designed to encourage juror nullification. Had a witness anonymity order not been in place in that case, it is entirely reasonable to expect that the defendants' supporters' witness tampering efforts would have been more effective, particularly enabling the use of the internet to attempt to intimidate witnesses or punish them following their testimony.

Again, the concern here is less related to the six defendants themselves, who are subject to conditions of release and have the benefit of counsel, and more related to the anticipated actions of their supporters. The government's proposed courses of action will address any Confrontation Clause and voir dire concerns and avoid having civilian witnesses exposed to the risk of intimidation, threats, and violence in this case.

For these reasons, the Government urges the Court to grant its Motion to Protect Witnesses as a step toward protecting the Government's witnesses from intimidation, threats of violence, and actual violence, and to minimize the risk of serious complications emerging during the course of trial.

Respectfully submitted,

HENRY C. LEVENTIS
United States Attorney for the
Middle District of Tennessee
/s/ *Amanda J. Klopf*
Amanda J. Klopf
Assistant United States Attorney
791 Church St., Suite 3300
Nashville, Tennessee 37203
Email: Amanda.Klopf@usdoj.gov

4

KRISTEN CLARKE
ASSISTANT ATTORNEY GENERAL

*/s/ Kyle Boynton*
Kyle Boynton
Trial Attorney
Criminal Section
Civil Rights Division
Email: Kyle.Boynton@usdoj.gov

*/s/ Wilfred T. Beaye*
Wilfred T. Beaye, Jr.
Trial Attorney
Criminal Section
Civil Rights Division
Email: Wilfred.Beaye@usdoj.gov

## CERTIFICATE OF THE SERVICE

I certify that a true and correct copy of the foregoing was filed electronically and served electronically, via the CM/ECF electronically filing system on this 21st day of December 2023, upon the following:

**JODIE A. BELL**
Law Office of Jodie A. Bell
Washington Square Building 214 Second Avenue North Suite 208
Nashville, TN 37201
USA
jodie@attorneyjodiebell.com
(615) 953-4977

*Attorney for Defendant Chester Gallagher*

**WILLIAM J. CONWAY**
William J. Conway, Esq. P.C.
214 Second Avenue North, Suite 208
Nashville, TN 37201
(615) 260-5364
wjconway@gmail.com

*Attorney for Defendant Heather Idoni*

**LARRY LAMONT CRAIN**
5214 Maryland Way
Suite 402
Brentwood, TN 37207
(615) 376-2600
larry@crainlaw.legal

**STEPHEN M. CRAMPTON**
Thomas More Society
P.O. Box 4506
Tupelo, MS 38803
662-255-9439
scrampton@thomasmoresociety.org

*Attorneys for Defendant Paul Vaughn*

**G. KERRY HAYMAKER**
Haymaker & Heroux, P.C.
545 Mainstream Drive
Suite 420
Nashville, TN 37228
(615) 250-0050
haymaker@tennesseedefense.com

**STEVE C. THORNTON, I**
Steve Thornton Attorney Law Office
P.O. Box 16465
Jackson, MS 39236
USA
mail@lawlives.com
(601) 982-0313

*Attorneys for Defendant Coleman Boyd*

**MANUEL B. RUSS**
340 21st Avenue North
Nashville, TN 37203
(615) 329-1919
russben@gmail.com

**JOHN R. MANSON**
3112 Carrington Court
Nashville, TN 37218
USA
jmanson@lewisthomason.com
615-259-1366

*Attorneys for Defendant Dennis Green*

**ROBERT LYNN PARRIS**
208 3rd Avenue North Ste 300
Nashville, TN 37201
rlp@robertparrisattorney.com
(901) 490-8026

*Attorney for Defendant Calvin Zastrow*

          /s/ *Kyle Boynton*
          KYLE BOYNTON
          Trial Attorney