STATE OF MICHIGAN

SIXTEENTH JUDICIAL CIRCUIT COURT

PEOPLE OF THE CITY OF
STERLING HEIGHTS,
        Plaintiff-Appellant,

vs.                                    Case No. 2021-0365-AV

CALVIN ZASTROW, TERES ANN
AUGHENBAUGH, EVA TIESLER EDL,
CAROLINE RENEE DAVIS, HEATHER
RUTH IDONI, JOEL NATHAN CURRY,
JUSTIN BRADLEY PHILLIPS, CHESTER
EUGENE GALLAGHER, and EVA DARLENE
ZASTROW,
        Co-Defendants-Appellees.

_____/

## OPINION AND ORDER

This matter is before the Court on plaintiff-appellant People of the City of Sterling Heights's interlocutory application for leave to appeal from the 41-A District Court's March 26, 2021 Order granting jury instruction on defense of others and subsequent September 20, 2021 Order denying reconsideration.

### I. Background

The factual background of this case is largely undisputed. On August 27, 2020, appellees were blocking the entrance of Northland Family Planning Center (the Clinic) with their persons in an effort to prevent abortions from occurring that day. Police responded to the scene of this disturbance, and after informing appellees that they were not welcome on the property, appellees refused to leave. Appellees were subsequently arrested and charged with one count of trespass each, in violation of Section 35-2 of the Sterling Heights Code of Ordinances. The only issue on

appeal is whether the district court properly granted a motion for a special jury instruction on the defense of others.

## II. Standard of Review

Appellate courts review a trial court's decision regarding special jury instructions for an abuse of discretion. *Chastain v Gen Motors Corp*, 254 Mich App 576, 590; 657 NW2d 804 (2002). Relevant portions of the standard Michigan Criminal Jury Instructions must be given in each action in which they apply, accurately state the law, and are requested by a party. MCR 2.512(D)(2). A trial court may give an instruction not covered by the standard instructions if the instruction accurately states the law and is understandable, concise, conversational, and nonargumentative. MCR 2.512(D)(4).

## III. Parties' Arguments

Appellant argues that established case law, *People v Kurr*, 253 Mich App 317; 654 NW2d 651 (2002), specifically provides that a jury instruction on defense of others is inapplicable to abortion clinic trespass cases. Appellant further contends that Michigan law specifically exempts medical procedures from fetal protection statutes, and abortion is a legal medical procedure. Appellant avers that the defense-of-others jury instruction is widely rejected in the context of abortion and that appellees' arguments are without merit.

Appellees argue that there is no published case law establishing that *Kurr, supra*, would not apply to an incident at an abortion clinic. Appellees contend that an abortion is not simply a medical procedure, and for logic to prevail in the context of our criminal laws, courts must generally interpret terms like *fetus* and *embryo* to be an alive person. Appellees aver that the Court should not rely on any decisions from other states in rendering its decision.

## IV. Law and Analysis

2

Appellees assert that it is proper to provide a special jury instruction providing in part that when the appellees acted, they "reasonably believed that blocking access to the clinic was absolutely necessary to prevent the imminent loss of human life" and that if the jury finds that appellees acted to prevent the loss of human life, it may find appellees not guilty. Appellees do not argue that any person consenting to medical procedures inside the Clinic was in danger of losing their life, but rather that the embryo or fetus inside of such a person attempting to enter the building constitutes a "human life," and their criminal trespass was necessary to prevent the imminent loss of that life by generally barring access to the building.

The parties cite *Kurr, supra*, in support of their disparate arguments. In *Kurr*, the defendant sought a jury instruction regarding the defense of others after she killed her boyfriend while defending her unborn children. *Kurr*, 253 Mich App at 318. At the time of the offense, the defendant was pregnant, and her boyfriend was punching her repeatedly in the stomach. *Id.* at 319. The Court provided a thorough analysis of Michigan criminal laws penalizing harm to a fetus or embryo and found that "[t]he plain language of these provisions shows the Legislature's conclusion that fetuses are worthy of protection as living entities as a matter of public policy." *Id.* at 322. The Court further considered the fetal protection act, and held:

> Because the act reflects a public policy to protect even an embryo from unlawful assaultive or negligent conduct, we conclude that the defense of others concept does extend to the protection of a nonviable fetus from an assault against the mother. We emphasize, however, that the defense is available *solely* in the context of an assault against the mother. Indeed, the Legislature has *not* extended the protection of the criminal laws to embryos existing outside a woman's body, i.e., frozen embryos stored for future use, and we therefore *do not* extend the applicability of the defense of others theory to situations involving these embryos.

*Id.* at 232. Likewise, the Court distinguished this holding from cases involving "antiabortion activists on trial for criminal conduct," reasoning that the defense-of-others theory is inapplicable

3

in those cases because a woman's right to obtain an abortion is constitutionally protected and lawful. *Id.* at 325-326.

> Because clinics that perform abortions are engaging in lawful activity, the defense of others theory does not apply. Moreover, the Michigan Legislature specifically indicated that the criminal and civil penalties regarding injustices against fetuses and embryos do not apply to "[a]n act committed by the pregnant individual," to "[t]he lawful dispensation, administration, or prescription of medication," or to "[a] medical procedure performed by a physician or other licensed medical professional within the scope of his or her practice and with the pregnant individual's consent or the consent of an individual who may lawfully provide consent on her behalf or without consent as necessitated by a medical emergency." M.C.L. § 750.90f(1)(a), (b), and (c). See M.C.L. § 600.2922a(2) (a), (b), and (c). Our holding today does not apply to what the United States Supreme Court has held to constitute lawful abortions.

*Id.* at 326. Moreover, since *Kurr* was decided, our legislature has codified the defense-of-others theory in Michigan's self-defense act. See MCL 780.971 *et seq.*

> An individual who has not or is not engaged in the commission of a crime at the time he or she uses force other than deadly force may use force other than deadly force against another individual anywhere he or she has the legal right to be with no duty to retreat if he or she honestly and reasonably believes that the use of that force is necessary to defend himself or herself or another individual from the imminent unlawful use of force by another individual.

MCL 780.972(2). In sum, "[t]he defense of others theory is available only if a person acts to prevent *unlawful* bodily harm against another." *Kurr*, 253 Mich App at 326.

In the present case, appellees argue generally that abortions are performed at the Clinic, and the reason for their trespass was to prevent entry to the clinic where abortions could occur. Appellees have presented liberal arguments regarding the personhood of unborn children, but appellees have not presented any germane legal argument to negate the established lawfulness of medically performed abortions. Ultimately, appellees have not presented any cognizable argument that any individual was under threat of an imminent unlawful use of force, and the proposed jury instruction fails to accurately state the applicable law. Thus, the Court concludes

4

that the district court's order was outside the range of reasonable and principled outcomes. It was an abuse of discretion to grant a jury instruction on the defense of others in this case.

V. Conclusion

For the reasons set forth above, the district court's ruling is REVERSED. Pursuant to MCR 2.602(A)(3), this *Opinion and Order* resolves the last pending claim and closes this case.

IT IS SO ORDERED.

DATED: March 21, 2022

Hon. JULIE GATTI
Circuit Judge