IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 3:22-cr-00327 |
| v. ) | |
| ) | |
| [1] CHESTER GALLAGHER ) | |
| [2] HEATHER IDONI ) | |
| [3] CALVIN ZASTROW ) | |
| [4] COLEMAN BOYD ) | |
| [6] PAUL VAUGHN ) | |
| [7] DENNIS GREEN ) | |

**GOVERNMENT'S REPLY IN SUPPORT OF ITS MOTION TO PRECLUDE**

The Government submits the following reply in support of its motion to preclude improper arguments and irrelevant evidence. The response by the defense is ambiguous at best and confirms the Government's concerns at worst. On the one hand, Defendants express that they have "no intention of suggesting the jury violate their oath by engaging in nullification," and that they are aware that it would be improper to present to the jury issues raised and already decided by the Court. Defs.' Resp. to Omnibus Motion at 2, ECF No. 384 ("Defs.' Resp."). On the other, Defendants' only commit to not encouraging jury nullification "as a general principle," and seek to present arguments that, as they are not defenses to the criminal charges, would serve no other purpose than to encourage the jury to nullify. This reply therefore addresses the defense's requests to present these improper arguments that include Defendants' "spiritual, religious, . . . Biblical" and "strong anti-abortion" beliefs, that their conduct was merely trespassing, and that "much if not all of their conduct was First Amendment protected speech." *Id.* at 4-5, 15-16.

1

***Defendants' Anti-Abortion Beliefs Are Not a Valid Defense.*** The Government reiterates its request to preclude Defendants from presenting their anti-abortion beliefs <u>as a defense</u>. To the extent Defendants elicit or otherwise reference their beliefs, it should be limited to the fact that those beliefs are what led them to the clinic. Beyond that, argument, evidence, or testimony about how abortions are performed, the lawfulness of abortion, the basis for their beliefs, why others should share such beliefs, or that these beliefs justify the charged conduct are all clearly improper attempts at nullification. *E.g.*, *United States v. Locero*, 895 F. Supp. 1421, 1422, 1426 (D. Kan. 1995) (precluding the same as "irrelevant for any purpose other than to provoke [nullification]").

Defendants' motion is entirely silent on this specific request by the Government, choosing instead to mischaracterize the Government as arguing that "soliciting the religious and/or political views of the Defendants relating to abortion would be akin to encouraging jury nullification." Defs.' Resp. at 3. Defendants well know the Government is not concerned with their testifying or otherwise eliciting the *fact* that the "reason for [their] presence . . . at Carafem" was because they do not believe in abortion. *See id.* The point is that Defendants' beliefs have no relevant or proper use beyond that fact, and Defendants have not proffered any.

Defendants do not claim that their beliefs are relevant to any element in either of the charged crimes (they are not).[1] Defendants do not claim that their beliefs are relevant to a viable defense

---

[1] Defendants have been advised, in connection with the status conference on August 4, 2023 when we discussed the applicable penalties and in subsequent correspondence, that the Government is not proceeding on a theory of violence. As the Court knows, the Government pleads in the conjunctive, but proves in the disjunctive. *See United States v. Budd*, 496 F.3d 517, 528 (6th Cir. 2007). The Government nevertheless has no issue with filing a motion to strike other theories from the indictment as surplusage if the Court prefers, and in fact anticipated this in our proposed jury instructions. In any case, as the use of violence is not at issue at trial, Defendants are not entitled to proving that they were not violent.

2

Case 3:22-cr-00327   Document 412   Filed 12/26/23   Page 2 of 8 PageID #: 1822

thereto (they are not).  Defendants do not even argue that allowing them to present their beliefs at trial would not at least crack, if not entirely fling wide open the door to nullification.  To the contrary, Defendants appear to be aware that this line of defense "may impact or move certain jurors in a particular direction," *i.e.* toward nullifying.  *See id*.

