IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | Criminal No. 3:22-cr-00327 |
| ) | Judge Trauger |
| [1]  CHESTER GALLAGHER, ) | |
| [2]  HEATHER IDONI ) | |
| [3]  CALVIN ZASTROW ) | |
| [4]  COLEMAN BOYD ) | |
| [6]  PAUL VAUGHN ) | |
| [7]  DENNIS GREEN ) | |

## ORDER RULING ON DEFENSE MOTIONS IN LIMINE

**Defense Motion in Limine No. 1 (Doc. No. 354)**

This motion is GRANTED. The government shall not allow government witness Caroline Davis to use the expressions "culty", "cult leader", "grooming", "commune" or to testify that defendant Boyd expected women to be "submissive". These expressions are potentially inflammatory, are not evidence of criminal behavior, and their probative value is substantially outweighed by the danger of unfair prejudice.

**Defense Motion in Limine No. 2 (Doc. No. 355) and Defense Motion in Limine No. 3 (Doc. No. 356)**

Co-conspirator statements of defendants charged in this case, including Caroline Davis, will be admitted subject to potential defense continuing objections and subject to the government's demonstrating their admissibility under *Enright* by the close of the government's proof. The court will rule at the close of the government's proof as to whether or not the government has established their admissibility by a preponderance of the evidence. *U.S. v. Vinson*, 606 F.2d 149, 152 (6th Cir. 1979).

1

Under clearly established law in the Sixth Circuit, co-conspirator statements that meet the *Enright* standard are admissible by others not charged with conspiracy. *U.S. v. Blankenship*, 954 F.2d 1224 (6th Cir. 1992); *U.S. v. Word*, 806 F.2d 658 (6th Cir. 1986). There is, however, no Sixth Circuit authority that allows the admission of co-conspirator statements of unindicted co-conspirators who were allegedly members of some *other* conspiracy – a conspiracy not charged in the case – and co-conspirator statements the government proposes to introduce under this theory will not be allowed. The government has offered, and the court will require the government to lay the foundation for the admission of these unindicted co-conspirator statements prior to their presentation to the jury.

The defense request that the term "co-conspirator statement" not be used in front of the jury is GRANTED with respect to the discussion of evidentiary rulings in front of the jury, but the government will be allowed to use that terminology in closing argument. All parties will otherwise refer to co-conspirator statements before the jury as either "Rule 801(d)(2)(E) statements" or simply "Rule 801 statements".

**Defense Motion in Limine No. 4 (Doc. No. 357)**

The court has already ruled that Caroline Davis may testify about her own actions in Michigan, but not about the participation of any of her co-defendants in this case who were involved in Michigan. (Doc. No. 352). The defense will be able to cross-examine Ms. Davis about her plea agreements in Michigan and in this case but will not be allowed to misrepresent those plea agreements. As detailed in the government's Response (Doc. No. 394), the chronology of the plea agreements offered in this case and of Ms. Davis's proffers are important, and the defense will not be allowed to mislead the

2

jury about her plea agreements or about Ms. Davis's participation in the blockade that took place in Michigan. There is substantial danger that the defense could open the door to the rare admissibility of the generous plea agreements that were ostensibly made to all of the defendants in this case.

 It is so **ORDERED**.

_____
ALETA A. TRAUGER
U.S. District Judge