# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ] | |
| | ] | |
| v. | ] | No. 3:22-CR-00327-1 |
| | ] | JUDGE TRAUGER |
| [1] CHESTER GALLAGHER | ] | |
| [2] HEATHER IDONI | ] | |
| [3] CALVIN ZASTROW | ] | |
| [4] COLEMAN BOYD | ] | |
| [6] PAUL VAUGHN | ] | |
| [7] DENNIS GREEN | ] | |

## SURREPLY IN OPPOSITION TO GOVERNMENT'S REPLY IN SUPPORT OF GOVERNMENT'S MOTION TO PRECLUDE

Comes now the Defendants, Chester Gallagher, Heather Idoni, Calvin Zastrow, Coleman Boyd, Paul Vaughan and Dennis Green, by and through undersigned counsel, and hereby submits this surreply in opposition to the Government's Reply Memorandum Supporting the Government's Motion to Preclude Improper Arguments (Doc. 403) in order to correct the Government's misunderstanding and misrepresentations of Defendants' positions. The Government filed a Reply[1] supporting its previously filed Motion to Preclude certain evidence. (DE 412 and 359). In response to this pleading, the Defendants address various points in the Government's Reply primarily related to the Government's request that the defense be restricted from eliciting certain evidence from the Defendants' meetings prior to and their discussions during the events of March 5, 2021, that demonstrates their intent, or lack thereof:

---

[1] For clarity, this pleading will be referred to as the "Reply" throughout.

1

**The Conspiracy Charged in Count One of the Indictment Requires Proof of the Objective of the Agreement and the Specific Intent of the Defendants to Achieve the Objective of the Agreement**

The Government either misunderstands or misrepresents Defendants' position concerning evidence of Defendants' intent. The Government claims that Defendants' desire to present evidence of their actual statements prior to and even during the events giving rise to this case only to encourage jury nullification and that such evidence is irrelevant for any other purpose. On the contrary, such evidence is highly relevant because it goes to the element of intent, and the Government's motion should be denied.

18 U.S.C. § 241 requires, as one of its essential elements, that the Government must prove beyond a reasonable doubt is the *objective* of the agreement that the Defendants are alleged to have entered was for an unlawful purpose. A further essential element the Government must prove is the *specific intent* of the Defendants to commit the target crime through their agreement. In order for the Government to carry its burden and obtain a conviction for conspiracy to violate rights under 18 U.S.C. § 241, it must prove that the Defendants knowingly agreed with one another to prevent a victim from exercising a right guaranteed under laws of the United States, and that there was specific intent to commit the deprivation. *United States v. Robinson*, 813 F.3d 251, 256 (6th Cir. 2016). Specific intent to deprive another of civil rights is an element of the charged offense that the Government must prove beyond a reasonable doubt. *United States v. Epley*, 52 F.3d 571, 575-76 (6th Cir. 1995). Conspiracy is a specific intent crime. *United States v. Brown,* 332 F.3d 363 (6th Cir. 2003); *United States v. Merriweather*, 78 F.3d 1070, 1078 (6th Cir. 1996). The specific intent required for conspiracy is intent to further the conspiracy's unlawful objective. *United States v. Trevino*, 7 F.4th 414 (6th Cir. 2021). Specific intent means that the defendant consciously intends

the completion of acts comprising the choate offense. *United States v. Calloway*, 116 F.3d 1129 (6th Cir. 1997).

It is insufficient to demonstrate that the acts of the Defendants merely have an incidental effect upon a federal right, but rather the federal right must be the aim or objective of the conspiracy. *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263 (1993). (The impairment of that federal right must be the conscious objective of the enterprise) The fundamental characteristic of a conspiracy is a joint commitment to an endeavor which, if completed, would satisfy all the elements of the underlying substantive criminal offense. *Ocasio v. United States*, 578 U.S. 282, 136 S. Ct. 1423 1429 (2016). Absent an agreement to commit an unlawful goal, there is no criminal conspiracy. *United States v. Ganji*, 880 F.3d 760, 768 (5th Cir. 2018).

