IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 3:22-cr-00327 |
| v. | ) | |
| | ) | |
| | ) | Hon. Aleta Trauger |
| [1] CHESTER GALLAGHER | ) | |
| [2] HEATHER IDONI | ) | |
| [3] CALVIN ZASTROW | ) | |
| [4] COLEMAN BOYD | ) | |
| [6] PAUL VAUGHN | ) | |
| [7] DENNIS GREEN | ) | |

**REPLY TO DEFENDANTS' OBJECTIONS TO THE GOVERNMENT'S REQUESTED JURY INSTRUCTIONS**

The United States of America, through United States Attorney Henry C. Leventis and Assistant United States Attorney Amanda J. Klopf and Assistant Attorney General Kristen M. Clarke and Trial Attorneys Kyle Boynton and Wilfred T. Beaye, Jr., hereby submits the following reply to Defendants' Joint Objections to the Government's Requested Jury Instructions. The Government is amenable to the Defendants' suggestions regarding Requested Instruction Nos. 1, 2,[1] and 9, and responds only to address Defendants' objections as to Requested Instruction Nos. 3, 4, 5, 6, 7, 12, 13, and 20.

---

[1] The Government has no concern with the Court reading the Indictment as written, and certainly did not intend, as Defendants claim, to "mislead[]" and "conceal[] from the jury the Government's own position toward Caroline Davis before she agreed to cooperate with them." Defs.' Joint Objections to Gov't. Requested Jury Instructions at 2, ECF No. 398 ("Defs.' Objections"). The Indictment does not reference by name any one of the co-conspirators who were not or are no longer charged in these proceedings. This is true of Ms. Davis in light of her having accepted the same plea offer that was made to every Defendant. And although Defendants make no mention of it, the Government also proposed that the names of Eva Edl, Eva Zastrow, James Zastrow, and Paul Place be omitted for the same reason in its Requested Instruction No. 9.

1

## RESPONSE TO OBJECTIONS TO REQUESTED INSTRUCTION NO 3.

Defendants appear to object that the Government's requested instruction on the first element of 18 U.S.C. § 241 instructs the jury only that it needs to find an agreement to oppress or intimidate the patients and employees of the Clinic, and thus assumes the persons identified as victims in the Indictment are obtaining, providing, or seeking to obtain or provide reproductive health services. The Government is amenable to adding "in the exercise of their right to obtain, provide, or seek to obtain or provide reproductive healthcare services" at the end of the description of the first element of the offense.

For the reasons set forth in Governments' Objections, ¶ (2)(B) of Defendants' Requested Instruction No. D-2 incorrectly states the law as to this element and imposes a burden that does not exist for either statute.

The Government disagrees that its Requested Instruction on the third element of Section 241 "communicates a lesser burden than the statutory terms impose." Defs.' Objections to Gov't Proposed Jury Instructions at 4, ECF No. 398 ("Defs.' Objections"). The Government agrees that it needs to prove there was "specific intent to commit the deprivation," as the Sixth Circuit outlines in *United States v. Robinson*, 813 F.3d 251, 256 (6th Cir. 2016). However, as has been litigated and decided, the right that is being deprived here is the federal right to freedom from certain types of interference in the access and/or provision of reproductive health services, including abortion. Gov't. Opposition to Motion to Dismiss at 22-23, ECF No. 264; *see also United States v. Gallagher*, No. 3:22-CR-00327, 2023 WL 4317264, at *13 (M.D. Tenn. July 3, 2023) (referring to this reading of the right as "entirely persuasive"); *United States v. Freestone*, No. 8:23-CR-25-VMC-AEP, 2023 WL 4824481, at *3 (M.D. Fla. July 27, 2023) (referring to the same as "correct"). The Requested Instruction thus satisfies the specific intent requirement because it requires proof

that, at the time a particular "Defendant joined in the agreement or understanding," that Defendant "intended to hinder, interfere with, or prevent the patients and employees of the Clinic," from exercising "their right to obtain, or seek to obtain, or to provide or seek to provide, reproductive health services." *See* Gov't. Requested Instruction at 7, ECF No. 360. To the extent that Defendants' concern is that the language states "in their right to obtain," rather than "in the exercise of their right to obtain," the Government is amenable to that change.

