IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| V. | ) |
| | ) NO. 3:22-CR-00327 |
| CHESTER GALLAGHER; HEATHER IDONI; | ) JUDGE TRAUGER |
| CALVIN ZASTROW; COLEMAN BOYD; | ) |
| PAUL VAUGHN; DENNIS GREEN | ) |
| | ) |
| | ) |

**MEMORANDUM IN SUPPORT OF**
**MOTION TO PARTIALLY SEAL DOE WITNESS DECLARATIONS**

Pursuant to to Local Rule 5.03(a), Jane Doe Witness 1, Jane Doe Witness 2, and Jane Doe Witness 3 (collectively, "Doe Witnesses")[1], by and through undersigned counsel, respectfully submit this Memorandum of Law in Support of their Motion to Partially Seal Doe Witnesses' Declarations (the "Doe Declarations"). As detailed below, Doe Witnesses are requesting only that the Court seal their identifying information in the Doe Declarations, as exemplified in Exhibits A, B, and C attached hereto, while leaving the remaining information in the Declaration unredacted. The partial sealing of the Doe Declarations is narrowly tailored to overcome the presumption of public access, and is warranted to protect Doe Witnesses' privacy and safety as third-party witnesses to these proceedings.

**ARGUMENT**

Local Rule 5.03(a) requires a motion for leave to file a document under seal to "demonstrate compelling reasons to seal the documents and that the sealing is narrowly tailored to

---

[1] As the sealing motion moves to keep the identity of Doe Witnesses confidential, these Witnesses are referred to herein by pseudonym.

those reasons by specifically analyzing in detail, document by document, the propriety of secrecy, providing factual support and legal citations." "Generally, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence is typically enough to overcome the presumption of public access." *Id.* As discussed below, protecting the safety of third party witnesses is a compelling reason to seal documents that would reveal their identity and place them at risk.

"[T]rial courts have always been afforded the power to seal their records when interests of privacy outweigh the public's right to know." *See In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 474 (6th Cir. 1983). There is both a common law right of access and a right of access under the First Amendment. *United States v. Campbell*, No. 1:19-CR-25, 2021 WL 1975319, at *2 (S.D. Ohio May 18, 2021). The Sixth Circuit has held that the public's First Amendment right of access "applies to a particular criminal proceeding if (1) that proceeding has 'historically been open to the press and the general public' and (2) 'public access plays a significant positive role in the functioning of the particular process in question.'" *In re Search of Fair Fin.*, 692 F.3d 424, 429 (6th Cir. 2012) (quoting *Press-Enter. Co. v. Super. Ct. of Cal. for Riverside Cnty.*, 478 U.S. 1, 8 (1986)). "If a proceeding passes this 'experience and logic' test, a qualified right of access attaches to it. Under a qualified right, sealing is appropriate if it is 'essential to preserve higher values' and is 'narrowly tailored' to serve such ends." *Id.* (quoting *Press-Enter. Co.*, 478 U.S. at 9).

The common law right of access analysis is similar and requires a party seeking to seal a document to provide "compelling reasons" to seal the document and demonstrate that sealing is narrowly tailored to serve those reasons by analyzing "in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305–06 (6th Cir. 2016) (citing *Baxter Int'l Inc. v. Abbott Lab'ys*,

2

297 F.3d 544, 548 (7th Cir. 2002)).[2]  The documents should be sealed if the party designating the material as confidential can show that disclosure will work a clearly defined and serious injury. *Id.* at 307.

First, a motion to proceed under pseudonyms fails the "experience and logic" test: it is not the type of proceeding that has historically been open to the press and public, nor does public access play a role in that process.  Indeed, it would be "highly illogical" to require the public filing of declarations made solely for the purpose of explaining the threat to their safety of publicly disclosing the identities of the declarants.  *See In re Copley Press, Inc.*, 518 F.3d 1022, 1027 (9th Cir. 2008) (affirming the sealing of transcripts of the closed portions of the hearings on motions to seal a plea); *see also In re Search of Fair Fin.*, 692 F.3d at 432–34 (concluding there is no right of public access to search warrant documents in part because "[t]he safety of confidential witnesses may . . . be compromised").

