IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| V. | ) |
| | ) NO. 3:22-CR-00327 |
| CHESTER GALLAGHER; HEATHER IDONI; | ) JUDGE TRAUGER |
| CALVIN ZASTROW; COLEMAN BOYD; | ) |
| PAUL VAUGHN; DENNIS GREEN | ) |
| | ) |
| | ) |

## DOE WITNESSES' MOTION FOR A PROTECTIVE ORDER

Come now Jane Doe Witness 1, Jane Doe Witness 2, and Jane Doe Witness 3 (collectively, "Doe Witnesses"), by and through undersigned counsel, to ask this Court to protect them from harassment and other unlawful conduct by permitting them to testify under pseudonyms. The Government previously made a similar motion (Dkt. 353) (the "Government's Motion"), which the Court denied without prejudice. (Dkt. 413.) For the reasons explained herein, and for the reasons set forth in the Government's Motion, the Doe Witnesses request this relief on their own behalves.[1]

The Doe Witnesses have each received a valid subpoena to testify in the upcoming criminal trial. Under Federal Rule of Criminal Procedure 17(a), "a valid subpoena may command a witness to attend and testify." *United States v. Peavler*, Case No. 3:15-CR-14, 2017 WL 1018304, at *1) (E.D. Ky. Mar. 10, 2017) (citing *United States v. Llanez-Garcia*, 735 F.3d 483, 493 (6th Cir. 2013)) (internal

---

[1] The Government's motion sought permission for the Doe Witnesses, as well as an unidentified and unrepresented patient witness, to testify under pseudonyms. Undersigned counsel represents the Doe Witnesses, but adopts the Government's motion in whole. If the Court is inclined to grant the Doe Witnesses' motion, it should also grant the same relief to the unrepresented patient witness for the same reasons and for consistency.

citations omitted). Although "Rule 17(a) does not prescribe a procedure for quashing witness subpoenas, courts routinely have entertained motions seeking such relief and decided them by reference to comparable principles." *Id*. Particularly, "a subpoena *ad testificandum* survives scrutiny if the party serving it can show that the testimony sought is both relevant and material." *Id*. (quoting *Stern v. U.S. Dist. Ct.*, 214 F.3d 4, 17 (1st Cir. 2000)). However, under the "comparable principles" governing motions to quash the production of documents, "the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). Forth the reasons set forth below, the Doe Witnesses seek a protective order from this Court allowing them to testify pseudonymously.

In partially denying the Government's Motion seeking the same relief, this Court found that at the time the Government had made only generalized assertions about the threats to abortion providers and invited a renewal of that motion if there was evidence of particularized threats against the testifying witnesses in this case. Once presented with evidence "of an actual, particularized threat," this Court "has discretion to review relevant information and determine whether disclosure of the witness's identifying information is necessary to allow effective cross-examination." (Dkt. 413 at 4 (quoting *United States v. Ramos-Cruz*, 667 F.3d 487, 500 (4th Cir. 2012))); *accord United States v. Gutierrez de Lopez*, 761 F.3d 1123, 1140 (10th Cir. 2014) ("[C]ourts evaluate Confrontation Clause claims based on anonymous testimony by asking (i) whether the government has demonstrated a threat and if so, (ii) whether anonymous testimony deprived the defendant of an opportunity for effective cross-examination."). The Doe Witnesses bring this motion to offer such evidence.

I.  **Identification of Doe Witnesses Poses an Actual Threat to Their Safety.**

Each of the Doe Witnesses has been subpoenaed to provide trial testimony in this matter. As set forth in sworn declarations filed herewith, each of the Doe Witnesses have an articulable

2

fear that they will be targeted by Defendants' supporters and associates if they are publicly identified as testifying witnesses. (*See* Ex. A, Doe 1 Decl.; Ex. B, Doe 2 Decl; Ex. C, Doe 3 Decl.)[2] As set forth in their declarations, the Doe Witnesses have already experienced repeated threats to their personal safety, places of work, and efforts to publicize their personal information for use and harassment by anti-abortion extremists. The Doe Witnesses have been the target of actual threats by groups who have publicly disclosed that they will be present at the courthouse during this trial. As a result of these ongoing threats, the Doe Witnesses have substantial fear for their personal safety if their identities, places of work, and domicile are made public.[3]

The Doe Witnesses have been subject to multiple threats to their personal safety due to the actions of extremists who target them for their place and type of work. Several of the individuals behind these threats are defendants in this criminal action, and others are affiliated with Defendants through individuals and organizations that utilize harassment, threats, and violence to intimidate and harm abortion providers and patients across the country. This threat provides suitable grounds to protect the Doe Witnesses' identities from public disclosure. *See Ramos-Cruz*, 667 F.3d at 501 ("The appropriateness of using pseudonyms to protect witnesses does not depend on whether the threat to the witness comes directly from a defendant or from another source." (quoting *United States v. Celis*, 608 F.3d 818, 832 (D.C. Cir. 2010))).

