UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 3:22-CR-00327 |
| ) | |
| [1] CHESTER GALLAGHER ) | JUDGE TRAUGER |
| [2] HEATHER IDONI ) | |
| [3] CALVIN ZASTROW ) | |
| [4] COLEMAN BOYD ) | |
| [5] CAROLINE DAVIS ) | |
| [6] PAUL VAUGHN ) | |
| [7] DENNIS GREEN ) | |
| [8] EVA EDL ) | |
| [9] EVA ZASTROW ) | |
| [10 JAMES ZASTROW ) | |
| [11 PAUL PLACE ) | |

**DEFENDANTS' MOTION FOR PRETRIAL RULING ON ADMISSIBILITY OF ADDITIONAL VAUGHN VIDEO CLIPS**

Defendants, Chester Gallagher, Heather Idoni, Calvin Zastrow, Coleman Boyd, Paul Vaughn, and Dennis Green, by and through undersigned counsel, hereby move the Court in response to the Court's directive ruling on January 4, 2024 (DE 439) to admit the following video clips and transcripts from the WZTV interview of Paul Vaughn.

**ANALYSIS**

Rule 106 of the Federal Rules of Evidence provides that if a party "introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part—or any other statement—that in fairness ought to be considered at the same time." Fed. R. Evid. 106. And such additional parts of the statement may be admitted "over a hearsay objection." *Id*. The rule thus turns on fairness.

1

Here, the Government seeks to introduce two isolated portions of Paul Vaughn's interview on WZTV recorded just after some of the Defendants were arrested on March 5, 2021, at the Providence Medical Pavilion. Defendants maintain that the interview ought in fairness be played in full, but the Court has already indicated that it will not permit the entirety of the video. In response to the Court's January 4 directive, counsel for Mr. Vaughn reached out to the Government seeking a stipulation regarding two modest additional clips to be included in the video to be played at trial. The Government flatly refused to agree to play either clip. Fairness demands that the additional clips be played.

### The Video Clips

Excerpt 1 (Government's portion at 11:13-19)

**We came into the building and we sat down at the door peacefully and nonviolently** and laid down our freedoms and said that if babies were going to die here today, that it was going to be necessary that they had a Christian witness, that somebody would show them an act of kindness and an act of love and try to save that little baby's life. So that was the purpose of what we're doing. We had, I believe, nine adults and four children arrested. About 13 folks actually went to jail, several others obviously participating in being part of the ministry and the opportunity, the option, the effort I guess was to save lives, but also to bring this to the public discourse, right?

Excerpt 2 (Government's portion at 13:53-14:03)

**We're from all over. There's people local here in Lebanon and there are people from Virginia and different parts of Wisconsin and some other states have come into town to help with this.** And then a lot of the local people that are out on the sidewalk regularly, a lot of local churches are here participating as well. My family's from Hickman County, and so we just Christians from all over.

The Government's first excerpt, a mere six seconds long, is arbitrarily and unfairly cut off mid-sentence. If ever there were a case for the rule of completeness to apply, this is it. Playing a part of the sentence is the essence of incompleteness, especially where as here it creates a misimpression as to what the speaker's meaning was. At a minimum, the rest of the sentence ought in fairness be included (from 11:20-31). Mr. Vaughn is explaining in that

2

sentence why Defendants did what they did, and to omit the remainder of the sentence is to unfairly and incompletely present the statement to the jury.

In the same vein, Defendants maintain that the rule of completeness dictates that the remainder of Mr. Vaughn's statement ought to be played as well, because it completes his statement as to why Defendants were there that day. Defendants volunteered to the Government that they were willing to delete the sections of the statement relating to arrests but were uncertain how to do so without making the clip unduly awkward. The reason Defendants seek to introduce the remainder of the statement is to include the second reason proffered by Mr. Vaughn, namely "to bring this [issue] to the public discourse." (11:32-52). Thus, Defendants are amenable to the following excising of the portions regarding the arrests:

**We came into the building and we sat down at the door peacefully and nonviolently** and laid down our freedoms and said that if babies were going to die here today, that it was going to be necessary that they had a Christian witness, that somebody would show them an act of kindness and an act of love and try to save that little baby's life. So that was the purpose of what we're doing. ~~We had, I believe, nine adults and four children arrested. About 13 folks actually went to jail, several others obviously participating in being part of the ministry and the opportunity, the option,~~ the effort I guess was to save lives, but also to bring this to the public discourse, right?

The Government rejected Defendants' suggestion out of hand, however. Defendants suggest that the rule of completeness demands that this brief additional clip be included in Excerpt 1 as a matter of fairness.

