IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. 3:22-cr-00327 |
| v. | ) |
| | ) |
| | ) Hon. Aleta Trauger |
| [1] CHESTER GALLAGHER | ) |
| [2] HEATHER IDONI | ) |
| [3] CALVIN ZASTROW | ) |
| [4] COLEMAN BOYD | ) |
| [6] PAUL VAUGHN | ) |
| [7] DENNIS GREEN | ) |

**Opposition to Defendants' Motions for Rulings on Pretrial Admissibility of Video Clips**

The United States of America, by and through undersigned counsel, submits this response to the defense's motions for a pretrial ruling on (i) the admissibility of additional video clips reflecting statements by Chester Gallagher, ECF No. 452 ("Gallagher Motion"),[1] (ii) the admissibility of additional video clips reflecting statements by Paul Vaughn, ECF No. 464 ("Vaughn Motion"), and (iii) excluding portions of a video clip reflecting a statement by Coleman Boyd, ECF No. 466 ("Boyd Motion"). The motions by Defendants Gallagher and Vaughn should be denied because none of their proposed additions can satisfy Federal Rule of Evidence 106's requirement that they correct a misleading impression left by what the United States intends to admit. Defendant Boyd's motion should also be denied because the fact that he refers to a patient as "a mom who is coming to kill her baby" is prejudicial for the very reason it is probative: it shows him intentionally aiding efforts to intimidate and interfere with patients seeking care.

---

[1] Defendant Gallagher's further request to play the clinic employee's video with sound should be denied as moot. The United States now intends to play the video with sound.

1

## I. The Proposed Video Clip Additions by Defendants Chester Gallagher and Paul Vaughn Do Not Correct a Misleading Impression.

Rule 106 provides in relevant part that, "[i]f a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part—or any other statement—that in fairness ought to be considered at the same time." Fed. R. Evid. 106. The threshold in deciding whether a further statement "in fairness ought to be considered" is whether the added statement is "truly necessary to correct a misleading impression" resulting from what was admitted. *E.g.*, *United States v. Donnell*, No. 21-3957, 2022 WL 10219848, at *4 (6th Cir. Oct. 18, 2022); *United States v. Ramsey*, No. 21-CR-495 (ARR), 2023 WL 2523193, at *3 (E.D.N.Y. Mar. 15, 2023) (emphasizing that "[m]ere allusions by a party to 'fairness' or 'context' do not satisfy the party's burden to demonstrate why the evidence should be admitted; [that] the party seeking admission must provide a "specific showing that the government's [intended evidence] rendered misleading, void of context, or confusing").

Applying this threshold, the Sixth Circuit found that the district court did not abuse its discretion when it denied a Rule 106 motion to admit an audio recording that merely "g[a]ve[] the jury a more complete understanding" of an omission on the defendants' bankruptcy petition. *United States v. McAllister*, 693 F.3d 572, 585 (6th Cir. 2012) (setting forth four determinations that a "district court *must*" make "[i]n ruling on a Rule 106 request to supplement a statement"). The court affirmed because "the statements in the audio recording did not contradict the information contained in the [admitted] petition." *Id.* The Sixth Circuit similarly affirmed where the United States admitted portions of a defendant's jail calls, and the district court denied the defendant's motion to admit the remainder of the calls. *Donnell*, 2022 WL 10219848, at *4. There again, the ruling was based on the defendant having "failed to explain how the admitted portions

2

of the jail calls were misleading," or "how [this] could be cured by admitting the calls in their entirety." *Id.*

In the case here, the United States provided Defendants a list of 39 clips that it intends to admit. Defendant Gallagher was only able to identify ten that he believed were subject to additions under Rule 106. He proposed these additions on January 8, 2024. The United States responded the same day that it would make changes to half this set—clips #2, #4, #5, #9, and #10—based on Defendant Gallagher's request. Defendant Gallagher subsequently announced in his motion that he was withdrawing or striking his request to two others, clips #3, and #7, Gallagher Motion at 4, 9. His motion is thus premised on a combination of the set to which the United States has agreed to make changes—clips #4, #5, and #9—and three of the clips as to which the United States did not agree to make changes—#1, #6, and #8. Defendant Vaughn's, meanwhile, only identified one clip as potentially subject to additions under Rule 106 and proposes two additions.

The requests should be denied because neither Defendant even engages with, let alone puts forth additions that satisfy the requirements of Rule 106 set forth in *McAllister*. At no point do they explain how the clips the United States intends to admit are misleading or how their additions could somehow cure it. Defendants' arguments are largely that adding the footage Defendants request "more accurately depicts for the jury the events of March 5, 2021." Gallagher Motion at 2-3; *see* Vaughn Motion at 4 (requesting additions to provide the jury a "complete depiction"). However, as explained, even if one assumes that the Defendants are correct (and they are not), the fact that a recording or other statement gives the jury a more complete understanding of what has already been admitted is not enough under Rule 106. *See McAllister*, 693 F.3d at 585. Defendants' additions thus amount to self-serving hearsay for which Rule 106 is not a vehicle.

