IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 3:22-cr-00327 |
| v. | ) | |
| | ) | |
| | ) | Hon. Aleta Trauger |
| [1] CHESTER GALLAGHER | ) | |
| [2] HEATHER IDONI | ) | |
| [3] CALVIN ZASTROW | ) | |
| [4] COLEMAN BOYD | ) | |
| [6] PAUL VAUGHN | ) | |
| [7] DENNIS GREEN | ) | |

## **OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE "EXHIBIT 15"**

The United States of America, by and through the undersigned counsel, hereby submits the following response in opposition to Defendant Heather Idoni's Motion to Exclude Exhibit 15 as Prejudicial Evidence. The statement by Defendant Idoni in Exhibit 15 is directly relevant to the charged offense, as it reflects her understanding of a critical term in the case—"rescue"—and admits what she and her co-conspirators did in this case. The statement by Defendant Idoni follows a post by the Facebook account registered to Defendant Coleman Boyd about the blockade at the clinic on March 5, 2021, titled "What Really Happened in Mount Juliet?" A user responds to the post asking, "Was this a red rose rescue?" Exhibit 15 reflects a portion of Defendant Idoni's answer to that question. In this portion, Defendant Idoni describes the type of "rescue" that took place at the clinic on March 5, 2021, and how the actions there were different than what is done in a Red Rose Rescue, stating:

> This was not a Red Rose Rescue . . . . We did not enter the waiting room, as in a traditional RRR. And RRR does not typically ever block entrances. The entrances inside the hallway were blocked and no moms had entered the waiting room during the time of peaceful interposition, which lasted over 2 hours.

1

The defense claims that Defendant Idoni "[c]learly . . . refer[s] to other 'rescues' or the Red Rose Rescue," and thereby implicates the Court's Rule 404(b) ruling. Heather Idoni Motion at 2, ECF No. 490. Rule 404(b) has no bearing on the admissibility of this evidence, however. Contrary to the motion, nothing in Idoni's statement indicates that she or any other Defendant ever participated in a Red Rose Rescue or any other rescue. *See* Idoni Motion at 2 (mischaracterizing Idoni as referring to "*the* Red Rose Rescue"). It is clear from the face of the statement that Defendant Idoni is describing Red Rose Rescues in general and how what she and her co-conspirators did in this case differed, *i.e.*, that "[t]his was not *a* Red Rose Rescue," and "[w]e did not enter the waiting room, as in *a* traditional [Red Rose Rescue]." Exhibit 15, ECF No. 490-1 (emphases added). That distinction, coupled with Ms. Idoni's further admissions that "[t]he entrances inside the hallway [at Carafem] were blocked and no moms had entered the waiting room" set this statement apart from Court's ruling on Rule 404(b) testimony by another witness "about three additional blockades . . . over a 17-month period in three different places (but not Mt. Juliet)." *See* Order Granting Motion to Exclude 404(b) at 3-4, ECF No. 352. Put succinctly, this is not evidence of a prior act that will be used to show propensity—it is a statement by a defendant in this case about what she and her co-conspirators did in this case. Defendant Idoni's motion should be denied accordingly.

Respectfully submitted,

HENRY C. LEVENTIS
United States Attorney
Middle District of Tennessee

*s/Amanda J. Klopf*
AMANDA J. KLOPF
Assistant United States Attorney
791 Church St, Suite 3300
Nashville, Tennessee 37203
Phone: 615-736-5151

KRISTEN M. CLARKE
Assistant Attorney General
Civil Rights Division

*s/Kyle Boynton*
KYLE BOYNTON
Trial Attorney
950 Pennsylvania Ave. NW
Washington, DC 20530
Phone: 202-598-0449
Kyle.Boynton@usdoj.gov

*s/Wilfred T. Beaye, Jr.*
WILFRED T. BEAYE, JR.
Trial Attorney
950 Pennsylvania Ave. NW
Washington, DC 20530
Phone: 771-333-1681
Wilfred.Beaye@usdoj.gov

# CERTIFICATE OF THE SERVICE

      I certify that a true and correct copy of the foregoing was filed electronically and served electronically, via the CM/ECF electronically filing system on this 23rd day of January, 2024, upon the following:

**JODIE A. BELL**
Law Office of Jodie A. Bell
Washington Square Building 214 Second Avenue North Suite 208
Nashville, TN 37201
USA
jodie@attorneyjodiebell.com
(615) 953-4977

*Attorney for Defendant Chester Gallagher*

**WILLIAM J. CONWAY**
William J. Conway, Esq. P.C.
214 Second Avenue North, Suite 208
Nashville, TN 37201
wjconway@gmail.com
(615) 260-5364

*Attorney for Defendant Heather Idoni*

**LARRY LAMONT CRAIN**
5214 Maryland Way
Suite 402
Brentwood, TN 37207
(615) 376-2600
larry@crainlaw.legal

**STEPHEN M. CRAMPTON**
Thomas More Society
P.O. Box 4506
Tupelo, MS 38803
scrampton@thomasmoresociety.org
662-255-9439

*Attorneys for Defendant Paul Vaughn*

**G. KERRY HAYMAKER**
Haymaker & Heroux, P.C.
545 Mainstream Drive
Suite 420
Nashville, TN 37228
haymaker@tennesseedefense.com
(615) 250-0050

**STEVE C. THORNTON, I**
Steve Thornton Attorney Law Office
P.O. Box 16465
Jackson, MS 39236
USA
mail@lawlives.com
(601) 982-0313

*Attorneys for Defendant Coleman Boyd*

**MANUEL B. RUSS**
340 21st Avenue North
Nashville, TN 37203
(615) 329-1919
russben@gmail.com

**JOHN R. MANSON**
3112 Carrington Court
Nashville, TN 37218
USA
jmanson@lewisthomason.com
615-259-1366

*Attorneys for Defendant Dennis Green*

**ROBERT LYNN PARRIS**
208 3rd Avenue North Ste 300
Nashville, TN 37201
rlp@robertparrisattorney.com
(901) 490-8026

**DAVID I. KOMISAR**
Law Office of David I. Komisar
208 Third Avenue North, Suite 300
Nashville, TN 327201
david@komisarlaw.net
615-256-3330

*Attorneys for Defendant Calvin Zastrow*

                                            s/ *Wilfred T. Beaye, Jr.*
                                            WILFRED T. BEAYE, JR.
                                            Trial Attorney