UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | No. 3:22-cr-00327-2 |
| v. ) | Judge Trauger |
| ) | |
| HEATHER IDONI ) | |

**<u>SENTENCING MEMORANDUM ON BEHALF OF THE UNITED STATES</u>**

COMES NOW the United States of America, by and through the undersigned counsel, and submits this sentencing memorandum with respect to Defendant Heather Idoni.

On January 30, 2024, a jury convicted the Defendant of violating 18 U.S.C. § 241 (Conspiracy Against Rights) and § 248 (Freedom of Access to Clinic Entrances, or FACE, Act) for her role in blockading and conspiring with others to blockade the entrance to the carafem health clinic in Mt. Juliet, Tennessee. As the evidence at trial established, the Defendant helped organized the blockade, which lasted almost three hours and prevented patients from obtaining needed health services. The statutory maximum sentence for this defendant for the § 241 count is 10 years of imprisonment and 3 years of supervised release, *see* 18 U.S.C. §§ 241, 3583, and for the § 248 count is 6 months of imprisonment and one year of supervised release, *see* 18 U.S.C. §§ 248, 3583.

The Presentence Investigation Report (PSR) prepared for the Defendant correctly applies the management adjustment and vulnerable victim enhancement to reach a total offense level of 17. With this defendant's criminal history category of III the corresponding Guidelines range is 30-37 months of imprisonment. (PSR ¶ 70.) Probation has recommended a sentence of 19 months on Count 1 and 6 months on Count 2, to run concurrently, followed by one year of supervised release. If not for the sentencing disparity this would create with other defendants in this case, the

1

government would submit that the recommended term of imprisonment of 19 months is sufficient but not greater than necessary to satisfy the objectives of sentencing. However, recognizing that a disparity would result given the downward variance the District Court applied to at least one other more culpable defendant to date, the government believes that the Court should sentence the Defendant to **eight months of imprisonment** on Count 1 and six months on Count 2, to run concurrently to each other but consecutive to Defendant's sentence in *United States v. Handy*, 22-cr-00096-CKK (D.D.C. May 15, 2024).[1]

However, based on several factors, including the Defendant's management role in this case and history of arrests (including three convictions in three separate jurisdictions) arising from similar unlawful conduct designed to impede the provision of reproductive health services, the government recommends that this Court impose three years of supervised release.

## APPLICABILITY OF THE SENTENCING FACTORS IN 18 U.S.C. § 3553(a)

Once a court has determined the applicable Guidelines range, including any applicable departures, Section 3553(a) directs the Court to consider the sentence in light of several factors, including: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; and (3) the need for adequate deterrence of criminal conduct and the protection of the public. 18 U.S.C. § 3553(a). Section 3553(a) then

---

[1] Section 5G1.3 of the U.S. Sentencing Guidelines does not require this Court to impose a sentence that is concurrent to the Defendant's sentence in *Handy* because the instant offense occurred prior to sentencing in *Handy*; the criminal activity for which the Defendant was convicted in *Handy* was an entirely separate federal offense and thus does not constitute relevant conduct for the instant offense; and the Government does not anticipate a state term of imprisonment on state charges. *See* U.S.S.G. §§ 5G1.3(a)-(c).

requires the Court to impose a sentence sufficient, but not greater than necessary, to comply with these purposes. *United States v. Blackwell*, 459 F.3d 739, 773 (6th Cir. 2006).

   I.  **The Nature and Circumstances of the Offense and Characteristics of the Defendant**

The first § 3553(a) factor courts consider is the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The Offense Conduct section of the Defendant's PSR accurately reflects the evidence presented at trial. (PSR ¶¶ 7-20.) The Defendant organized and participated in the blockade of a reproductive health clinic in Mt. Juliet, Tennessee, for almost three hours on March 5, 2021. She and her co-defendants came prepared for a blockade with a pre-printed flyer that was titled "what really happened today in Mount Juliet? Police arrested peaceful, obedient Christians!" The flyer concluded with an email "wearerescuers@gmail.com," an email address created by and registered to co-defendant and co-conspirator Chester Gallagher.