Defendants' reluctance to proffer while seeking to present to the jury their notably "strong anti-abortion [beliefs]" warrants concern.  Defendants champion the Sixth Circuit's decision in *United States v. Capozzi*, 723 F.3d 720 (6th Cir. 2013), as imposing a "duty" on the trial court "to determine if Defendants make a *prima facie* case" for a particular defense, Defs.' Resp. at 10-11, but conveniently leave out that the Court's "duty [is in fact] to require a *prima facie* showing <u>by the defendant</u>," in "order for a defendant to be entitled to present a defense to the jury," *Capozzi*, 723 F.3d at 725 (emphasis added).  Defendants go on to twice recite elements of necessity, duress, and defense of others, entirely ignoring this binding requirement from a case that *they* cite, and the Government's argument that defenses be precluded because they cannot meet this requirement.

The concern only grows when you consider that the only evidence the Government has seen to date is what has been put forth by three of the Defendants in other criminal cases in both federal and state court.  The most recent is Defendant Chester Gallagher's Tennessee state court preliminary hearing, where Defendant Calvin Zastrow took the stand on behalf of Mr. Gallagher.  Mr. Zastrow all but accepted that Defendants had trespassed in violation of state law, but went on to explain "why he was at the location"— because he knew "when and where they were about to cut the heads off children," and how he was not there to "protest" that day but rather went to "place himself in a place between a place where innocent children were going to be killed in order to save their lives," all over the repeated objections of the prosecution and admonitions of the court.  Ex.

3

A (manually filed audio) at 4:20-14:29. Mr. Gallagher in turn sought to preserve this testimony for future proceedings and to encourage nullification. *See id.* at 14:30 to end.

In a different criminal case, in federal court in the District of Columbia, Defendant Heather Idoni proffered in support of her request for a defense of others instruction. Defendant Idoni indicated that she intended to testify that "she was at the abortion clinic . . . for the purpose of . . . attempting to verbally dissuade the women from destroying their unborn children that she reasonably believed were legal persons," and as to why she personally believes unborn children to be legal persons. Idoni Aff. ¶ 4-5, *United States v. Handy*, No. 22-096 (D.D.C. July 20, 2023), ECF No. 293. After reviewing her proffer, the Court precluded the defense from offering any such evidence or argument at trial. Order Granting Omnibus Motion, *Handy,* No. 22-096 (D.D.C. Aug. 2, 2023), ECF No. 329 (Kollar-Kotelly, J.); *see also Sterling Heights v. Zastrow, et al.*, No. 2021-0365 (Mich. 16th Judicial Cir. July 24, 2023) (finding it abuse of discretion to issue defense of others jury instruction on similar facts). The Government now seeks a similar ruling here, as any such presentation or testimony would be improper, unfairly prejudicial, and impossible to rewind.

***Neither Defendants' Arrest nor the First Amendment are Valid Defenses.*** Defendants are also silent on the Government's request that they be precluded from citing their "arrest for criminal trespass" to argue that the decision to indict them was improper. *See* Defs.' Resp. at 4-5. Again, the Government is not concerned with Defendants testifying or eliciting the fact of their arrest— indeed, it will be a part of the Government's case-in-chief. Where we diverge is Defendants' further contention that their arrest for criminal trespass can be "present[ed as] a defense." Defs.' Resp. at 6. It cannot, for at least two reasons: first, a state criminal trespass charge is not a lesser included offense to the federal offenses charged here and the defense has no right to present it as

4

such; and second, the only way the state criminal charge has any significance to Defendants here is if, as Defendants appear to anticipate, "a juror . . . dislike[s] the Government's later decision to charge the Defendants in Federal Court," *i.e.*, as an improper nullification argument. *Id.* at 5. Defendants' request to "explore" this nullification argument at trial should therefore be denied.[2]

Finally, according to Defendants, "simply because the Court concluded that" the charged conduct was not First Amendment-protected activity "does not mean that the jury cannot" reach the opposite conclusion. But that is exactly what it means. It is one thing to present what this Court outlined and contend what is essentially innocence—that is, that a defendant "did not do anything . . . other than engage in constitutionally protected speech that does not fall into any of the narrow categories of action prohibited by the FACE Act." *United States v. Gallagher*, -- F.Supp. 3d --, 2023 WL 4317264 at *10 (M.D. Tenn. July 3, 2023). It is an entirely different and impermissible thing to present, as Defendants seek to do, that it is in the hands of the jury to decide whether the charged conduct qualifies as protected speech, even though this Court (and every appeals court to have decided the issue, including the Sixth Circuit) determined it does not. Put simply, Defendants ability to raise a First Amendment defense to the jury rises and falls with their as-applied challenge to the charge. *E.g.*, Order at 2, *United States v. Handy*, No. 22-096 (D.D.C. Aug. 2, 2023), ECF No. 329. That challenge having failed here, the Court should also preclude this improper argument.