Agreement to participate in a legal activity is not a criminal conspiracy. In fact, such an agreement to jointly engage in lawful acts is protected by the First Amendment to the United States Constitution. *See*, *e.g.*, *Americans for Prosperity Found. v. Bonta*, ⸺ U.S. ⸺, 141 S. Ct. 2373, 2382 (2021) ("implicit in the right to engage in activities protected by the First Amendment [is] a corresponding right to associate with others") (quoting *Roberts v. United States Jaycees*, 468 U.S. 609, 622 (1984))  Likewise, an act that evidences agreement to participate in a legal activity is not an overt act in furtherance of a criminal conspiracy, even though the legal act may have furthered an object of a criminal conspiracy of which the first person was not a part. *United States v. Falcone*, 311 U.S. 205, 210 (1940).

Count 2 of the indictment, by its very terms of 18 U.S.C. § 248, requires the Government to prove the Defendants had two separate forms of intent. One is the intent to act *because* the interfered-with person was obtaining or providing reproductive health services. The second is the intent to injure, intimidate, or interfere. The second is a separate intent requirement the FACE Act;

but that intent alone will not suffice to prove a charge under § 248(a)(1) without a showing that the intent to injure, intimidate, or interfere existed because of the motivation specified by the statute. *Sharpe v. Conole*, 386 F.3d 482, 484 (2nd Cir. 2004).

In the instant case, as with all conspiracy charges, the Government must prove that the Defendants entered an agreement that had as its *objective* to violate federally protected rights by use force, threat of force, or physical obstruction to intentionally injure, intimidate or interfere with the patients and employees of the Clinic and that the *objective* of the alleged agreement was adopted *because* the patients and employees were obtaining or providing reproductive health services.. Further, it must prove that it was the Defendants' specific *intent* to carry out the objective of such an agreement.

Obviously, the objective of the agreement and the intent of those entering the agreement are closely linked. Evidence that tends to prove or disprove these elements are centerpieces in this trial. Since these are essential elements the Government must prove beyond a reasonable doubt at trial, they are also clearly relevant and critical to the Defendants' ability to present the defense to those charges which is, accordingly, critical to their Sixth Amendment right to a fair jury trial. The Government has already argued its right to present circumstantial evidence and ask the jury to draw inferences from that circumstantial evidence. The Government obviously wants to present pictures of the gathering of the Defendants to worship and discuss the planned events at Carafem on March 5, 2021, then ask the jury to infer some criminal intent on the part of the Defendants from that meeting. If the Government is permitted to present this evidence, then the Defendants must also be allowed to present evidence in their defense that shows the Defendants' lawful intent and objective reasons for assembly prior to March 5, 2021. This evidence demonstrates to the jury and will allow the jury to draw the inference that the gathering was not to commit a crime, but

instead a meeting to pray and discuss the upcoming events of March 5, 2021. All evidence that tends to prove the *objective* of any agreement and/or the *intent* of the Defendants for gathering is centrally relevant to the charged offenses and their elements.

The Government's Reply, and other pleadings, seek to prevent the Defendants from presenting relevant evidence. The Defendants' words and actions at Carafem on March 5, 2021, are relevant evidence of the Defendants' intent. Likewise, the Defendants' discussions indicating *why* they were gathering on March 5, 2021, both on that day and leading up to that day, including discussion of what they could expect from law enforcement based on past abuses of their First Amendment activities, including arrest for trespassing, are critical to show their intent, or lack thereof. This goes to the ability of the Defendants to disprove essential elements of the charged offenses and it would violate principles of a fair trial to adopt the Government's positions and restrict presentation of this evidence.

## **CONCLUSION**

Based upon the foregoing, the Defendants maintain that the Court should deny the Government's request that the Court restrict the presentation of evidence relating to events leading up to and on March 5, 2021.

Respectfully submitted,

**/s/ Manuel B. Russ**
MANUEL B. RUSS
340 21st Avenue North
Nashville, TN 37203
(615) 329-1919
russben@gmail.com
Attorney for Defendant Dennis Green

5

/s/ **Jodie A. Bell (by permission)**
JODIE A. BELL, No. 18336
Washington Square Building
214 Second Avenue North, Suite 208
Nashville, Tennessee 37201
(615) 953-4977
(615) 928-1901  facsimile
jodie@attorneyjodiebell.com
Attorney for Chester Gallagher