Finally, as Defendants have been advised, in connection with the discussion at the status conference on August 4, 2023, and in subsequent correspondence between the parties, the Government is not proceeding on a theory of violence in this case. It is neither required nor does it intend to prove that Defendants used "force or threat of force" or that they attempted to do so. The Government is also not required to and does not intend to prove that Defendants "intentionally injur[ed]" or "attempt[ed] to injure" anyone. As such, omitting from the instructions those portions of the statute does not render any instruction inaccurate, but rather accurately presents to the jury the matters that are in fact at issue.

The Government therefore submits that Requested Instruction No. 3 properly instructs the jury.

3

Case 3:22-cr-00327   Document 435   Filed 01/05/24   Page 3 of 18 PageID #: 1909

# RESPONSE TO OBJECTIONS TO REQUESTED INSTRUCTION NO. 4

The Government incorporates its response to Defendants' objections to Requested Instruction No. 3, to the extent Defendants continue their objection to the language describing the first element of the offense.

Defendants further object to Requested Instruction No. 4 on the ground that it does not instruct that the Government has to prove that the "objective or purpose of the agreement or conspiracy was in fact criminal." As explained in the Government's Response to Defendants' Objections to Requested Instruction No. 5 and its Objections to ¶ (2)(C) of Defendants' requested Jury Instruction No. D-2, the Government need only prove that the objective of the conspiracy was to violate a protected right, not that it was unlawful, and certainly not that it was criminal. To this effect, the Government agrees that the proscribed agreement is one to "oppress" or "intimidate any person . . . in the free exercise or enjoyment of" their right to obtain, provide, or seek to obtain or provide reproductive healthcare services, as secured by Section 248. Thus, the Government is amenable to adding "in the exercise of their right to obtain, provide, or seek to obtain or provide reproductive healthcare services" at the end of its statement of this element of the offense.

For the reasons set forth in the Government's Objections, ¶¶ (5), (6), (7), and (8) of Defendants' requested Instruction No. D-3 is not an appropriate alternative.

The Government therefore submits that Requested Instruction No. 4 properly instructs the jury.

## RESPONSE TO OBJECTIONS TO REQUESTED INSTRUCTION NO. 5

Defendants object to the third and fourth paragraphs of the Government's Requested Instruction No. 5 as creating "the definite impression that the Defendant need not know that the objective of the conspiracy was unlawful." Defs.' Objection at 5-6. Defendants' objection is an incorrect reading of the relevant authority, however. That a defendant must have knowledge of the unlawful purpose of a conspiracy does not mean that a defendant needs to know the objective of the conspiracy was unlawful. The Sixth Circuit recently took this question head on in a case cited by Defendants—*United States v. Trevino*, 7 F.4th 414 (6th Cir. 2021)—and held exactly that. The Court reaffirmed the "deeply rooted" rule that "ignorance of the law or mistake of law is no defense to criminal prosecution," and upheld the district court's denial of a defendant's request to present to the jury his argument that he did not know that the acts which comprised the object of the charged conspiracy were in fact illegal. 7 F.4th at 423-28 (6th Cir. 2021). In so doing, the court held that "the government is not required to prove that the conspirators knew that their objective was criminal," as opposed to "prov[ing] that the conspirators acted with 'at least the degree of criminal intent necessary for the substantive offense' that was the object of the conspiracy." *Id.* at 425 (quoting *United States v. Feola*, 420 U.S. 671, 686 (1975)). Thus, a defendant who joins a conspiracy to distribute cocaine knowing that the purpose of the conspiracy is to distribute cocaine has the requisite intent, and does not need to also know distributing cocaine is illegal. *United States v. Brown*, 332 F.3d 363, 372 (6th Cir. 2003). So too here: a defendant who enters an agreement to perform acts which in fact violate a protected right has the requisite intent and does not need to know that the acts to be performed are illegal and certainly not the specific statutes or provisions that make them so. *See Anderson v. United States*, 417 U.S. 211, 226 (1974) (holding that the government does not need to prove that any defendant knew the source of the right at issue in order to obtain a civil rights conviction).

The Government therefore submits that Requested Instruction No. 5 properly instructs the jury.

### RESPONSE TO OBJECTIONS TO REQUESTED INSTRUCTION NO. 6

The Government incorporates its response to Defendants' objections to Requested Instruction Nos. 3, 4, and 5, to the extent Defendants incorporate their objections to those instructions here. The Government further incorporates its response to Defendants' objections to Requested Instruction No. 3, in response to Defendants' further objection that the Government's definition of the protected right is "incomplete and erroneous" because it "picks and chooses from the language of [Section 248]." Defs.' Objections at 7.