Moreover, even if a public right of access to Doe Witnesses' motion to testify under pseudonyms exists (which is denied), the partial sealing of the Doe Declarations as set forth in Exhibits A, B, and C is narrowly tailored and essential to preserve the Doe Witnesses' safety.  The redacted information in the Exhibits is limited to the name and identifying information of third-party witnesses who have been subpoenaed to testify in a criminal trial and are only being filed with the Court to support their motion to allow them to testify under pseudonyms.  These limited redactions, like the requested use of pseudonyms at trial, are necessary to protect Doe Witnesses' privacy interests and safety.

---

[2] "Although *Shane Group* was a civil case, its reasoning applies in the criminal context." *Campbell*, 2021 WL 1975319, at *3 (collecting cases).

**I. Concerns for Doe Witnesses' Safety Support Sealing Their Identifying Information.**

Courts have permitted parties and non-parties to protect their identities where, as here, the motion is credibly based on concern for the person's safety. *See, e.g.*, *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004) (upholding district court decision to permit party to proceed using a pseudonym where the underlying case "reveal[ed] their beliefs about a particularly sensitive topic that could subject them to considerable harassment"). In general, "there are good reasons to keep secret the documents filed in connection with motions to seal." *In re Copley Press, Inc.*, 518 F.3d at 1029. In the instant case, Doe Witnesses' very real safety concerns are set forth in the Motion to Protect Witnesses seeking to permit them to testify under pseudonyms, which is adopted and incorporated herein by reference. As each Doe Witness attests in their respective declaration, they fear harassment and for their safety should their identifications as testifying witnesses be publicly disclosed. Those same concerns justify partially sealing their Declarations in support of that Motion.

**II. The Redactions in the Doe Declarations Are Narrowly Tailored to Protect Doe Witnesses' Privacy Interests and Safety.**

The proposed partial sealing of the Doe Declarations is narrowly tailored to overcome any presumption of public access. *See* Local Rule 5.03(a). As set forth in Exhibits A, B, and C, the proposed sealing of the Doe Declarations removes only Doe Witnesses' names and identifying information from the publicly filed versions of the Declarations. Thus, "[w]hile the public will not know Doe's identity from a review of the [declaration], the public's knowledge of the judicial proceedings will be only minimally restricted . . . Thus, it appears that allowing Doe to be named pseudonymously in the [declaration] will not obstruct the public's interest in this case in any significant way." *E.E.O.C. v. Care Centers Mgmt. Consulting, Inc.*, No. 2:12-CV-207, 2012 WL 4215748, at *3 (E.D. Tenn. Sept. 18, 2012) (permitting use of third-party pseudonym in

4

complaint); *cf. Campbell*, 2021 WL 1975319, at *4 (denying motion to seal where the government sought to seal an entire eight-page affidavit rather than redacting certain information).

As innocent third parties, Doe Witnesses' right to privacy also outweighs the presumption of public access. Courts have repeatedly recognized that "[t]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation" in determining whether to seal filings. *United States v. Amodeo*, 71 F.3d 1044, 1050–51 (2d Cir. 1995); *see also In re Knoxville News-Sentinel Co.*, 723 F.2d at 478 (granting motion to seal documents because third-party privacy interests outweighed the "public's right to know").

## **CONCLUSION**

Based on the foregoing, Doe Witnesses respectfully move that (i) the Court grant this Motion for Leave to Partially Seal the Declarations of Jane Doe Witnesses, and (ii) direct the clerk to publicly file the redacted versions of the Doe Declarations, attached as Exhibits A, B, and C hereto.