---

[2] The Doe Witnesses' declarations are the subjects of a contemporaneously-filed motion to seal, and the versions attached hereto have redactions of personally identifying information.

[3] Operation Save America has organized a rally to surround the courthouse at the outset of trial on January 15, 2024. *See Rally for Rescuers*, OPERATION SAVE AMERICA https://www.operationsaveamerica.org/event/rally-for-rescuers/ (last visited Jan. 7, 2024); *see also* Rusty Thomas & Jason Storms, *I Stand with the 11 Rally,*, FACEBOOK https://www.facebook.com/events/638724271333633/?ref=newsfeed (last visited Jan. 7, 2024); *see also* Ex. D, Mem. Op., Dkt. 65, *FemHealth USA, Inc. v. Williams*, No. 3:22-cv-00565 (M.D. Tenn. Sept. 14, 2022).

3

Jane Doe 1 and Jane Doe 2 have experienced multiple threats to their physical safety, including from Operation Save America ("OSA"), while employed at the carafem facility where the FACE Act violations and criminal charges against Defendants in this case arose. Notably, Defendants Boyd and Gallagher are members of OSA, an organization dedicated to preventing women from receiving reproductive healthcare services. In July 2022 (more than one year after participating in the blockade giving rise to this case), dozens of members of OSA, including Defendants Boyd and Gallagher, staged multiple events at carafem. OSA members, including Defendants Boyd and Gallagher, blocked the facility's doors and attempted to access the clinic unlawfully, trying to convince the security guards protecting carafem to leave so that the OSA members could gain access to the clinic, its staff, and its patients. Jane Doe 1 and Jane Doe 2, along with other carafem personnel, were forced to put the clinic on lockdown during this threat.

In the course of attempting to blockade and illegally enter carafem, OSA members recorded themselves saying to police officers:

> It really doesn't matter what men say . . . it doesn't matter what the D.A. says or anybody else, it's not going to change what's really going on behind there—murders, homicide. We got men out here who are willing to do what needs to be done. . . . We have to obey God rather than men. It doesn't matter what a man in an air-conditioned office says—you have a duty to God to protect life at every level.

(Ex. D, Mem. Op., Dkt. 65, at 4, *FemHealth USA, Inc. v. Williams*, No. 3:22-cv-00565 (M.D. Tenn. Sept. 14, 2022).) This statement, suggesting that OSA members are prepared to ignore the law and "willing to do what needs to be done" in pursuit of their stated goal of preventing women from receiving reproductive healthcare is ominous.

That same week in July 2022, anti-abortion extremists Rickey and Bevelyn Williams, and Edmee Chavannes attempted to gain entrance to the carafem clinic by falsely stating that they had an appointment and threatened those inside. After being denied access to the clinic itself, Bevelyn

4

Williams recorded herself, Mr. Williams and Edmee Chavannes stomping through the hallways of the building, screaming, "Murderers!" and threatening to "take this whole building down" and "terrorize this whole building." (Ex. E, Mem. Prelim. Inj., Dkt. 14, at 6, *FemHealth USA, Inc. v. Williams*, No. 3:22-cv-00565 (M.D. Tenn. filed Aug. 9, 2022).) These threats again forced the carafem clinic into a lockdown until the extremists were escorted from the building by security. Both Jane Doe 1 and Jane Doe 2 were on lockdown with employees and patients during these attacks. After being escorted from carafem, the Williamses drove to a nearby Planned Parenthood and were arrested for trespassing. Notably, when he was arrested **Rickey Williams was armed with a concealed handgun.** (*Id*. at 7.) The Williamses and Ms. Chavannes, who live in Middle Tennessee, are facing a criminal trial in New York for similar conduct. *See* Sealed Indictment *United States v. Williams*, No. 1:22-cr-00684 (S.D.N.Y filed Dec. 13, 2022). This group is affiliated with OSA and has posted images and videos of themselves online "do[ing] an Operation Save America" during blockades that occurred in Fort Myers, Florida, which also included Defendant Gallagher. (Ex. F, Miller Decl., Dkt. 50, at ¶ 3, *FemHealth USA, Inc. v. Williams*, No. 3:22-cv-00565 (M.D. Tenn. filed Sept. 1, 2022).)

Due to the ongoing threats to reproductive health providers nationwide, (*see* Dkt. 353 at 2–3), and the threats they personally have experienced, the Doe Witnesses take precautions to ensure that their identities are not widely known. The Doe Witnesses are aware that if their identities do become public, they will likely become the subject of escalating harassment and personal threats. Anti-abortion extremists, including Defendants, routinely harass and intimidate healthcare providers, including at their homes. Operation Save America posted a video on Facebook showing an individual describing when he and Gallagher went with a group of "about 600 saints" to

demonstrate **at the doctor's residence**.[4]  The Doe Witnesses fear that they may be subject to the same harassment.