As to Excerpt 2, Defendants seek only to add another ten seconds of video to the Government's ten second clip consisting of two brief sentences that complete Mr. Vaughn's statement concerning where the participants in the event that day were from. The two sentences the Government seeks to introduce directly address that question: "We're from all over. There's people local here in Lebanon and there are people from Virginia and different parts of Wisconsin and some other states have come into town to help with this." (13:53-14:03). Indeed, it appears

Mr. Vaughn was responding to a question from the reporter asking where they were from. But the Government cuts off Mr. Vaughn's answer, including only half of it. The additional portion Defendants seek to introduce (14:04-14), an additional ten second clip, simply completes Mr. Vaughn's answer and states where others were from, including Mr. Vaughn. Frankly, it is puzzling to Defendants why the Government would object to this portion, as it contains nothing inflammatory or prejudicial to the Government's case and again, simply completes Mr. Vaughn's answer to the question posed.

In short, Defendants submit that under Rule 106 and the rule of completeness, these additional clips should be included in fairness in order to allow the jury a fair and complete depiction of the abbreviated statements offered by the Government.

## Conclusion

For all the foregoing reasons, Defendants respectfully moves this Court for an order allowing the admission of the additional video clips from the Paul Vaughn interview.

Respectfully submitted,

*/s/ Stephen M. Crampton*
STEPHEN M. CRAMPTON
Thomas More Society
P.O. Box 4506
Tupelo, MS 38803
(662) 255-9439
scrampton@thomasmoresociety.org

and

LARRY L. CRAIN, Esq.
5214 Maryland Way, Suite 402
Brentwood, TN 37027
(615) 376-2600
larry@crainlaw.legal
www.crainlaw.legal
*Attorneys for Paul Vaughn*

**/s/ *Jodie A. Bell. (by permission)***
JODIE A. BELL, Esq.
214 Second Avenue North, Suite 208
Nashville, TN 37201
(615)244-1110/ (615) 956-4977
*Attorney for Chester Gallagher*

**/s/ *William Conway (by permission)***
WILLIAM J. CONWAY, Esq.
214 Second Avenue North, Suite 208
Nashville, TN 37201
(615) 250-5363
wjconway@gmail.com
*Attorney for Heather Idoni*

**/s/ *WRobert Lynn Parris (by permission)***
ROBERT LYNN PARRIS, Esq.
Robert L. Parris, Attorney at Law
200 Jefferson Avenue, Suite 1500
Memphis, TN 38103
(901) 490−8026
Fax: (901) 524−1806
rlp@robertparrisattorney.com
*Attorney for Defendant Calvin Zastrow*

**/s/ *G. Kerry Haymaker (by permission)***
G. KERRY HAYMAKER, Esq.
Haymaker & Heroux, P.C.
545 Mainstream Drive, Suite 420
Nashville, TN 37228
(615) 250-0050
haymaker@tennesseedefense.com
*Attorney for Defendant Coleman Boyd*

**/s/ *Steve C. Thornton  (by permission)***
STEVE C. THORNTON, Esq.
P.O. Box 16465
Jackson, MS 39236
(601) 982-0313
mail@lawlives.com
*Attorney for Defendant Coleman Boyd*

5

/s/ *Manuel B. Russ (by permission)*
MANUEL B. RUSS
340 21st Avenue North
Nashville, TN 37203
(615) 329-1919
russben@gmail.com
Attorney for Defendant Dennis Green

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing Motion to Continue was filed electronically and served on the following by the EF/CME electronic filing system:

JODIE A. BELL
214 Second Avenue North, Suite 208
Nashville, TN 37201
(615)244-1110/ (615) 956-4977
jodie@attorneyjodiebell.com
Attorney for Chester Gallagher

WILLIAM J. CONWAY
William J. Conway, Esq. P.C.
214 Second Avenue North, Suite 208
Nashville, TN 37201
(615) 260-5364
wjconway@gmail.com
Attorney for Defendant Heather Idoni

ROBERT LYNN PARRIS
Robert L. Parris, Attorney at Law
200 Jefferson Avenue, Suite 1500
Memphis, TN 38103
(615) 490-8026
rlp@robertparrisattorney.com
Attorney for Defendant Calvin Zastrow

G. KERRY HAYMAKER
Haymaker & Heroux, P.C.
545 Mainstream Drive. Suite 420
Nashville, TN 37228
(615) 250-0050
haymaker@tennesseedefense.com
Attorney for Defendant Coleman Boyd

MANUEL B. RUSS
340 21st Avenue North
Nashville, TN 37203
(615) 329-1919
russben@gmail.com
Attorney for Defendant Dennis Green

AMANDA J. KLOPF
U.S. Attorney's Office (Nashville)
719 Church Street, Suite 3300
Nashville, TN 37203
(615) 736-5151
amanda.klopf@usdoj.gov
Representing **USA**

KYLE BOYNTON
WILFRED BEAYE
Department of Justice
150 M Street NE
Washington, DC 20002
(202) 598-1018
Sanjay.patel@usdoj.gov
Representing **USA**

STEVE C. THORNTON, Esq.
P.O. Box 16465
Jackson, MS 39236
(601) 982-0313
mail@lawlives.com
Attorney for Defendant Coleman Boyd

      This the 9th day of January, 2023.

                    /s/ Stephen M. Crampton
                    STEPHEN M. CRAMPTON