3

### A. The additions proposed by Chester Gallagher do not correct a misleading impression.

*Video Request #1.* Defendant Gallagher wants to add a segment that includes his statement that the defendants were "peacefully, non-violently, no[t] damage[ing] . . . property, no[t] injur[ing] others, [and] trying to interpose," solely on the basis that it "more accurately depicts what the defendants are doing when asked to vacate the building." Gallagher Motion at 4. As explained, this explanation is not enough under Rule 106. *See McAllister*, 693 F.3d at 584. Nor is the proposed addition necessary, given that nowhere in what the United States seeks to present (nor anywhere in its case in chief) is it implied that Defendants were violent. To the contrary, as has been stated, including to Defendants, the United States is not proceeding on a theory of violence, and intends to elicit the nonviolent nature of Defendants' conduct. Defendant Gallagher, like any other defendant, can present his own version of this evidence if he so chooses. That the United States does not present his version for him is not a Rule 106 problem.

*Video Requests #4, #5, and #6.* Defendant Gallagher proposes adding a few segments in which he says he "explains [Defendants'] actions as a rescue with worship," "what [t]he defense maintains [is] the goal of a rescue," and "reminder of why the group is there." *Id.* at 5-6, 8-9. As the Court can see from the unhighlighted portions of what is shown in Defendant Gallagher's motion, the United States intends to admit Defendant Gallagher's statement about what the Defendants are doing and his turning the camera around to show that what he is saying is in fact what is happening. *See id.* at 5-6. Defendant Gallagher does not say what is corrective about his statement as to *why* this is being done, and that is fatal to his request under Rule 106. *See Donnell*, 2022 WL 10219848, at *4. Moreover, included in Defendant Gallagher's proposed additions is a statement that Defendants are "risking going to prison." *Id.* at 7-8. These additions should be precluded for the added reason that they include a statement of potential penalties that should not

4

be presented to the jury. *See United States v. Gallagher, et al.*, No. 3:22-CR-00327, 2024 WL 71705, at *4 (M.D. Tenn. Jan. 5, 2024) (explaining that "when a jury has no sentencing function, it should be admonished to reach its verdict without regard to what sentence might be imposed or to any other "possible consequences of the verdict" (internal quotation marks omitted)). If Defendant Gallagher wants to inform the jury in his own words of the motivations and objectives of the various individuals shown, including himself, he can tell them himself subject, of course, to the Court's rulings to date.

*Video Request #6.* Defendant Gallagher proposed a segment of video that he says "confirm[s] that [a patient] voluntarily left." Gallagher Motion at 8-9. Yet, as the Court can also see in the unhighlighted portions of what is included in Defendant Gallagher's motion, what the Government intends to admit shows the entire sequence of the patient being escorted down the hall, her responses to Defendants telling her she's leading a baby in to be murdered, and her ultimately giving up on her efforts to obtain reproductive healthcare and saying "I'm not going in; this is too much. This even makes me uncomfortable." *Id.* at 7-8. Defendants argue but do not explain how someone asking whether the patient left "underscores the woman's voluntary decision to leave." That is because there is nothing misleading about what the United States intends to show.

*Video Request #8 and #9.* Defendant Gallagher proposes adding a few segments for the purpose of "provid[ing] the jury . . . a more accurate depiction of who was doing what and how peacefully organized their actions were," *id.* at 10, 12 (requesting additions because statements show "how orderly the defendants were," and "defendants were acting responsibly and with parental consent as to the juveniles"), or showing Caroline Davis' once "zealous participation in th[e] rescue," *id.* at 13. As explained above, this is simply not enough under Rule 106. *See*

5

*McAllister*, 693 F.3d at 584. Defendant Gallagher must explain how this contradicts what is shown in the segment that the United States intends to admit in order to have it admitted under Rule 106. He does not because he can't, for the reasons outlined in our response to Defendant Gallagher's Video Request #1. Moreover, the clips that the United States intends to show, including the very clip at issue here, show Ms. Davis actively and zealously participating in the charged conspiracy.

    **B. The additions proposed by Defendant Paul Vaughn do not correct a misleading impression.**

Like Defendant Gallagher, Defendant Vaughn proposes adding segments that would include two sets of his statements because one explains "why Defendants were [at the clinic] that day," and the other "complete[s his] answers." Vaughn Motion at 3-4. The problem, once again, is that none of the additions correct any misleading impression left by what the United States intends to admit. The first clip by the United States includes a statement by Vaughn as to *what* Defendants had done—"came into the building and . . . sat down at the door peacefully and nonviolently." That Defendant Vaughn wants the jury to hear his theory on why this happened is not a Rule 106 concern. Again, defendants cannot use Rule 106 as an end-run around the hearsay rules. If Defendant Vaughn wants to explain his intent in engaging in the conduct depicted on video, defendant Vaughn will need to testify at trial consistent with the Court's rulings to date.