   The clinic had two access points: the main entrance for patients, and a second entrance that could only be accessed by employees. The Defendant arrived on the hallway outside the clinic with a large group at the beginning of the blockade. The Defendant joined with other co-conspirators to block the main entrance to the clinic. The Defendant remained in place even after law enforcement arrived and repeatedly ordered that she and her coconspirators disperse. The Defendant ultimately refused to leave the hallway without being arrested.

The Government views the Defendant's role as a managerial one. The evidence established that she recruited and was responsible for organizing others for the purpose of carrying out this blockade. Weeks before the blockade, the Defendant and her co-defendant and co-conspirator Chester Gallagher used Facebook, a social media platform, to coordinate logistics and travel so that others could travel to Tennessee to participate in the blockade. She arranged housing for those

3

traveling from out of state and arranged a place for a meeting to discuss the logistics of the planned blockade. She and co-defendant Gallagher also used Facebook to identify blockaders willing to risk arrest.

The Defendant and her co-conspirators' calculated and coordinated effort to commit a criminal offense did not just disrupt the reproductive health clinic. The entire medical pavilion was affected, most notably the other medical offices on the same floor as the clinic, including an orthodontist's office. The Court should consider the harmful effect the Defendant's crimes had on patients traveling to the pavilion for the many other medical services offered there.

The requested sentence of eight months accounts for the Defendant's role as a manager and the Defendant's criminal history. It also accounts for the Defendant's prior good works involving adoption as a mitigator, including her adoption of 10 children from Ukraine. At the same time, the requested sentence reflects a recognition that the blockade will have lasting impacts on Patient A, Employee A, and other clinic staff. That the Defendant is among those who recruited and was responsible for organizing others and was involved in preventing victims from accessing healthcare or their place of work, supports an 8-month sentence of imprisonment.

II. **Seriousness of the Offense, Promotion of Respect for the Law, and a Just Punishment**

A sentence of eight months is warranted here. Section 3553(a) directs the sentencing court to consider the need for the sentence "to reflect the seriousness of the offense, promote respect for the law, and to provide for a just punishment." 18 U.S.C. § 3553(a)(2)(A). The offense here was borne out of the Defendant's lack of respect for the law; indeed, she helped identify others who would defy the law and risk getting arrested. It was flagrant, recorded, and livestreamed over the internet to train and encourage others to carry out their own unlawful blockades. It was traumatic for the patients and employees, two of whom testified at trial to the fear and anxiety they felt during

and after encountering the blockaders. And although the criminal conduct was non-violent, there were moments where there was a risk of violence. As Corporal Schneider testified, he did use force against blockaders and was prepared to use more force to get a woman he believed to be a patient into the clinic. The Defendant's actions, and those of her fellow blockaders, raised the risk of violence in the hallway of a medical facility on a floor not just occupied by the reproductive health clinic but by other unrelated medical offices. A just punishment must include an active term of incarceration commensurate with the felony conduct for which the Defendant has been convicted, felony conduct that had real effects on its victims.

### III. Deterrence and Protection of the Public from Further Crimes

A sentence of eight months' imprisonment also represents the minimum sentence necessary to afford adequate deterrence. Protecting the public and deterring additional criminal conduct is another factor that courts are directed to consider under Section 3553(a)(2)(B)-(C); *see also United States v. Raphael*, No. 21-3898, 2023 WL 2787191, at *3 (6th Cir. Apr. 5, 2023) (vacating and remanding for resentencing where district court did not make specific findings related to general deterrence). The Court should consider the Defendant's pattern of criminal conduct. The PSR details a history of arrests arising from unlawful conduct designed to infringe on or impede reproductive health services. (PSR ¶¶ 37-41.) Additionally, two separate juries, one in Michigan and one in the District of Columbia, recently convicted the Defendant of the exact same offenses charged here, *i.e.*, a felony conspiracy against rights and a FACE Act offense, for conducting similar blockades at three reproductive health clinics in Sterling Heights, Michigan, Saginaw, Michigan, and Washington, D.C. There is a clear need for a sentence in this case to specifically deter the Defendant from engaging in future unlawful conduct.