For these reasons, the Government requests that the Court grant its motion on all points.

---

[2] Defendants' further desire to cross-examine Caroline Davis on the "benefits she is receiving from the Government to [her] charges based on her cooperation" is misplaced. As the Government clarifies in its response to the defense's Motion in Limine No. 4, Ms. Davis entered into the same plea agreement that was offered to every defendant in this case, and a cooperation agreement came only after she had accepted the offer. *See* Gov't. Resp. to MIL No. 4 at 1-3, ECF No. 394.

Respectfully submitted,

HENRY C. LEVENTIS
United States Attorney
Middle District of Tennessee

*s/Amanda J. Klopf*
AMANDA J. KLOPF
Assistant United States Attorney
791 Church St, Suite 3300
Nashville, Tennessee 37203
Phone: 615-736-5151

KRISTEN M. CLARKE
Assistant Attorney General
Civil Rights Division

*s/Kyle Boynton*
KYLE BOYNTON
Trial Attorney
950 Pennsylvania Ave. NW
Washington, DC 20530
Phone: 202-598-0449
Kyle.Boynton@usdoj.gov

*s/Wilfred T. Beaye, Jr.*
WILFRED T. BEAYE, JR.
Trial Attorney
950 Pennsylvania Ave. NW
Washington, DC 20530
Phone: 771-333-1681
Wilfred.Beaye@usdoj.gov

# CERTIFICATE OF THE SERVICE

I certify that a true and correct copy of the foregoing was filed electronically and served electronically, via the CM/ECF electronically filing system on this 26th day of December, 2023, upon the following:

**JODIE A. BELL**
Law Office of Jodie A. Bell
Washington Square Building 214 Second Avenue North Suite 208
Nashville, TN 37201
USA
jodie@attorneyjodiebell.com
(615) 953-4977

*Attorney for Defendant Chester Gallagher*


**WILLIAM J. CONWAY**
William J. Conway, Esq. P.C.
214 Second Avenue North, Suite 208
Nashville, TN 37201
wjconway@gmail.com
(615) 260-5364

*Attorney for Defendant Heather Idoni*


**LARRY LAMONT CRAIN**
5214 Maryland Way
Suite 402
Brentwood, TN 37207
(615) 376-2600
larry@crainlaw.legal

**STEPHEN M. CRAMPTON**
Thomas More Society
P.O. Box 4506
Tupelo, MS 38803
scrampton@thomasmoresociety.org
662-255-9439

*Attorneys for Defendant Paul Vaughn*

**G. KERRY HAYMAKER**
Haymaker & Heroux, P.C.
545 Mainstream Drive
Suite 420
Nashville, TN 37228
haymaker@tennesseedefense.com
(615) 250-0050

**STEVE C. THORNTON, I**
Steve Thornton Attorney Law Office
P.O. Box 16465
Jackson, MS 39236
USA
mail@lawlives.com
(601) 982-0313

*Attorneys for Defendant Coleman Boyd*


**MANUEL B. RUSS**
340 21st Avenue North
Nashville, TN 37203
(615) 329-1919
russben@gmail.com

**JOHN R. MANSON**
3112 Carrington Court
Nashville, TN 37218
USA
jmanson@lewisthomason.com
615-259-1366

*Attorneys for Defendant Dennis Green*

**ROBERT LYNN PARRIS**
208 3rd Avenue North Ste 300
Nashville, TN 37201
rlp@robertparrisattorney.com
(901) 490-8026

**DAVID I. KOMISAR**
Law Office of David I. Komisar
208 Third Avenue North, Suite 300
Nashville, TN 327201
david@komisarlaw.net
615-256-3330

*Attorneys for Defendant Calvin Zastrow*


                                                                                         s/ *Wilfred T. Beaye, Jr.*
                                                                                         WILFRED T. BEAYE, JR.
                                                                                         Trial Attorney