**/s/ William J. Conway  (by permission)**
William J. Conway, Esq. P.C.
214 Second Avenue North, Suite 208
Nashville, TN 37201
(615) 260-5364
wjconway@gmail.com
Attorney for Defendant Heather Idoni

**/s/ Robert L. Parris (by permission)**
Robert L. Parris, Attorney at Law
200 Jefferson Avenue, Suite 1500
Memphis, TN 38103
(615) 490-8026
rlp@robertparrisattorney.com
Attorney for Defendant Calvin Zastrow

**/s/ Kerry Haymaker (by permission)**
Haymaker & Heroux, P.C.
545 Mainstream Drive, Suite 420
Nashville, TN 37228
(615) 250-0050
haymaker@tennesseedefense.com
Attorney for Defendant Coleman Boyd

**/s/ Stephen M. Crampton (by permission)**
 STEPHEN M. CRAMPTON
Thomas More Society
P.O. Box 4506
Tupelo, MS  38803
662-255-9439
scrampton@thomasmoresociety.org
Attorney for Defendant Paul Vaughn

6

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing Motion was filed electronically and served on the following by the EF/CME electronic filing system:

**WILLIAM J. CONWAY**
William J. Conway, Esq. P.C.
214 Second Avenue North, Suite 208
Nashville, TN 37201
(615) 260-5364
wjconway@gmail.com
Attorney for Defendant Heather Idoni

**ROBERT LYNN PARRIS**
Robert L. Parris, Attorney at Law
200 Jefferson Avenue
Suite 1500
Memphis, TN 38103
(615) 490-8026
rlp@robertparrisattorney.com
Attorney for Defendant Calvin Zastrow

**G. KERRY HAYMAKER**
Haymaker & Heroux, P.C.
545 Mainstream Drive
Suite 420
Nashville, TN 37228
(615) 250-0050
haymaker@tennesseedefense.com
Attorney for Defendant Coleman Boyd

**HEATHER G. PARKER**
Evans Bulloch Parker PLLC
302 North Spring Street
PO Box 398
Murfreesboro, TN 37133-0398
(615) 896-4154
heatherparker@bfhelaw.com
Attorney for Defendant Caroline Davis

**LARRY LAMONT CRAIN**
5214 Maryland Way
Suite 402
Brentwood, TN 37207
(615) 376-2600
larry@crainlaw.legal

7

**STEPHEN M. CRAMPTON**
Thomas More Society
P.O. Box 4506
Tupelo, MS 38803
662-255-9439
scrampton@thomasmoresociety.org
Attorney for Defendant Paul Vaughn

**JODIE A. BELL**
Washington Square Building
214 Second Avenue North, Suite 208
Nashville, Tennessee 37201
(615) 953-4977
(615) 928-1901 facsimile
jodie@attorneyjodiebell.com
Attorney for Chester Gallagher

**DAVID R. HEROUX, P.C.**
Haymaker & Heroux, P.C.
545 Mainstream Drive
Suite 420
Nashville, TN 37228
(615) 250-0050
heroux@tennesseedefense.com
Attorney for Defendant Eva Edl

**DAVID L. COOPER**
Law Office of David L. Cooper, P.C.
208 Third Avenue, N Suite 300
Nashville, TN 37201
(615) 256-1008
dcooper@cooperlawfirm.com
Attorney for Defendant Eva Zastrow

**RAYBURN McGOWAN, Jr.**
8005 Church Street East
Suite 219
Brentwood, TN 37207
(615) 244-7070
mcgowanrayburnjr@bellsouth.net
Attorney for Defendant James Zastrow

**LEONARD E. LUCAS, III**
The Law Firm of Leonard Earl Lucas

315 Deadrick St, Suite 1550
Nashville, TN 37238
(301) 204-6498
leonard.lucas@lellawfirm.com
Attorney for Defendant Paul Place

**AMANDA J. KLOPF**
U.S. Attorney's Office (Nashville)
719 Church Street
Suite 3300
Nashville, TN 37203
(615) 736-5151
amanda.klopf@usdoj.gov
Representing **USA** (*Plaintiff*)

**KYLE BOYNTON**
Department of Justice
150 M Street NE
Washington, DC 20002
(202) 598-0449
Representing **USA** (*Plaintiff*)

This the 28th day of December 2023.

/s/ Manuel B. Russ
MANUEL B. RUSS

9