Defendants otherwise object to the instruction that the intent element can be satisfied so long as "the purpose of the conspiracy was to violate a protected right," and "even if the conspirators were also motivated by some other emotion," as "directly contrary to Sixth Circuit law" but defendants do not cite any supporting law, Sixth Circuit or otherwise. *Id.* This is likely because there is no Sixth Circuit or other authority supporting their assertion. To the contrary, the Circuits that have considered the issue have ruled that the Government need only prove that a defendant intended to deprive the victims of the protected right, regardless of whether the defendant was also motivated by some other emotion. *See United States v. Johnstone*, 107 F.3d 200, 209 (3d Cir. 1997) (approving instruction: "Nor does it matter that a defendant may have also been motivated by hatred, anger or revenge, or some other emotion, provided that the specific intent which I have described to you is present."); *United States v. Hoffman*, 498 F.2d 879, 882 (7th Cir. 1974) (holding that when defendants willfully deprived victims of rights under color of law, it was immaterial that they may have also received personal gratification from the brutality); *Crews v. United States*, 160 F.2d 746, 749 (5th Cir. 1947) (holding that offense is complete "even though defendant was also actuated by personal anger, hate, malice, and a desire for revenge"). This is consistent with the Supreme Court's decision in *Anderson v. United States*, in which the

Court held that "[a] single conspiracy may have several purposes, but if one of them—whether primary or secondary—be the violation of a federal law, the conspiracy is unlawful under federal law." 417 U.S. 211, 225-26 (1974) (rejecting petitioner's attempt to "attach significance" to what they considered the "primary motive behind their conspiracy").

The Government therefore submits that Requested Instruction No. 6 properly instructs the jury.

**RESPONSE TO OBJECTIONS TO REQUESTED INSTRUCTION NO. 7**

The Government objects to Defendants' request for an instruction that it must prove overt acts in furtherance of the charged conspiracy. Contrary to Defendants' assertions, the Sixth Circuit has repeatedly emphasized that it has never held that 18 U.S.C. § 241 requires proof of overt acts. *See United States v. Conatser*, 514 F.3d 508, 519 (6th Cir. 2008) (referring to the passing reference in *United States v. Brown*, 49 F.3d 1162 (6th Cir. 1995) as "dicta"); *United States v. Rosser*, No. 22-3887, 2023 WL 4080095, at *4 (6th Cir. June 20, 2023) (emphasizing that "*Brown* wasn't an overt-act case," and that its "mention of that 'overt act' requirement was dicta"). The Circuit has further acknowledged that, although it has not had occasion to decide the issue, "[Section] 241 . . . . mentions nothing about an overt act," *Rosser*, 2023 WL 4080095, at *3, that controlling Supreme Court authority holds that, when the text of a statute does not include an overt act, there is no need for the government to prove the existence of one, *id.* (citing *United States v. Shabani*, 513 U.S. 10, 17 (1994)), and that every circuit to have expressly considered whether § 241 requires proof of an overt act requirement has held that . . . "there is no overt act requirement . . . . ," *Conatser*, 514 F.3d at 519 n.4 (citing cases). Under these circumstances, the appropriate course is to proceed in a manner consistent with the Sixth Circuit's approved pattern jury instructions, and "omit[]" this "instruction" where, as here, "the statute under which the defendant is charged does not [expressly] require proof of an overt act." Sixth Circuit Pattern Jury Instructions, Criminal 3.04 (Use Note); *see also Rosser*, 2023 WL 4080095 at *3-4 (finding that the district court did not commit plain error when it instructed the jury on a Section 241 conspiracy "without listing the commission of an overt act as a required element").

The Government is more receptive to Defendants' further objection that Requested Instruction No. 7's reference to the acts set forth in the indictment as having been "committed in

furtherance of the conspiracy." The Government is amenable to revising the first sentence of its Requested Instruction No. 7 as follows:

> The Indictment sets forth a number of acts, each of which alleges a Defendant acted in furtherance of the conspiracy charged in Count One.

Subject to this change, the Government submits that Requested Instruction No. 7 properly instructs the jury.

# RESPONSE TO OBJECTIONS TO REQUESTED INSTRUCTION NO. 12

Defendants object that Requested Instruction No. 12 omits the requirement that the Government prove "(a) force, threat of force, or physical obstruction," and "(b) 'because' a person is or has been obtaining or providing reproductive health services." This is intentionally so, however, as both requirements are included as separate elements in Requested Instruction No. 10, to which Defendants notably have "[n]o objection." Defs.' Objections at 9. There is no requirement that an instruction focusing on one particular element of an offense restate (and conflate) every other element of the offense, as is the case in Defendants' Requested Instruction Nos. D-7 and D-8.