Dated: January 9, 2024

/s/ *Angela L. Bergman*
Angela Bergman (BPR # 031981)
Sarah Miller (BPR # 033441)
Briana Sprick Schuster (BPR # 38305)
Bass, Berry & Sims PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Telephone (615) 742-6200
Facsimile (615) 742-6293

*Attorneys for Jane Doe Witness 1 and Jane Doe Witness 3*

/s/ Joy Longnecker
Joy Boyd Longnecker (BPR # 029627)
Mackenzie Hobbs (BPR # 040271)
J.D. Thomas (BPR #027582)
Barnes & Thornburg LLP
827 19th Ave S, Suite 930
Nashville, TN 37203-3447
Telephone (615) 621-6012
Facsimile 615) 621-6099

*Attorneys for Jane Doe Witness 2*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing will be served this 9th day of January, 2024 by operation of the Court's CM/ECF system on the following:

Jodie A. Bell
Law Office of Jodie A. Bell
Washington Square Building 214 Second Avenue North Suite 208
Nashville, TN 37201
USA
jodie@attorneyjodiebell.com
(615) 953-4977

*Attorney for Defendant Chester Gallagher*

William J. Conway
William J. Conway, Esq. P.C.
214 Second Avenue North, Suite 208
Nashville, TN 37201
wjconway@gmail.com
(615) 260-5364
*Attorney for Defendant Heather Idoni*


Larry Lamont Crain
5214 Maryland Way
Suite 402
Brentwood, TN 37207
(615) 376-2600
larry@crainlaw.legal

Stephen M. Crampton
Thomas More Society
P.O. Box 4506
Tupelo, MS 38803
scrampton@thomasmoresociety.org
662-255-9439

*Attorneys for Defendant Paul Vaughn*

G. Kerry Haymaker
David R. Heroux
Haymaker & Heroux, P.C.
545 Mainstream Drive
Suite 420
Nashville, TN 37228
haymaker@tennesseedefense.com
heroux@tennesseedefense.com
(615) 250-0050

Steve C. Thornton, I
Steve Thornton Attorney Law Office
P.O. Box 16465
Jackson, MS 39236
mail@lawlives.com
(601) 982-0313

*Attorneys for Defendant Coleman Boyd*

Manuel B. Russ
340 21st Avenue North
Nashville, TN 37203
(615) 329-1919
russben@gmail.com

John R. Manson
3112 Carrington Court
Nashville, TN 37218
jmanson@lewisthomason.com
615-259-1366

*Attorneys for Defendant Dennis Green*

7

Amanda J. Klopf
Assistant U.S. Attorney
791 Church St, Suite 3300
Nashville, Tennessee 37203
Phone: 615-736-5151

Kyle Boynton
U.S. Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530
Phone: 202-598-0449
Kyle.Boynton@usdoj.gov

Wilfred T. Beaye, Jr.
U.S. Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530
Phone: 771-333-1681
Wilfred.Beaye@usdoj.gov

Sanjay Harivadan Patel
U.S. Department of Justice
Criminal Section - Civil Rights Division
4 Constitution Square
150 M Street, NE - 7.121
Washington, DC 20530
202-307-6188
Email: sanjay.patel@usdoj.gov

*Attorneys for the USA*

Rayburn McGowan, Jr.
8005 Church Street East
Suite 219
Brentwood, TN 37027
(615) 244-7070
mcgowanrayburnjr@bellsouth.net

*Attorney for Defendant James Zastrow*

Robert Lynn Parris
208 3rd Avenue North Ste 300
Nashville, TN 37201
rlp@robertparrisattorney.com
(901) 490-8026

David I. Komisar
Law Office of David I. Komisar
208 Third Avenue North, Suite 300
Nashville, TN 327201
david@komisarlaw.net
615-256-3330

*Attorneys for Defendant Calvin Zastrow*

David L. Cooper
Law Office of David L. Cooper, P.C.
208 Third Avenue, N
Suite 300
Nashville, TN 37201
(615) 256-1008
dcooper@cooperlawfirm.com

*Attorney for Defendant Eva Zastrow*

Leonard E. Lucas, III
The Law Firm of Leonard Earl Lucas
315 Deaderick St
Suite 1550
Nashville, TN 37238
301-204-6498
leonard.lucas@lellawfirm.com

*Attorney for Defendant Paul Place*

8

Case 3:22-cr-00327    Document 450    Filed 01/09/24    Page 8 of 9 PageID #: 2035

Heather G. Parker
Evans Bulloch Parker PLLC
302 North Spring Street
P O Box 398
Murfreesboro, TN 37133-0398
(615) 896-4154
(615) 896-4152 (fax)
heatherparker@bfhelaw.com

*Attorney for Defendant Caroline Davis*

                                                   */s/ Angela L. Bergman*