Jane Doe 2 has been the subject of at least one doxing attempt – where her identity was exposed and published online by extremists.  The group Live Action, another anti-abortion activist group, produced her name, picture, and place of employment on their website alongside other providers.  (Ex. B, Doe 2 Decl.)  Jane Doe 3 also has been the subject of doxing attempts by anti-abortion extremists.  Jane Doe 3 is now employed at a public institution.  As such, her employment records, official communications, and work-related documents, which contain myriad personal details, are subject to public disclosure under FOIA and state analogs.  Indeed, anti-abortion extremists have already requested her HR files and emails on at least one occasion.  (Ex. C, Doe 3 Decl.)  However, the fact that she has previously provided reproductive services at carafem is *not* subject to public disclosure.  If she is disclosed as a testifying witness in this case, extremists will be able to identify her as a target and use her publicly available personal information to harass or attack her.  This very real and documented danger.  For instance, Aaron Hurley, a well-known anti-abortion extremist who participated in the July 2022 conduct referenced above with Defendants Gallagher and Boyd, and is affiliated with Live Action, has been previously charged with stalking and harassing a doctor, including at the doctor's home address.[5]

In sum, the Doe Witnesses have faced threats to their personal safety from anti-abortion extremists and several Defendants and/or their affiliates.  These threats cannot be discounted in the

---

[4] *See* Operation Save America, *PROOF abortion is demonic*, FACEBOOK (Sept. 20, 2023), https://www.facebook.com/reel/948914899927193.

[5] Gregory Yee, *L.A. antiabortion activist charged with harassing San Francisco doctor, defacing statue*, LOS ANGELES TIMES (May 19, 2022), https://www.latimes.com/california/story/2022-05-19/los-angeles-antiabortion-activist-harassing-stalking-doctor; *see also* Ex. D, Mem. Op., Dkt. 65, at 4, *FemHealth USA, Inc. v. Williams et al*, No. 3:22-cv-00565 (M.D. Tenn. Sept. 14, 2022).

6

face of increasing national violence against abortion providers. (Dkt. 353 at 2–3.) Disclosing their names, places of work, and domiciles publicly during the course of the trial would jeopardize their safety and subject them to harassment or, worse, violence. The facility where all three Doe Witnesses previously worked has now closed. These witnesses have maintained a modicum of anonymity since the closure and all fear that being publicly identified in this case will subject them to harassment, intimidation, and the threat of extremists who will not (and have not, in the past) hesitate to widely publicize their identities.

**II.     Allowing Doe Witnesses to Testify Pseudonymously Will Not Prejudice Defendants.**

The Second Circuit has explained that cases pertaining to the Confrontation Clause, progeny of *Alford v. United States*, 282 U.S. 687 (1931), and *Smith v. Illinois*, 390 U.S. 129 (1968), preserve "two central interests": (1) the defendants' need to investigate the witness out of court or in cross-examination, and (2) relevance of the witness's identity to the jury's deliberations as to the witness's credibility or knowledgeability. *United States v. Raniere*, No. 20-3520-CR, 2022 WL 17544087, at *6 (2d Cir. Dec. 9, 2022), *cert. denied*, 143 S. Ct. 1756 (2023). As set forth in the Government's Motion, (Dkt. 353 at 1–4), identifying the Doe witnesses under seal will satisfy the former interest. The Government's proposal (which the Doe Witnesses join here) is narrowly tailored to protect Doe Witnesses from the cognizable threat that accompanies public disclosure of their names while providing a fulsome opportunity for Defendants to investigate and cross-examine the witnesses. *See Gutierrez de Lopez*, 761 F.3d at 1142 ("The Government may provide an opportunity for effective cross-examination by disclosing a witness's real name to defense counsel while the court still allows the witness to testify under an alias.").

As for the second interest, Defendants have "articulate[d] no reason why disclosing [real] names would help the jury assess the witnesses' credibility," *see Raniere*, 2022 WL 17544087, at

7

*7, and instead discussed other, unrelated cases and concerns about the logistics of voir dire. (Dkt. 393 at 7–8.) Those concerns are easily addressed by the Government's proposal of displaying photographs of the witnesses during voir dire, allowing the Doe witnesses to remain pseudonymous while identifying any jurors who may be familiar with them.

## CONCLUSION

The Doe Witnesses face actual threats to their safety and well-being, and the Government's proposed course of action fully addresses the two interests protected by the Confrontation Clause. There is no prejudice to Defendants in allowing the Doe witnesses to be disclosed to the Court and Defendants' counsel under seal while publicly testifying under pseudonyms. On the other hand, disclosure of their personal information to resolute and sometimes violent extremists presents a clear threat to the safety of these witnesses. Accordingly, the Doe Witnesses respectfully adopt and renew the Government's Motion and request that the Court permit them to testify pseudonymously.