Similarly, the second clip identified by Defendant Vaughn includes a statement as to *where* Defendants were from—"all over," including "local[ly] here in Lebanon," "Virginia," "different parts of Wisconsin," and "some other states." *Id.* at 2. Defendant Vaughn's request to add his further statement about "local people" who were "out on the sidewalk regularly" would "complete [his] answer" to the question posed by the news reporter is also not a concern for Rule 106. This too is not a concern for Rule 106, absent a showing that *not* including it would leave the jury with

a misleading impression. This showing cannot be made here because the impression the jury is left—that Defendants are from all over—is complete and accurate.

## II. The Statement Identified by Defendant Coleman Boyd is Relevant and Probative.

Defendant Boyd requests that the Court omit the portion of his video as prejudicial and "not relevant to any issue in the trial of this matter." Boyd Motion at 1. However, the statement is relevant to the issues of the help Mr. Boyd rendered to other Defendants in intimidating or interfering with patients seeking reproductive healthcare, to his encouragement of others to carry out this conduct, and his intent to do both. And, to the extent the Defendant maintains it is prejudicial, it is prejudicial for the very reason it is probative: it shows Defendant Boyd describing a patient as "a mom coming to kill her baby" in the midst of her seeking reproductive health services and within earshot of her, earshot of his children, and to his viewers. *E.g.*, *United States v. Bonds*, 12 F.3d 540, 574 n. 30 (6th Cir. 1993) ("Relevant evidence is inherently prejudicial"). It is even more significant because it is a statement *by* Defendant Boyd who is differently situated than other Defendants in that he did not personally blockade any doors and left sooner than the other Defendants.

## CONCLUSION

For these reasons, the United States requests that the Court deny Defendants' motions to admit additional video clips and transcripts reflecting statements by Defendants Chester Gallagher and Paul Vaughn, and to exclude from the United States' clips Defendant Boyd's statement that "So what you got here is a mom who is coming to kill her baby."

Respectfully submitted,

HENRY C. LEVENTIS  
United States Attorney  
Middle District of Tennessee

*s/Amanda J. Klopf*
AMANDA J. KLOPF
Assistant United States Attorney
791 Church St, Suite 3300
Nashville, Tennessee 37203
Phone: 615-736-5151

KRISTEN M. CLARKE
Assistant Attorney General
Civil Rights Division

*s/Kyle Boynton*
KYLE BOYNTON
Trial Attorney
950 Pennsylvania Ave. NW
Washington, DC 20530
Phone: 202-598-0449
Kyle.Boynton@usdoj.gov

*s/Wilfred T. Beaye, Jr.*
WILFRED T. BEAYE, JR.
Trial Attorney
950 Pennsylvania Ave. NW
Washington, DC 20530
Phone: 771-333-1681
Wilfred.Beaye@usdoj.gov

# CERTIFICATE OF THE SERVICE

      I certify that a true and correct copy of the foregoing was filed electronically and served electronically, via the CM/ECF electronically filing system on this 10th day of January, 2024, upon the following:

**JODIE A. BELL**
Law Office of Jodie A. Bell
Washington Square Building 214 Second Avenue North Suite 208
Nashville, TN 37201
USA
jodie@attorneyjodiebell.com
(615) 953-4977

*Attorney for Defendant Chester Gallagher*

**WILLIAM J. CONWAY**
William J. Conway, Esq. P.C.
214 Second Avenue North, Suite 208
Nashville, TN 37201
wjconway@gmail.com
(615) 260-5364

*Attorney for Defendant Heather Idoni*

**LARRY LAMONT CRAIN**
5214 Maryland Way
Suite 402
Brentwood, TN 37207
(615) 376-2600
larry@crainlaw.legal

**STEPHEN M. CRAMPTON**
Thomas More Society
P.O. Box 4506
Tupelo, MS 38803
scrampton@thomasmoresociety.org
662-255-9439

*Attorneys for Defendant Paul Vaughn*

**G. KERRY HAYMAKER**
Haymaker & Heroux, P.C.
545 Mainstream Drive
Suite 420
Nashville, TN 37228
haymaker@tennesseedefense.com
(615) 250-0050

**STEVE C. THORNTON, I**
Steve Thornton Attorney Law Office
P.O. Box 16465
Jackson, MS 39236
USA
mail@lawlives.com
(601) 982-0313

*Attorneys for Defendant Coleman Boyd*

**MANUEL B. RUSS**
340 21st Avenue North
Nashville, TN 37203
(615) 329-1919
russben@gmail.com

**JOHN R. MANSON**
3112 Carrington Court
Nashville, TN 37218
USA
jmanson@lewisthomason.com
615-259-1366

*Attorneys for Defendant Dennis Green*

9

**ROBERT LYNN PARRIS**
208 3rd Avenue North Ste 300
Nashville, TN 37201
rlp@robertparrisattorney.com
(901) 490-8026

**DAVID I. KOMISAR**
Law Office of David I. Komisar
208 Third Avenue North, Suite 300
Nashville, TN 327201
david@komisarlaw.net
615-256-3330

*Attorneys for Defendant Calvin Zastrow*

                                                s/ *Wilfred T. Beaye, Jr.*
                                                WILFRED T. BEAYE, JR.
                                                Trial Attorney

10

Case 3:22-cr-00327   Document 469   Filed 01/10/24   Page 10 of 10 PageID #: 2200