In addition to the consideration of individual deterrence, Section 3553(a) requires that the sentence reflect the need to promote the goal of general deterrence. *See, e.g., United States v. Raphael*, No. 21-3898, 2023 WL 2787191, at *3 (6th Cir. Apr. 5, 2023) (vacating and remanding for resentencing where district court did not make specific findings related to general deterrence). Here, the Defendant recruited others to join the blockade and planned the logistics for those co-conspirators. Her recent conspiracy convictions in Michigan and the District of Columbia further support the need to deter others from joining her in this kind of criminal conduct. The sentence for this Defendant should send a clear message not just to her but to others who might follow her lead that they must only act on their views through the many lawful and constitutionally protected means that are available to all.

This factor also strongly favors the government's request for three years of supervised release. Part of the reason the government is asking the Court to issue a below-Guidelines sentence is that the government believes that a three-year term of supervised release is an essential means of ensuring this Defendant's future compliance with the law.

### IV. Issues with the Sentence, Policy Considerations, Restitution, Sentencing Disparity

The remainder of the factors described in 18 U.S.C. § 3553(a) are concerned with the kinds of sentences available to the court, the category of offense, any amendments to the guidelines, any pertinent policy statements by the U.S.S.G., and a need for unwanted sentencing disparities and restitution. The United States submits that the recommended sentence is below the statutory maximum for these offenses and that there are no amendments to the Guidelines or relevant federal statutes that apply to this Defendant. The United States notes that this sentence is not pursuant to a violation of probation or supervised release. The United States is unaware of any pertinent policy statements concerning this Defendant's charged conduct. The United States has complied with the

requirements of the Crime Victims' Rights Act but has not yet obtained information supporting a restitution request in this case. The United States has complied with the requirements of the Crime Victims' Rights Act and asks the Court to take judicial notice of the statement of the reproductive health clinic, read into the record during the sentencing of defendant Paul Vaughn on July 2, 2024, and the statement of a patient of the clinic, read into the record during the sentencing of defendant Calvin Zastrow on July 3, 2024.

The government's final sentencing recommendation accounts for the Defendant's relative responsibility and culpability compared with the other defendants convicted in this case. The seriousness of the offense, the aggravating factors specific to the Defendant, and the need for deterrence support a longer term of incarceration. However, the government recognizes that, in light of the significant downward variances applied to her co-defendants, such a sentence could result in an unwarranted sentencing disparity within the case. The four felony defendants who have been sentenced so far have received sentences of five years of probation with six months on home detention and a fine of $10,000 (defendant Coleman Boyd), time served followed by three years of supervised release with six months on home detention (defendants Dennis Green and Paul Vaughn), and six months of incarceration followed by three years of supervised release with six months on home detention (Calvin Zastrow). A sentence of eight months' imprisonment reflects the Defendant's relative responsibility as a manager of the blockade, her culpability for her actions during the blockade in this case, her history of disrespecting the law, and the need to deter her and others from future misconduct and to protect the public.

## CONCLUSION

WHEREFORE, based upon the factors set forth in Section 3553(a), the United States respectfully requests this Court sentence the Defendant to eight months of imprisonment on Count

7

Case 3:22-cr-00327   Document 762   Filed 09/27/24   Page 7 of 9 PageID #: 6826

1 and six months of imprisonment on Count 2 to run concurrently with each other but consecutively to her other sentences for convictions in other districts, three years of supervised release, and no fine.

Respectfully submitted,

HENRY C. LEVENTIS
United States Attorney
Middle District of Tennessee

*s/Nani Gilkerson*
NANI GILKERSON
Assistant United States Attorney
791 Church St, Suite 3300
Nashville, Tennessee 37203
Phone: 615-401-6624

KRISTEN M. CLARKE
Assistant Attorney General
Civil Rights Division

*s/Kyle Boynton*
KYLE BOYNTON
Trial Attorney
950 Pennsylvania Ave. NW
Washington, DC 20530
Phone: 202-598-0449
Kyle.Boynton@usdoj.gov

*s/Wilfred T. Beaye, Jr.*
WILFRED T. BEAYE, JR.
Trial Attorney
950 Pennsylvania Ave. NW
Washington, DC 20530
Phone: 771-333-1681
Wilfred.Beaye@usdoj.gov

**CERTIFICATE OF SERVICE**

      I certify that a true and correct copy of the foregoing will be served electronically to counsel for defendant, via the Court's Electronic Case Filing System, on September 24, 2024.

                                          *s/ Wilfred T. Beaye, Jr.*
                                          WILFRED T. BEAYE, JR.
                                          Trial Attorney