Defendants further object that Requested Instruction No. 12's instruction on ground that the attempt component of Section 248 "lessens . . . the Government['s] proof requirements" but are unable to identify what, if any, requirement is omitted or lessened. The Requested Instruction includes that the defendant intended to commit the crime, that the defendant "intentionally performed an act that constituted a substantial step . . . ," and that "[m]ere preparation is insufficient." Gov't. Requested Instruction No. 12.

The Government therefore submits that Requested Instruction No. 12 properly instructs the jury.

## RESPONSE TO OBJECTIONS TO REQUESTED INSTRUCTION NO. 13

Defendants object to Requested Instruction No. 13 on the ground that the "Government is . . . required to prove that . . . Patient A's status as reproductive health care patient, or the Clinic employees' role as reproductive health care providers was the sole motivation for Defendant's actions." Defs.' Objections at 10-11; *see also* Defs.' Request No. D-9, at ¶¶ (2), (4) (requiring the jury to find Patient A's status or the clinic employees' role "was the but-for cause," and "*the* motivating factor," such that a finding that the actions "were motivated by some other cause" by itself means that this element is not satisfied). This objection and the corresponding request instruction (at Defs.' Request No. D-9) are not supported by the law.

It is well established that but-for causation is a "form of causation [that is satisfied] whenever a particular outcome would not have happened 'but for' the purported cause," and, as such, "[o]ften, events have multiple but-for causes." *Bostock v. Clayton Cnty., Georgia*, 140 S. Ct. 1731, 1739 (2020) (giving the example of "if a car accident occurred both because the defendant ran a red light and because the plaintiff failed to signal his turn at the intersection, we might call each a but-for cause of the collision"). Indeed, as the Supreme Court has emphasized, the "but-for causation standard [specifically] means a defendant cannot avoid liability just by citing some *other* factor that contributed to its challenged [action]." *Id.*; *see also Burrage v. United States*, 571 U.S. 204, 211 (2014) (describing but-for causation as "the minimum concept of cause," and as existing even "if the predicate act combines with other factors to produce the result, so long as the other factors alone would not have done so"); *United States v. Sadler*, 24 F.4th 515, 547 (6th Cir.) (explaining in case involving death from a drug overdose that the government may prove drug distribution is a but-for cause of death "where use of the controlled substance *combines with*

*other factors* to produce the overdose.") (internal quotations and citations omitted; emphasis added), *cert. denied sub nom. Tempo v. United States*, 143 S. Ct. 169 (2022).

The Sixth Circuit's decision in *United States v. Miller*, 763 F.3d 585 (6th Cir. 2014) concerned an instruction that flipped the *Burrage* rule on its head and required that the prohibited reason be only a significant motivating factor, regardless of whether any other factors could have produced the result absent the prohibited reason. The issue identified in *Miller* is not present in the instructions submitted by the Government. The Government has proposed a "but-for caus[ation]" standard that accurately tracks controlling authority. It informs the jury that the Government does not need to prove that Patient A's status as a reproductive health care patient or the Clinic's employees' role as reproductive health care providers was the sole motivation, so long as the charged conduct would not have occurred but for either.

Defendants' further objection to the definition of "reproductive health services" in this Requested Instruction has been litigated and decided by this Court in its decision on the motion to dismiss. As they persist in doing here, Defendants previously argued that the term "reproductive health services" may not be interpreted as including abortion in light of the Supreme Court's decision in *Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215 (2022). *Gallagher*, 2023 WL 4317264 at *6. The Court rejected this argument as "entirely without merit," explaining that "nothing about [the] scope of [the FACE Act] was changed by any even remotely reasonable reading of *Dobbs*." *Id.* The Court went on to reject Defendants' further argument that they "should have been permitted to disrupt access to any Tennessee-based clinic that provided abortion on the ground that abortion was not *really* legal in Tennessee" as chiefly "wrong about what the law was at the time of their alleged offenses." *Id.* Defendants now reiterate all of the same arguments and propose an instruction that tells jurors that "in Tennessee, abortion is not a reproductive health

service protected by federal law," all in the name of "clarify[ing] any potential confusion that a juror might have of the law today . . . as compared to the state of the law" at the time of the incident. Defs.' Request No. D-10. The Government submits that there is nothing confusing or incorrect about including the statutory definition of reproductive health services in this Requested Instruction, and that Defendants should not be permitted to present to the jury their failed arguments about *Dobbs*' implications for the FACE Act.