Dated: January 9, 2024

*/s/ Angela L. Bergman*
Angela Bergman (BPR # 031981)
Sarah Miller (BPR # 033441)
Briana Sprick Schuster (BPR # 38305)
Bass, Berry & Sims PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Telephone (615) 742-6200
Facsimile (615) 742-6293

*Attorneys for Jane Doe Witness 1 and Jane Doe Witness 3*


*/s/ Joy Longnecker*
Joy Boyd Longnecker (BPR # 029627)
Mackenzie Hobbs (BPR # 040271)
J.D. Thomas (BPR #027582)
Barnes & Thornburg LLP
827 19th Ave S, Suite 930
Nashville, TN 37203-3447
Telephone (615) 621-6012
Facsimile 615) 621-6099

*Attorneys for Jane Doe Witness 2*

# CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing will be served this 9th day of January, 2024 by operation of the Court's CM/ECF system on the following:

Jodie A. Bell
Law Office of Jodie A. Bell
Washington Square Building 214 Second Avenue North Suite 208
Nashville, TN 37201
USA
jodie@attorneyjodiebell.com
(615) 953-4977

*Attorney for Defendant Chester Gallagher*

William J. Conway
William J. Conway, Esq. P.C.
214 Second Avenue North, Suite 208
Nashville, TN 37201
wjconway@gmail.com
(615) 260-5364
*Attorney for Defendant Heather Idoni*

Larry Lamont Crain
5214 Maryland Way
Suite 402
Brentwood, TN 37207
(615) 376-2600
larry@crainlaw.legal

Stephen M. Crampton
Thomas More Society
P.O. Box 4506
Tupelo, MS 38803
scrampton@thomasmoresociety.org
662-255-9439

*Attorneys for Defendant Paul Vaughn*

G. Kerry Haymaker
David R. Heroux
Haymaker & Heroux, P.C.
545 Mainstream Drive
Suite 420
Nashville, TN 37228
haymaker@tennesseedefense.com
heroux@tennesseedefense.com
(615) 250-0050

Steve C. Thornton, I
Steve Thornton Attorney Law Office
P.O. Box 16465
Jackson, MS 39236
mail@lawlives.com
(601) 982-0313

*Attorneys for Defendant Coleman Boyd*

Manuel B. Russ
340 21st Avenue North
Nashville, TN 37203
(615) 329-1919
russben@gmail.com

John R. Manson
3112 Carrington Court
Nashville, TN 37218
jmanson@lewisthomason.com
615-259-1366

*Attorneys for Defendant Dennis Green*

Amanda J. Klopf
Assistant U.S. Attorney
791 Church St, Suite 3300
Nashville, Tennessee 37203
Phone: 615-736-5151

Kyle Boynton
U.S. Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530
Phone: 202-598-0449
Kyle.Boynton@usdoj.gov

Wilfred T. Beaye, Jr.
U.S. Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530
Phone: 771-333-1681
Wilfred.Beaye@usdoj.gov

Sanjay Harivadan Patel
U.S. Department of Justice
Criminal Section - Civil Rights Division
4 Constitution Square
150 M Street, NE - 7.121
Washington, DC 20530
202-307-6188
Email: sanjay.patel@usdoj.gov

*Attorneys for the USA*

Rayburn McGowan, Jr.
8005 Church Street East
Suite 219
Brentwood, TN 37027
(615) 244-7070
mcgowanrayburnjr@bellsouth.net

*Attorney for Defendant James Zastrow*

Robert Lynn Parris
208 3rd Avenue North Ste 300
Nashville, TN 37201
rlp@robertparrisattorney.com
(901) 490-8026

David I. Komisar
Law Office of David I. Komisar
208 Third Avenue North, Suite 300
Nashville, TN 327201
david@komisarlaw.net
615-256-3330

*Attorneys for Defendant Calvin Zastrow*

David L. Cooper
Law Office of David L. Cooper, P.C.
208 Third Avenue, N
Suite 300
Nashville, TN 37201
(615) 256-1008
dcooper@cooperlawfirm.com

*Attorney for Defendant Eva Zastrow*

Leonard E. Lucas, III
The Law Firm of Leonard Earl Lucas
315 Deaderick St
Suite 1550
Nashville, TN 37238
301-204-6498
leonard.lucas@lellawfirm.com

*Attorney for Defendant Paul Place*

Heather G. Parker
Evans Bulloch Parker PLLC
302 North Spring Street
P O Box 398
Murfreesboro, TN 37133-0398
(615) 896-4154
(615) 896-4152 (fax)
heatherparker@bfhelaw.com

*Attorney for Defendant Caroline Davis*


                                                           */s/ Angela L. Bergman*