The Government therefore submits that Requested Instruction No. 13 properly instructs the jury.

## RESPONSE TO OBJECTIONS TO REQUESTED INSTRUCTION NO. 20

Defendants object to Requested Instruction No. 20 as "assum[ing] one form of transcript use by the Court," and not accounting for the "law as applied to other forms," Defs.' Objections at 12-13, yet Defendants request a very similar instruction at Defendants' requested Jury Instruction No. D-11. The Government submits that Requested Instruction No. 20 properly instructs the jury on transcripts, as it mirrors the Sixth Circuit's Pattern Jury Instruction. *See* Sixth Circuit Pattern Jury Instructions, Criminal 7.17 (2023). If the Court prefers, the Government is amenable to withdrawing this pattern jury instruction until such a time as it is determined which of the lawful alternatives outlined by the Defendants has been decided upon here.

Respectfully submitted,

HENRY C. LEVENTIS
United States Attorney
Middle District of Tennessee

*s/Amanda J. Klopf*
AMANDA J. KLOPF
Assistant United States Attorney
791 Church St, Suite 3300
Nashville, Tennessee 37203
Phone: 615-736-5151

KRISTEN M. CLARKE
Assistant Attorney General
Civil Rights Division

*s/Kyle Boynton*
KYLE BOYNTON
Trial Attorney
950 Pennsylvania Ave. NW
Washington, DC 20530
Phone: 202-598-0449
Kyle.Boynton@usdoj.gov

*s/Wilfred T. Beaye, Jr.*
WILFRED T. BEAYE, JR.
Trial Attorney
950 Pennsylvania Ave. NW
Washington, DC 20530
Phone: 771-333-1681
Wilfred.Beaye@usdoj.gov

## **CERTIFICATE OF THE SERVICE**

I certify that a true and correct copy of the foregoing was filed electronically and served electronically, via the CM/ECF electronically filing system on this 5th day of January, 2024, upon the following:

**JODIE A. BELL**
Law Office of Jodie A. Bell
Washington Square Building 214 Second Avenue North Suite 208
Nashville, TN 37201
USA
jodie@attorneyjodiebell.com
(615) 953-4977

*Attorney for Defendant Chester Gallagher*

**WILLIAM J. CONWAY**
William J. Conway, Esq. P.C.
214 Second Avenue North, Suite 208
Nashville, TN 37201
wjconway@gmail.com
(615) 260-5364

*Attorney for Defendant Heather Idoni*

**LARRY LAMONT CRAIN**
5214 Maryland Way
Suite 402
Brentwood, TN 37207
(615) 376-2600
larry@crainlaw.legal

**STEPHEN M. CRAMPTON**
Thomas More Society
P.O. Box 4506
Tupelo, MS 38803
scrampton@thomasmoresociety.org
662-255-9439

*Attorneys for Defendant Paul Vaughn*

**G. KERRY HAYMAKER**
Haymaker & Heroux, P.C.
545 Mainstream Drive
Suite 420
Nashville, TN 37228
haymaker@tennesseedefense.com
(615) 250-0050

**STEVE C. THORNTON, I**
Steve Thornton Attorney Law Office
P.O. Box 16465
Jackson, MS 39236
USA
mail@lawlives.com
(601) 982-0313

*Attorneys for Defendant Coleman Boyd*

**MANUEL B. RUSS**
340 21st Avenue North
Nashville, TN 37203
(615) 329-1919
russben@gmail.com

**JOHN R. MANSON**
3112 Carrington Court
Nashville, TN 37218
USA
jmanson@lewisthomason.com
615-259-1366

*Attorneys for Defendant Dennis Green*

**ROBERT LYNN PARRIS**
208 3rd Avenue North Ste 300
Nashville, TN 37201
rlp@robertparrisattorney.com
(901) 490-8026

**DAVID I. KOMISAR**
Law Office of David I. Komisar
208 Third Avenue North, Suite 300
Nashville, TN 327201
david@komisarlaw.net
615-256-3330

*Attorneys for Defendant Calvin Zastrow*

 

                                                s/ *Wilfred T. Beaye, Jr.*
                                                WILFRED T. BEAYE, JR.
                                                Trial Attorney